# SETTLEMENT AND FULL WAIVER AND RELEASE

This "Settlement and Full Waiver and Release" ("The Settlement"), is entered into by the individuals and/or entities which are identified as signatories below. The signature of each individual and/or representative of each respective entity represents the explicit agreement to all terms set forth herein as follows:

## I.
### Parties and Purpose of Representation

The parties to The Settlement are as follows: the law firm of Labaton Sucharow, LLP ("Labaton") and the client of S. George Alfonso and The Law Offices of S. George Alfonso, Gérard Sillam ("Sillam"), Maitre Bertrand Jeanne ès qualité de liquidateur de Gérard Sillam (Sillam's bankruptcy trustee) ("Jeanne"), and his respective counsel-in-interest with power of attorney to act on his behalf, Maitre Aldric Saulnier, with all individuals and/or entities to The Settlement collectively referred to herein as "The Parties".[1]

## II.
### Terms of Payment as Required by The Settlement

The Parties hereby acknowledge, understand and agree to the following terms of payments and assignment of interests in consideration for the full and final release and waiver provided herein.

### A.
### Wire Transfer of Cash Payments by Labaton

Labaton acknowledges, understands and agrees that the payment agreed to and required as set forth in The Settlement are to be made by wire transfer, with all wire costs paid by Labaton, to the "Attorney-Client Trust Account" ("IOLTA") of The Law Offices of S. George Alfonso at Chase Bank as set forth below:

**Chase Bank IOLTA Account Information for Wiring Funds**
The Law Offices of S. George Alfonso

**IOLTA Account No.**
1380360097

**IOLTA Routing No.**
111000614

**SWIFT CODE**
**(For International Wire Transfers)**
CHASUS33

---

[1]. Prior to the execution of The Settlement, Labaton was provided with a copy of the letter by Maitre Saulnier S. George Alfonso confirminged that he (Saulnier) had been retained by Sillam's bankruptcy trustee, Jeanne, and as such, has and maintains the legal authority to sign any document on behalf of Jeanne in this matter. Counsel for Labaton agreed to receive and review this letter from Maitre Saulnier in the capacity of attorney eyes only and after review – permanently delete the letter without printing or making any copies.

## III.
## Purpose of The Settlement

The Parties acknowledge, understand and agree that the purpose of The Settlement is to effectuate a resolution and complete settlement of all claims and potential claims which may exist by virtue of Sillam's consulting contract with Labaton, as well as any and all other claims or potential claims Sillam has asserted or could have asserted against Labaton. The Parties acknowledge, understand and agree that the execution of The Settlement coupled with the completion and satisfaction of all designated and describe subsequent conditions, acts and undertakings shall result in the consummation of The Settlement.

### A.
### Basis of The Settlement

As a contractually retained consultant of Labaton, Sillam has alleged substantial economic damages as a result of the alleged conduct, acts and/or omissions of Labaton. In consideration for The Settlement and mutual release as set forth herein, Labaton has agreed to pay Sillam the sum certain as set forth herein, in order to effectuate the complete settlement and termination of any professional relationship and all obligations, rights and/or duties between The Parties, as well as to resolve all claims and potential claims by Sillam against Labaton or any of its attorneys for, in particular, Sillam's asserted right to life-time employ under his consulting agreement with Labaton and claimed injuries to Sillam's claims processing business and business prospects..

### B.
### Effects of The Settlement

The Parties acknowledge, understand and agree that consummation of The Settlement shall evidence The Parties mutual and joint release of one another as to any and all known and unknown claims to which either Party could bring and/or file against the other in any jurisdiction in the world.

#### 1.
#### Termination of All Relations Between The Parties

The Parties acknowledge, understand and agree that consummation of The Settlement shall evidence and confirm the complete and total severing and termination of any professional relationship and all obligations, rights and/or duties between The Parties except those expressly assumed under this Settlement Agreement.

#### 2.
#### Acknowledgment of Sillam Claims Processing and Other Business Opportunities

Sillam, presently has and intends to maintain two claims processing companies, one in the U.S., First International Claims Filing, Inc., and one in Europe, EU Claims Filing Limited ("The Sillam Companies") and may in the future undertake other business endeavors in the U.S., Europe or elsewhere in the world.

