UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

GÉRARD SILLAM and ALDRIC SAULNIER,    :

                 Plaintiffs,    :    No. 21 CV 6675 (CM)

      -against-    :

LABATON SUCHAROW LLP,    :
CHRISTOPHER J. KELLER, and
LAWRENCE A. SUCHAROW,    :

               Defendants.    :

------------------------------------------------------------------x

## DEFENDANTS' REPLY MEMORANDUM ON THEIR MOTION TO DISMISS THE COMPLAINT

 

GANFER SHORE LEEDS & ZAUDERER LLP
360 Lexington Avenue
New York, New York 10017
(212) 922-9250
(212) 922-9335 (facsimile)
mzauderer@ganfershore.com
*Attorneys for Defendants*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ................................................................................................................................ 2

I. THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFFS
 HAVE RELEASED THEIR CLAIMS ................................................................................ 2

II. PLAINTIFFS HAVE WITHDRAWN THEIR PRIMARY FACTUAL
 CONTENTION AND HAVE NOT PLEADED THE ELEMENTS OF
 THEIR CLAIMS .................................................................................................................. 4

   A. Plaintiffs Have Withdrawn Their Principal Factual Allegation ........................ 4

   B. Plaintiffs' Remaining Allegations Fail to State a Claim on Any Theory .......... 6

III. PLAINTIFFS SHOULD NOT BE AFFORDED DISCOVERY OR LEAVE
 TO REPLEAD ..................................................................................................................... 8

CONCLUSION ........................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Pages**

**Cases**

*Angiulo v. County of Westchester*,
   No. 11-CV-7823 (CS), 2012 U.S. Dist. LEXIS 153656
   (S.D.N.Y. Oct. 25, 2012) .................................................................................................. 10

*Attestor Value Master Fund v. Republic of Argentina*,
   940 F.3d 825 (2d Cir. 2019) ............................................................................................... 9

*Avnet, Inc. v. Deloitte Consulting LLP*,
   187 A.D.3d 430 (1st Dep't 2020) ....................................................................................... 3

*Bellefonte Re Insurance Co. v. Argonaut Insurance Co.*,
   757 F.2d 523 (2d Cir. 1985) ............................................................................................... 4

*Borden v. City of New York*,
   No. 16-cv-716 (GHW), 2017 U.S. Dist. LEXIS 26291
   (S.D.N.Y. Feb. 24, 2017) ................................................................................................... 9

*Centro Empresarial Cempresa S.A. v. America Movil, S.A.B. de C.V.*,
   17 N.Y.3d 269 (2011) ............................................................................................... 2, 3, 4

*Coulter v. Morgan Stanley & Co.*,
   753 F.3d 361 (2d Cir. 2011) ............................................................................................... 9

*Cuoco v. Moritsugu*,
   222 F.3d 99 (2d Cir. 2000) ................................................................................................. 8

*Gregor v. Rossi*,
   120 A.D.3d 447 (1st Dep't 2014) ....................................................................................... 7

*Griffin v. Facebook*,
   No. 19-CV-7821 (CS), 2020 U.S. Dist. LEXIS 173499
   (S.D.N.Y. Sept. 21, 2020) ................................................................................................ 10

*Harborview Value Master Fund, L.P. v. Freeline Sports, Inc.*,
   No. 11 Civ. 1638 (CM), 2012 U.S. Dist. LEXIS 25553
   (S.D.N.Y. Feb. 23, 2012) ............................................................................................... 7, 8

*Harless v. Research Inst. of Am.*,
   1 F. Supp. 2d 235 (S.D.N.Y. 1998) ............................................................................... 9

*Hydro Investors, Inc. v. Trafalgar Power, Inc.*,
   227 F.3d 8 (2d Cir. 2000) .............................................................................................. 7

*Inside Connect, Inc. v. Fischer*,
   No. 13-CV-1138 (CS), 2014 U.S. Dist. LEXIS 88861
   (S.D.N.Y. June 30, 2014) ............................................................................................ 10

*Interpharm, Inc. v. Wells Fargo Bank, N.A.*,
   655 F.3d 136 (2d Cir. 2011) .......................................................................................... 4

*Kalola v. IBM*,
   No. 19-CV-9900 (VB), 2019 U.S. Dist. LEXIS 219576
   (S.D.N.Y. Dec. 16, 2019) .............................................................................................. 2