The Parties acknowledge, understand and agree that, only insofar as an example, the Settlement and the complete termination of any professional relationship and all obligations, rights and/or duties between The Parties includes but is not limited to Sillam's right to continue to proceed with operating and the promotion of The Sillam Companies (and any other future business interests) with any individual(s) and/or entity(ies) in the world.

a.
### Prohibition Against Solicitation or Undertaking of Claims Processing/Filing for Credit Agricole

Labaton acknowledges and understands that The Sillam Companies currently conduct claim processing or claims filing efforts on behalf of Credit Agricole and/or one or more parent, subsidiary, agent or wholly or partially owned subsidiary of Credit Agricole. Neeither Labaton, nor any parent subsidiary, agent or wholly or partially owned subsidiary of Labaton shall in any way solicit or undertake either directly or indirectly, any drafting, filing or assistance of claims processing or filing efforts on behalf of or for Credit Agricole or any parent, subsidiary, agent or wholly or partially owned subsidiary of Credit Agricole, for five years from the date of the execution of The Settlement by The Parties. The Parties further acknowledge, understand and agree that this agreed-upon prohibition regarding claims filing applies only to and exclusively to Credit Agricole and any parent, subsidiary, agent or wholly or partially owned subsidiary of Credit Agricole.

The Parties acknowledge, understand and agree that Labaton is at all times free to provide legal advice and/or legal representation to Credit Agricole and/or any parent, subsidiary, agent or wholly or partially owned subsidiary of Credit Agricole in any jurisdiction .

The Parties further acknowledge, understand and agree that Labaton is at all times free to undertake and provide assistance of any type regarding claims processing or claims filing on behalf of any company – exclusive of and with the sole exception of Credit Agricole and/or any parent subsidiary, agent or wholly or partially owned subsidiary of Credit Agricole in any jurisdiction.

## IV.
## Terms of The Settlement

Labaton acknowledges, understands and agrees that in consideration for the full and final Settlement and termination of any and all obligations (contractual and noncontractual), rights and/or duties to which Sillam could claim or allege as owed to him by Labaton, including but not limited to any and all claims or potential claims for damages, loss or injury of any kind, that Labaton shall issue a one-time payment to Sillam in the amount of $400,000.00 (four hundred thousand dollars) ("The Payment"), to be issued via wire transfer to the IOLTA of The Law Offices of S. George Alfonso at Chase Bank as set forth herein (The Wire Transfer").

### A.
### Terms of Wire Transfer and Release of The Settlement

The Parties hereby acknowledge, understand and agree that The Wire Transfer shall be completed within 24 hours of the signatures of the designated agent(s) and/or representative(s) of Labaton and Sillam to The Settlement.

#### 1.
#### Filing of Dismissal of French Litigation by Sillam

The Parties hereby acknowledge, understand and agree that within 24 hours of receipt by The Law Offices of S. George Alfonso of written confirmation of The Wire Transfer, Sillam shall undertake the necessary efforts to file the withdrawal of his filed complaint against Labaton with the requisite legal and/or government office in order to obtain "decision de classement sans suite" ("The Dismissal Document") regarding the presently pending Paris litigation brought by Sillam against Labaton. By execution of The Settlement – Sillam certifies that he has initiated no other legal matter (including any claim, petition or complaint with any agency or body) against or involving Labaton anywhere in the world.

### Delivery of Copy of Dismissal of Paris Litigation to Labaton

The Parties hereby acknowledge, understand and agree that upon filing of the Dismissal Document for the Paris litigation, a copy of said Document shall be delivered to Labaton by The Law Offices of S. George Alfonso via fax/over-night mail and/or electronic PDF. Labaton shall also promptly be provided with a copy of the Sillam complaint and any other filings (if any) in the Paris litigation.

### 3.
### Delivery of Labaton Documents by Sillam to Alfonso and Labaton

Within ten days following the full execution of The Settlement, Sillam shall deliver any and all documents (including all electronically stored information ("ESI")) in his possession, custody or control that relate in any way to Labaton or any of its attorneys ("The Labaton Documents") to his attorney S. George Alfonso. All remaining documents and electronic information (including e-mails) in the possession, custody, or control of Sillam relating to Labaton shall be deleted or destroyed by Sillam. As used in this paragraph the term ESI is intended to be construed broadly as defined in the Federal Rules of Civil Procedure. Alfonso shall make one copy of The Labaton Documents and promptly send the copy set of Labaton Documents to Labaton within thirty (30) days of the above-agreed-upon time frame or within five business days after Sillam receives The Dismissal Document of the French complaint as defined herein, which ever occurs later.