*Kimmell v. Schaerfer*,
   89 N.Y.2d 257 (1996) ................................................................................................... 7

*Matsumura v. Benihana Nat'l Corp.*,
   542 F. Supp. 2d 245 (S.D.N.Y. 2008) ........................................................................... 7

*Midwest Operating Engineers Pension Trust Fund v. Alkermes Pub. Co.*,
   No. 21-801-cv, 2021 U.S. App. LEXIS 36040 (2d Cir. Dec. 7, 2021) ......................... 9

*Newton v. City of New York*,
   738 F. Supp. 2d 397 (S.D.N.Y. 2010) ........................................................................... 8

*Sanofi Secs. Litig. v. Meeker*,
   87 F. Supp. 3d 510 (S.D.N.Y. 2015) ............................................................................. 8

*Secured Worldwide, LLC v. Kinney*,
   No. 15 Civ. 1761 (CM), 2015 U.S. Dist. LEXIS 93183
   (S.D.N.Y. July 14, 2015) ............................................................................................... 9

*Shanghai Weiyi Int'l Trade Co., Ltd. v. Focus 2000 Corp.*,
   No. 15 Civ. 3533 (CM), 2015 U.S. Dist. LEXIS 141808
   (S.D.N.Y. Oct. 16, 2015) ............................................................................................... 7

*Silver Point Capital Fund, L.P. v. Riviera Resources, Inc.*,
   198 A.D.3d 432 (1st Dep't 2021) .................................................................................. 2

*Sodhi v. IAC/Interactive Corp.*,
  2022 N.Y. App. LEXIS 60, 2022 N.Y. Slip Op. 00067
  (1st Dep't Jan. 6, 2022) .................................................................................................... 2

*Space Hunters, Inc. v. U.S.*,
  No. 10 Civ. 6335 (CM), 2011 U.S. Dist. LEXIS 53009
  (S.D.N.Y. May 7, 2011) .................................................................................................. 9

*Weinberg v. Sultan*,
  142 A.D.3d 767 (1st Dep't 2016) .................................................................................... 2

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................ 4

## PRELIMINARY STATEMENT

Plaintiffs sued Labaton and two of its partners even though in 2015 Plaintiffs signed a "Universal Settlement Agreement and Full Release and Complete Waiver of Any and All Claims or Potential Claim(s) Against Labaton or Any of Its Partners, Agents or Representatives." Plaintiffs do not dispute that their release covers the claims they seek to assert. Plaintiffs also do not dispute that to overcome the release, they would have to plead and prove that the release was induced by a "separate fraud" distinct from the subject of the release. The Complaint contains no such allegations of a separate fraud that could have induced the 2015 release.

Even if Plaintiffs had not released their claims, they would still be insufficient. The Complaint asserts that the Keller Declarations concealed that (1) Labaton represented one "Potential Client" in five class actions and (2) Labaton filed proof of claim forms for some other Potential Clients. With its motion to dismiss, Labaton submitted documentary evidence showing that the first of these allegations was false. Plaintiffs have now withdrawn that allegation, acknowledging that "only the proof of claims . . . was [*sic*] the real basis of our claim." (Sillam Aff. ¶ 23). With regard to the proofs of claim, Labaton's contractual obligations did not apply to such non-legal work, which Labaton admittedly was free to perform. Thus, the Keller Declarations were accurate and Plaintiffs' claims, all premised on the contention that the declarations were fraudulent, should be dismissed. Plaintiffs have also failed to respond to several other arguments for dismissal. Finally, the Court should not grant Plaintiffs leave to replead or to conduct discovery, which could not cure the Complaint's fundamental deficiencies. The Complaint should be dismissed with prejudice.[1]

---

[1] Plaintiffs' Memorandum of Law contain numerous incorrect statements, many of which have nothing to do with Defendants' motion to dismiss. Defendants have not discussed these

1

# ARGUMENT

## POINT I

### THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFFS HAVE RELEASED THEIR CLAIMS

As discussed in Point I of Defendants' moving memorandum of law, the Complaint should be dismissed in its entirety because Plaintiffs released all claims against Defendants in the 2015 "Universal Settlement Agreement," under which Plaintiffs received more than $100,000. (Def. Mem. 11-14). In response, Plaintiffs do not dispute that the "universal" release provisions of the 2015 Settlement Agreement are broad enough to bar all of their claims. (*See* Pl. Mem. 12-13).