To the extent that any of the Labaton Documents are required to be held within France, as required by French law, such documents shall be returned to Sillam by S. George Alfonso which Sillam shall thereafter promptly deposit with a French Bailiff, the identity of which to be agreed-upon by Labaton and S. George Alfonso, with the express mission of keeping said documents confidential and sealed unless under government or court order to produce. It is understood that the documents deposited with said Bailiff shall not include any e-mail communication between Sillam and any Labaton attorney, which shall be maintained in the possession of Alfonso for the period prescribed herein.

The Parties acknowledge, understand and agree that while Sillam maintains a good-faith effort to provide and produce all of The Labaton Documents within the time frame set forth herein, due to the volume of communications, Sillam shall be afforded the right to supplement – per the terms set forth herein, any Labaton Document which he may discover after the delivery of The Labaton Documents in the required time period – and that any such supplementary delivery of Labaton Documents shall be done without subjecting Sillam to a claim of breach of the Settlement.

Sillam acknowledges that his failure to comply with this provision will cause Labaton irreparable harm and will constitute a material breach of The Settlement. Compliance with this provision of The Settlement is hereby affirmed by Sillam through his execution of this Settlement.

### a.
### Return of The Labaton Documents

Alfonso (and if applicable said designated French Bailiff) shall keep The Labaton Documents held strictly confidential, for a period of five years from the date of the consummation of The Settlement, at which time both sets (the copy held by Alfonso and any Labaton Documents held by the French Bailiff) shall be returned to Labaton and any remaining copies to be destroyed by S. George Alfonso.

### 4.
### Release of The Labaton Documents

Except for resolving in arbitration disputes that may arise between The Parties as set forth herein and in responding to any appropriate governmental, judicial or regulatory request (not initiated or brought about by any act of Sillam) The Labaton Documents may be used or disseminated for no other purpose by any party hereto or their attorneys and agents.

### 5.
### Release and Disbursement of The Settlement

The Parties hereby acknowledge, understand and agree that upon the confirmation of receipt of the Dismissal Document by Labaton, which evidences a final dismissal of any and all proceedings initiated by Sillam against Labaton and upon Labaton's receipt of the Labaton Documents in accordance with Article IV above, The Law Offices of S. George Alfonso shall be authorized to wire transfer The Payment, less legal fees, to the appropriate party as set forth in The Settlement.

#### a.
#### Wire Transfer of The Payment Satisfies Concludes The Settlement

The Parties hereby acknowledge, understand and agree that, subject to the ongoing prohibitions and agreed-upon actions and inactions of The Parties as specifically set forth herein, upon the occurrence of The Payment as defined herein, all professional relations between The Parties under The Settlement, shall have been concluded, and that Labaton, except as otherwise provided hereunder, has fully performed its financial obligations under this Settlement.

### 6.
### Settlement Void if No Court Order or Judicial Authority Dismissal Document Issued

The Parties acknowledge, understand and agree that in the event that no order or other official document, issued by the appropriate court or judicial authority, evidencing a final dismissal of any and all proceedings brought by Sillam against Labaton is produced by said court or appropriate judicial authority, that The Settlement is void and unenforceable between The Parties. In this event, all monies paid by Labaton under this Settlement shall be returned promptly.

## V.
## Mutually Agreed Terms

The Parties hereby acknowledge, understand and agree to the following obligations and duties as explicit obligations of The Settlement.

### A.
### Confidentiality and Non-Disparagement

The Parties agree to refrain from making disparaging remarks or comments, whether oral, written or otherwise, whether true or untrue, to third parties, including but not limited to French or US federal or state regulators, members of the French or US federal judiciary, or any professional legal Association or committee, about Gérard Sillam or Labaton or any of its partners or attorneys.

## 1.
## Confidentiality Obligations

The Parties hereto agree to keep this Settlement fully confidential. Except as within any properly initiated arbitration pursuant to The Settlement, the Parties will not disclose the existence of The Settlement nor its terms to any third party, unless under compulsion of court or government order. In the event either party intends to disclose such information in response to such an order they will, at least 14 days prior to the disclosure of such information, alert the other party by written notice of same so that the aggrieved party will have a reasonable opportunity to seek injunctive relief. The party intending to disclose the existence of The Settlement or any of its terms will support any application or motion to keep such information confidential.