Instead, Plaintiffs allege they were fraudulently induced by the Keller Declarations into signing the 2015 Settlement Agreement, and therefore its release provisions should not be enforced. (Pl. Mem. 12). Plaintiffs concede, as they must, that a party signing a release "may later challenge that release as fraudulently induced only if it can identify a separate fraud from the subject of the release." (*Id.*). *See, e.g., Centro Empresarial Cempresa S.A. v. America Movil, S.A.B. de C.V.*, 17 N.Y.3d 269, 276 (2011) ("Having executed the release, plaintiffs cannot now claim that defendants fraudulently misled them . . . unless the release was itself induced by a separate fraud."). New York's appellate courts continue to enforce this requirement, including most recently in *Sodhi v. IAC/Interactive Corp.*, 2022 N.Y. App. LEXIS 60, 2022 N.Y. Slip Op. 00067 (1st Dep't Jan. 6, 2022). *See also Silver Point Capital Fund, L.P. v. Riviera Resources,*

---

irrelevant assertions, but do not concede their accuracy. In particular, Defendants deny that the parties' agreements violated the New York Rules of Professional Conduct as Plaintiffs allege. That allegation is also irrelevant because there is no private right of action under these rules. *See, e.g., Kalola v. IBM*, No. 19-CV-9900 (VB), 2019 U.S. Dist. LEXIS 219576, at *10 (S.D.N.Y. Dec. 16, 2019); *Weinberg v. Sultan*, 142 A.D.3d 767, 769 (1st Dep't 2016).

2

*Inc.*, 198 A.D.3d 432, 433 (1st Dep't 2021); *Avnet, Inc. v. Deloitte Consulting LLP*, 187 A.D.3d 430, 431 (1st Dep't 2020).

Here, the subjects of the release included Plaintiffs' rights under the 2009 Settlement Agreements, including any monies that might allegedly have been due to Plaintiffs under those agreements. (*See* Def. Mem. 11-14). Thus, Plaintiffs' allegations that Defendants misled them about that topic in the Keller Declarations would be insufficient to avoid the release, even if such allegations had merit, which they do not. (*See id.*).

Perhaps recognizing that their allegations about the Keller Declarations are insufficient, Plaintiffs' memorandum of law asserts that "Plaintiffs' claims of fraud that resulted in the execution of the 2009 Settlement Agreements are a separate fraud from Defendants fraudulently persuading Plaintiffs to sign the [2015] Universal Settlement Agreement based on the Keller Declarations." (Pl. Mem. 13). However, the Complaint contains no allegations or claims asserting that the 2009 Settlement Agreements, as opposed to the 2015 Settlement Agreement, were fraudulently induced. Each of the Complaint's three counts concludes by alleging that by signing the 2015 Settlement Agreement, "Plaintiffs gave up their valuable rights set forth in the [2009] Settlement Agreements." (Cplt. ¶¶ 88, 95, 103). That is quite different from contending that Plaintiffs were defrauded **into** signing the 2009 Settlement Agreements, which is nowhere alleged.

In any event, even if Plaintiffs had alleged that they were fraudulently induced into signing the 2009 Settlement Agreements, they must show that "**the release was itself induced by** [the alleged] separate fraud." *Centro Empresarial Cempresa*, 17 N.Y.3d at 277 (emphasis added). Here, Plaintiffs do not explain how anything that might allegedly have taken place in or before 2009 could have fraudulently induced the 2015 Settlement Agreement that Plaintiffs executed more than six years later. In addition, given Plaintiffs' assertion that they learned the facts giving

3

rise to their claims in 2017, any claim for an alleged fraud that allegedly occurred before or in 2009 would be long since time-barred under New York's statute of limitations for fraud claims.

Although the broad general release that Plaintiffs signed in 2015 is dispositive of the action, Plaintiffs' briefing on the release issue is perfunctory and cites only a single court decision, which is unhelpful to them. (Pl. Mem. 12-13). In that case, *Bellefonte Re Insurance Co. v. Argonaut Insurance Co.*, 757 F.2d 523 (2d Cir. 1985), the Second Circuit enforced a broad general release despite the plaintiff's contention that plaintiff had been fraudulently induced into signing the release. *Id*. at 527-28. That contention is similar to Plaintiffs' allegation in this action and the same outcome is warranted here. Because "a valid release constitutes a complete bar to an action on a claim which is the subject of the release," *Interpharm, Inc. v. Wells Fargo Bank, N.A.*, 655 F.3d 136, 142 (2d Cir. 2011) (quoting *Centro Empresarial Cempresa*, 17 N.Y.3d at 269), the Complaint should be dismissed.