### a.
### Non-Dissemination of E-Mails or Any Other Documents By The Parties

The Parties acknowledge, understand and agree that the confidentiality and non-disparagement duties and obligations as set forth in The Settlement include but are not limited to an agreement that neither party will, either personally or through any intermediary and/or third party agent, directly or indirectly, disseminate or cause to be disseminated or released any of the Labaton Documents including, but not limited to, all prior agreements between the Parties and all prior communications (including emails) between The Parties other than so authorized by an arbitral tribunal as set forth herein.

## B.
## Obligations and Duties of Sillam

Sillam acknowledges, understands and agrees to the following obligations and duties as explicit obligations of The Settlement.

### 1.
### Release and Waiver of Any and All Claims of Liability Against Labaton

By and through the execution and full consummation of The Settlement, Sillam, and any of his respective assigns, trustees or agents or any other party with claimed or actual authority to act on their behalf, both collectively and individually, hereby waive and fully and finally release any and all claims (as defined below in Article VIII) and/or potential claims that they now have or could possibly have either collectively or individually against Labaton or any of its attorneys for all the jurisdictions of the world, including without limitation, any lawsuits, the initiation of any regulatory or agency proceeding, arbitration (except arbitration to enforce the terms of The Settlement) petition or complaint with any professional organization, Bar Association or society anywhere in the world.

## C.
## Obligations and Duties of Labaton

Labaton acknowledges, understands and agrees to the following obligations and duties as explicit obligations of The Settlement.

1.
### Release Waiver of Any and All Claims of Liability Against Sillam

Labaton, and all of its attorneys, respective assigns, employees, trustees or agents or any other party with claimed or actual authority to act on Labaton's behalf, collectively and individually, hereby waive and fully and finally release any and all claims (as defined below in Article VIII) and/or potential claims that they now have or could possibly bring either collectively or individually against Sillam and/or counsel for Sillam, S. George Alfonso and The Law Offices of S. George Alfonso for all the jurisdictions of the world, including without limitation, any lawsuits, the initiation of any regulatory or agency proceeding, arbitration (except arbitration to enforce the terms of The Settlement) complaint with any professional organization, Bar Association or society anywhere in the world.

VI.
### Integration Clause and Settlement Limitations

The Parties hereby acknowledge, understand and agree that all terms of The Settlement are set forth herein, and that all promises, prior agreements or understandings (if any) shall be and are void if not specifically identified and set forth within The Settlement. The Parties further acknowledge, understand and agree that no modification, alteration, addition and/or deletion to The Settlement shall be valid unless it is in writing and executed by The Parties on the same signature page.

VII
### Representations and Warranties of The Parties

Each Party hereby represents and warrants to the other Party as follows:

A.
### Authority

It has the full power and authority to enter into The Settlement and perform its obligations hereunder. The execution and delivery of The Settlement and the consummation of the transactions contemplated hereby have been duly and validly authorized by the appropriate officials and no other actions or proceedings on its part are necessary to authorize The Settlement and the transactions contemplated hereby.

Sillam, Saulnier and Jeanne, (the "Alfonso Clients") all clients of S. George Alfonso, specifically agree that payment made by wire transfer provided to hereunder by Labaton to S. George Alfonso extinguishes Labaton's financial obligation under this Settlement; The Alfonso Clients further acknowledge and agree that Labaton will be held harmless and released from liability in connection with any claim by any Alfonso Client that the funds paid hereunder were handled inappropriately by anyone or paid in error to the wrong party.

1.
### Approvals of Each of the Parties

To the best of each Party's knowledge and belief, no approval, consent, waiver by, notice to, or filing or registration with, any governmental authority is required for the execution and delivery of that Party's obligations under The Settlement.

2.
### Disclaimer of other warranties

With the exception of the warranties listed above, neither party makes any warranties of any kind or nature whatsoever.

### 3.
### Good Faith

The Parties acknowledge, understand and agree that shall at all times, proceed to fulfill all obligations and duties required under The Settlement in Good Faith.