## POINT II

### PLAINTIFFS HAVE WITHDRAWN THEIR PRIMARY FACTUAL CONTENTION AND HAVE NOT PLEADED THE ELEMENTS OF THEIR CLAIMS

Even if Plaintiffs had not released their claims, the Complaint still would fail to plead a valid claim for relief, warranting dismissal under Fed. R. Civ. P. 12(b)(6).

**A.     Plaintiffs Have Withdrawn Their Principal Factual Allegation**

As an element of each of their claims for fraud, negligent misrepresentation, and aiding and abetting fraud, Plaintiffs must plead, *inter alia,* that Defendants made material misrepresentations to them. The purported misrepresentations alleged by Plaintiffs are contained in the Keller Declarations, which each stated that Labaton had not been "retained by" any of the "Potential Clients" since the 2009 Settlement Agreements were signed. The Complaint alleges that the Keller Declarations falsely denied that Labaton had been retained by any of the Potential

4

Clients because (1) Labaton allegedly represented one Potential Client, KBC, in five class action litigations, and (2) Labaton filed proofs of claim on behalf of a few other Potential Clients. (Cplt. ¶¶ 69-72).

Plaintiffs have now withdrawn the first of these allegations. In its moving memorandum of law, Labaton demonstrated with detailed documentary evidence that, *inter alia*, one of the five cited class actions predated the 2009 Settlement Agreements and Plaintiffs were well aware of it, and that Labaton did not represent KBC in the other four actions. (Def. Mem. 15-18; Keller Moving Decl. Exs. I-R). In his affidavit in opposition, Plaintiff Sillam concedes the point, stating:

> The five (5) cases designated in the lawsuit include KBC that Labaton has represented but certified not to have represented in their declarations. Shortly thereafter, **I concluded that only the filings of the proof of claims, pre and post litigation, was the real basis of our claim**.
>
> The Reuters interview was a good faith attempt to say that we do not want to claim what is not owed to Mr. Saulnier and I. Steven Czik, my former attorney, who filed that complaint drafted by Sher Tremonte LLP, did not amend the Complaint to represent this prior to the six (6) years deadline.

(Sillam Aff. ¶¶ 23-24 (emphasis added)). Plaintiffs' Memorandum of Law likewise acknowledges that "Plaintiffs concluded that **only the filing of the proof of claims**, pre and post litigation, was the real basis of their claim." (Pl. Mem. 10 (emphasis added)). Thus, Plaintiffs have dropped their allegation that Labaton should have disclosed that it had been retained by KBC in five class actions. Unfortunately, Plaintiffs did so only after Labaton was put to the time and expense of refuting an allegation that Plaintiffs **admittedly knew was false even before they served their Complaint** on October 29, 2021, as established by Sillam's admission quoted in the September 2021 Reuters article. (*See* Pl. Mem. 10-11; Keller Moving Decl. Ex. H; ECF Doc. 13).

5

B.      **Plaintiffs' Remaining Allegations Fail to State a Claim on Any Theory**

All that is left of Plaintiffs' First Cause of Action for fraud is the allegation that Labaton should have disclosed it has handled the ministerial task of filling out post-settlement proof of claim forms for a handful of Potential Clients. (Cplt. ¶¶ 70-71). But as discussed in our initial memorandum of law, the 2009 Settlement Agreements specifically recognized that Labaton was free to perform this task for any client with the sole exception of Credit Agricole, and also recognized that filling out proof of claim forms did not constitute the performance of legal services. (Def. Mem. 18-19; *see also* Pl. Mem. 16). Moreover, the 2009 Saulnier Agreement provided that Labaton would afford Saulnier the opportunity to work on matters and earn fees where Labaton was retained to represent Potential Clients "either in pre-litigation or in litigation." (Keller Decl. Ex. C, § III(C)). To implement this provision, Labaton agreed to provide declarations listing "any potential litigation or actual litigation" in which Potential Clients retained Labaton. (*Id.* § III(C)(3)). This would not include matters in which Labaton performed the ministerial, non-legal task of filling out post-settlement claim forms arising from litigations that Labaton did not handle. Moreover, Labaton's obligation to share fees with Saulnier could arise only where Saulnier was afforded the opportunity to perform a portion of the legal services associated with the work. (*Id.* § III(A)(1)). It is difficult to understand how Saulnier could have been offered the opportunity to fill out part of a claim form.