### 4.
### Assignment Clause

No Party to this Settlement may transfer, assign or otherwise dispose of all or any portion of his, her or its interests hereunder without written consent of all Parties. Any purported transfer, assignment or other disposition of an interest, other than by The Alfonso Clients to their counsel, S. George Alfonso, without such consent shall be void ab initio and shall not be binding. The Parties acknowledge, understand and agree that consent shall not be unreasonably withheld. Examples of such reasonable consent shall include the case of an assignment to a spouse, parent, descendant, partner and/or counsel as retained or designated by any Party or a trust for the benefit of any person described in this sentence or, as the case may be, to a parent corporation, a subsidiary corporation, a successor by merger, consolidation or reorganization or an entity under substantially common control with the assigning Party.

### VIII.
### Initiation of Arbitration Proceedings/Selection of Administrator

The Parties acknowledge, understand and agree that all claims that may arise between Labaton and Sillam shall be resolved, upon election or either Party, through binding arbitration pursuant to this Article VIII, rather than by litigation. As used in this Article VIII, the term "Claim" means any claim (including initial claims, counterclaims, cross-claims, and third party claims), dispute or controversy between Labaton or Sillam arising from or relating to The Settlement, any other related or prior agreement, or their prior professional relationship, whether based in contract, tort, statutes, regulations, or any other theory.

### A.
### Designated Body to Initiate and Oversee Arbitration and Venue

The Parties acknowledge, understand and agree that the exclusive venue and jurisdiction for a party to file any claim(s) in arbitration shall be through the International Chamber of Commerce ("ICC"), based in Paris, France, with any arbitration to be conducted in The Hague, Netherlands.

### 1.
### ICC as Controlling Authority

The Parties acknowledge, understand and agree that in the event of an inconsistency between the arbitration terms set forth in The Settlement and the governing rules for arbitration through the ICC, that the governing rules of the ICC shall control.

THE ARBITRATION PROVISIONS UNDER THIS SETTLEMENT AGREEMENT MEAN THAT NEITHER LABATON NOR SILLAM WILL HAVE THE RIGHT TO LITIGATE ANY CLAIM IN ANY COURT IN THE WORLD OR HAVE A JURY TRIAL ON THAT CLAIM, OR TO ENGAGE IN PRE-ARBITRATION DISCOVERY EXCEPT AS PROVIDED FOR IN THE RULES OR PROCEDURES OF THE ICC AS APPLICABLE.

## B.
## Agreed-Upon Procedure Regarding Dispute Resolution

The Parties acknowledge, understand and agree that the following terms, obligations and restrictions that shall apply to both Parties and control all dispute resolution and arbitration terms.

### 1.
### Cooling-Off Period: 45 Day Prohibition on Filing for Arbitration

The Parties acknowledge, understand and agree that in the event of any dispute, prior to filing for arbitration, the Party asserting the dispute and/or allegation shall contact the other Party in writing and by said written notice, shall invoke the agreed-upon "Cooling Off Period" of a forty-five (45) day prohibition of filing for arbitration, with said Cooling Off Period to commence upon the date of said notice letter. The Parties further acknowledge, understand and agree that during the Cooling Off Period, both Parties shall undertake efforts in good faith to fully resolve if possible (or at least partially resolve) any dispute or allegation which may exist or be brought by either Party.

#### a.
#### Extension of Cooling-Off Period: By Written Signed Letter Only

The Parties acknowledge, understand and agree that in order to extend the Cooling Off Period, representatives from The Parties with the authorized capacity to do so, must execute and date the same document, which shall therein clearly evidence The Parties mutual desire and agreement for an extension ("Extension Letter"), and that said Extension Letter shall only be valid and enforceable if executed on or before the last day of the designated Cooling Off Period.

##### i.
##### Additional Extension(s) of Cooling-Off Period: By Written Signed Letter Only

The Parties acknowledge, understand and agree that in order to extend any validly agreed-upon and executed Extension Letter deadline, representatives from The Parties with the authorized capacity to do so, must execute and date the same letter document, which shall therein clearly evidence The Parties mutual desire and agreement for an additional extension ("Additional Extension Letter"), and that said Additional Extension Letter shall only be valid if executed by both Parties on or before the last day of the valid Extension Letter's designated deadline.