Thus, the statements in the Keller Declarations that no "Potential Clients" had "retained" Labaton were correct and cannot be the basis of a fraud claim. In any event, Plaintiffs did not rely on the representations contained in the Keller Declarations, which they repeatedly told Labaton they did not believe, in the weeks preceding the execution of the 2015 Settlement Agreement. (Def. Mem. 5-6, 21-22). Sillam responds to this argument by asserting that in France, people

6

believe that statements made by lawyers must be true. (Sillam Aff. ¶ 14; *see* Pl. Mem. 18). Whether or not this is so as a general matter, it clearly does not apply where a party has already asserted that the lawyers' statements are "highly not probable"; "we don't trust you anymore. Not at all."; "We don't believe you . . ."; "Absolutely not credible"; and where the party repeatedly threatened "one or more potential litigations, to say the least" and "litigations and Courts in France, our territory," just two weeks before agreeing to sign a settlement agreement and release in return for compensation. (Keller Moving. Decl. Ex. E at 1-4).

Plaintiffs' second claim, for negligent misrepresentation, fails for the same reasons as their fraud claim: Defendants made no misrepresentations and Plaintiffs did not reasonably rely upon any representations. In addition, a negligent misrepresentation claim requires a well-pleaded allegation that "the defendant had a duty as a result of a special relationship to give correct information." *Harborview Value Master Fund, L.P. v. Freeline Sports, Inc.*, No. 11 Civ. 1638 (CM), 2012 U.S. Dist. LEXIS 25553, at *33 (S.D.N.Y. Feb. 23, 2012) (McMahon, J.); *accord Hydro Investors, Inc. v. Trafalgar Power, Inc.*, 227 F.3d 8, 20 (2d Cir. 2000). Plaintiffs have asserted no such relationship here. While *Kimmell v. Schaerfer*, 89 N.Y.2d 257, 263 (1996), cited by Plaintiffs, recognizes that "lawyers . . . may have special relationships of confidence and trust with their clients," Plaintiffs were never Labaton's clients and that principle does not apply. *See, e.g., Matsumura v. Benihana Nat'l Corp.*, 542 F. Supp. 2d 245, 258-59 (S.D.N.Y. 2008); *Gregor v. Rossi*, 120 A.D.3d 447, 448 (1st Dep't 2014).

Plaintiffs do not dispute that the elements of their third claim, for aiding and abetting fraud, include, *inter alia*, the existence of an underlying fraud. *Shanghai Weiyi Int'l Trade Co., Ltd. v. Focus 2000 Corp.*, No. 15 Civ. 3533 (CM), 2015 U.S. Dist. LEXIS 141808, at *7 (S.D.N.Y. Oct.

7

16, 2015). Because Plaintiffs' fraud claim fails, the claim for aiding and abetting the alleged fraud necessarily fails as well. (Def. Mem. 14).

Finally, Plaintiff Sillam does not respond at all to Labaton's observation that Sillam has no cognizable damages and should not be a plaintiff, because the 2009 Sillam Agreement terminated his relationship with Labaton and Labaton had no further economic obligations to him after that time. (Def. Mem. 23). Therefore, even if some part of this action survives this motion to dismiss (which it should not), Sillam should be dismissed as a plaintiff. In addition, Plaintiffs do not respond to Defendants' showing that Plaintiffs are not entitled to punitive damages, which should therefore be dismissed. (Def. Mem. 23-24). *See, e.g., Harborview*, 2012 U.S. Dist. LEXIS 25553, at *38 (dismissing claim as abandoned where plaintiff failed to respond to defendants' arguments for its dismissal); *Newton v. City of New York*, 738 F. Supp. 2d 397, 416 n.130 (S.D.N.Y. 2010) ("Newton did not respond to defendants' motion to dismiss his claim ... in his Opposition Brief, and therefore abandoned his claim.").

## POINT III

### PLAINTIFFS SHOULD NOT BE AFFORDED DISCOVERY OR LEAVE TO REPLEAD

In a perfunctory sentence at the end of their memorandum of law, Plaintiffs ask that if the Court dismisses the Complaint, it should "only grant a dismissal with [*sic*] prejudice and allow repleading of an Amended Complaint." (Pl. Mem. 19). However, Plaintiffs do not explain what additional facts they would plead in an Amended Complaint that would cure the deficiencies contained in their existing Complaint.