## C.
## Agreed Upon Procedure for ICC Arbitration

The Parties acknowledge, understand and agree that in the event any claim is not settled during the Cooling Off Period and/or the Extension or Additional Extension Letter period that the Party with the claim or allegation may after the passing of said deadline – file for arbitration exclusively with the ICC.

### 1.
### Confidential Proceedings.

The Parties acknowledge, understand and agree with the following exceptions and procedure as set forth below. The Parties have agreed to conduct all arbitration Confidentiality "Confidential Arbitration" means that all arbitration related proceedings (and all documents used were produced in such arbitration), offers, promises, conduct, and statements, whether written or oral, made prior to or during arbitration, in the course of the negotiations, arbitrations, and proceedings to confirm arbitration awards by either Party, its agents, employees, experts or attorneys, or by the arbitrator, including any arbitration award or judgment related thereto, shall not be disclosed outside of such arbitration proceedings and are confidential and privileged, as well as inadmissible for any purpose, including

impeachment or estoppel, in any other litigation or proceeding involving any of the Parties or non-parties, provided that evidence that is otherwise admissible or discoverable will *not* be rendered inadmissible or non-discoverable as a result of its use in the negotiation, or arbitration.

### D.
### Equitable Relief

The arbitrator will have the power and authority to grant equitable relief (e.g., injunction, specific performance) and, cumulative with all other remedies, will grant specific performance whenever possible. The arbitrator will have no power or authority to alter The Settlement or any of its separate provisions, including this Section VII.

### E.
### Notification

All notices relating to this Settlement Agreement shall be in writing, sent by U.S. mail, postage pre-paid and by confirmed facsimile or email transmission, and shall be deemed effective when both versions have been received. All notices relating to this Settlement Agreement shall be made as follows:

Notices to Labaton:
Jonathan M. Plasse, Esq.
Labaton Sucharow LLP
140 Broadway
New York, NY 10005
Fax: (212) 883-7063

-and-

Christopher J. Keller, Esq.
Labaton Sucharow LLP
140 Broadway
New York, NY 10005
Fax: (212) 883-7053

Notices to Alfonso Clients:
S. George Alfonso
The Law Offices of S. George Alfonso
5340 Alpha Road
Dallas, Texas 75240
Fax: (972) 458-6801

-and-

Maitre Aldric Saulnier
18 Avenue Daumesnil
75012
Paris, France
Fax +331-4343-1069

### F.
### Injunctive Relief.

Injunctive relief sought to enforce the confidentiality provisions of The Global Settlement, at the option of the party seeking such relief, will not be subject to the requirements of this Article VII.

### G.
### Governing Law/Appeal/Entry of Judgment.

The arbitrator will apply New York law and applicable statutes of limitations, honor claims of privilege recognized by law and, at the timely request of either party, provide a written and reasoned opinion explaining his or her decision. The arbitrator will apply the rules of the arbitration organization selected, as applicable to matters relating to evidence and discovery, not the federal or any state rules of civil procedure or rules of evidence. The arbitrator's decision will be final and binding, except for any rights of appeal provided by the ICC. If the amount of the award exceeds $100,000.00 (one hundred thousand dollars), either Party can appeal that award to a three-arbitrator panel as applicable under the rules of the ICC, with such panel to reconsider de novo any aspect of the initial award requested by majority vote and whose decision will be final and binding. The decision of that three person panel may be appealed as provided by the ICC. The costs of such an appeal will be borne by the appellant regardless of the outcome of the appeal. The arbitration proceeding and all testimony, filings, documents, and any information relating to or presented during the proceedings will be deemed to be confidential information not to be disclosed to any other Party. Judgment upon the award rendered by the arbitrator may be entered in any court within the United States, France or any other appropriate juris Section where the losing Party's headquarters or assets are located.

_____  12.30.2009
GÉRARD SILLAM                Date

_____  12.30.2009
MAITRE BERTRAND JEANNE       Date
ès qualité de liquidateur de Gérard Sillam
Represented by Maitre Aldric Saulnier with Full
Authorization to Execute The Settlement

The Law Offices of S. George Alfonso

_____  12/31/09
Fully Authorized Representative   Date
of The Law Offices of S. George Alfonso

Labaton Sucharow LLP

_____  12/31/09
Fully Authorized Representative   Date
of Labaton Sucharow LLP