"Where the problems with a claim are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to replead would be 'futile' and 'should be denied.'" *Sanofi Secs. Litig. v. Meeker*, 87 F. Supp. 3d 510, 548-549 (S.D.N.Y. 2015)

(quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)); *Space Hunters, Inc. v. U.S.*, No. 10 Civ. 6335 (CM), 2011 U.S. Dist. LEXIS 53009, at *17 (S.D.N.Y. May 7, 2011) (McMahon, J.) (dismissing complaint with prejudice and without leave to replead "[b]ecause it would be futile to permit Plaintiffs to amend their complaint").

Amending the Complaint would be futile where, as here, the claims at issue are barred by a release. *See, e.g., Borden v. City of New York*, No. 16-cv-716 (GHW), 2017 U.S. Dist. LEXIS 26291, at *11-12 (S.D.N.Y. Feb. 24, 2017) (dismissing complaint with prejudice "[b]ecause it would be futile for [the plaintiff] to replead his claims in light of the unambiguous prior release of those claims"); *Harless v. Research Inst. of Am.*, 1 F. Supp. 2d 235, 243 (S.D.N.Y. 1998) (holding that amendment of claims barred by release "would be futile"). Plaintiffs' request for leave to replead should be denied for that reason alone. In addition, leave to amend should not be granted because the record establishes that Plaintiffs cannot satisfy the required elements for pleading their claims. *See Secured Worldwide, LLC v. Kinney*, No. 15 Civ. 1761 (CM), 2015 U.S. Dist. LEXIS 93183, at *11 (S.D.N.Y. July 14, 2015) (McMahon, J.) (dismissing fraud-based complaint without leave to replead where the allegations "negate" possibility that the "deficiencies" in fraud claim could be "overcome by repleading").

Moreover, Plaintiffs "need not be given leave to amend" for the additional reason that they fail "to specify . . . how amendment would cure the pleading deficiencies in [their] complaint." *Midwest Operating Engineers Pension Trust Fund v. Alkermes Pub. Co.*, No. 21-801-cv, 2021 U.S. App. LEXIS 36040, at *12 (2d Cir. Dec. 7, 2021) (quoting *Attestor Value Master Fund v. Republic of Argentina*, 940 F.3d 825, 833 (2d Cir. 2019)); *Coulter v. Morgan Stanley & Co.*, 753 F.3d 361, 368 (2d Cir. 2011) (complaint properly dismissed with prejudice on a Rule 12(b)(6) motion where "Plaintiffs have identified no facts that, if alleged, would establish a valid claim.").

Nor should Plaintiffs be afforded discovery before their Complaint is dismissed, as they also request. (Pl. Mem. 17-18). Plaintiffs say that they wish to "demand additional documents" relating to work that Labaton performed, but they do not explain how such documents could negate the fact that Plaintiffs' claims are barred by the releases contained in the 2015 Settlement Agreement or Plaintiffs' concession that their claims are based solely on Labaton's proof-of-claim filings. In any event, "as *Iqbal* makes clear, a plausible claim must come before discovery, not the other way around." *Griffin v. Facebook*, No. 19-CV-7821 (CS), 2020 U.S. Dist. LEXIS 173499, at *12 n.6 (S.D.N.Y. Sept. 21, 2020); *see also Inside Connect, Inc. v. Fischer*, No. 13-CV-1138 (CS), 2014 U.S. Dist. LEXIS 88861, at *36 (S.D.N.Y. June 30, 2014); *Angiulo v. County of Westchester*, No. 11-CV-7823 (CS), 2012 U.S. Dist. LEXIS 153656, at *10 n.4 (S.D.N.Y. Oct. 25, 2012).

## CONCLUSION

For all the foregoing reasons, the Complaint should be dismissed with prejudice.

Dated: New York, New York
January 14, 2022

GANFER SHORE LEEDS & ZAUDERER LLP

By: /s/ Mark C. Zauderer
Mark C. Zauderer
Ira Brad Matetsky
Yoram J. Miller
360 Lexington Avenue
New York, New York 10017
(212) 922-9250
(212) 922-9335 (facsimile)
mzauderer@ganfershore.com
*Attorneys for Defendants*