UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GÉRARD SILLAM and ALDRIC SAULNIER,

   Plaintiffs,

-against-                                                                No. 21 cv 6675 (CM)

LABATON SUCHAROW LLP,
CHRISTOPHER J. KELLER, and
LAWRENCE A. SUCHAROW,

   Defendant.

## NOTICE

McMahon, J.:

   Counsel:

   In reviewing the papers on the motion to dismiss, I was struck by the fact that the motion does not assert that the claims are time barred.

   "Under New York law, a claim for fraud must be commenced either within six years from the commission of the fraud or within two years from the date that the fraud was discovered, or could reasonably have been discovered, whichever is later." *Guilbert v. Gardner*, 480 F.3d 140, 147 (2d Cir.2007); *see* C.P.L.R. § 213(8). And "If [a] negligent misrepresentation claim arises from facts that also state a cause of action for fraud, New York courts apply the six-year statute of limitations provided by section 213(8) of the New York Civil Practice Law and Rules . . . for actions 'based upon fraud' so long as the allegation of fraud is not ancillary to the negligent misrepresentation claim." *Pension Committee of University of Montreal Pension Plan v. Banc of America Securities, LLC*, No. 05 Civ. 9016 (SAS), 2010 WL 11586616, at *2 (S.D.N.Y. Mar. 23, 2010).

The complaint pleads that last allegedly fraudulent (or at least negligent) statement that is pleaded in the complaint is the Keller Declaration dated July 8, 2015. No subsequent statement on which plaintiffs allegedly relied is identified in the pleading. Moreover, the complaint specifically alleges that, "Plaintiffs signed the Universal Settlement Agreement [on August 15, 2015] in reliance on [the 2015 Declaration] . . ." (Compl. ¶¶87, 94), and "Plaintiffs would not have executed either the Universal Settlement Agreement [on August 15, 2015] or the 2016 Amendment had they known that Labaton, in fact, represented certain Referred Clients following execution of the Settlement Agreements." (*Id* ¶67).

According to court records, this action was commenced on August 6, 2021 – six years and one month after the Keller Declaration was sent to Plaintiffs. The claims asserted in Counts 1 and 2 thus appear to be time-barred under the six-year statute of limitations applicable to the causes of action asserted in Counts I and II. The same six-year rule applies to the aiding and abetting claim.

Moreover, as I read the papers, Plaintiffs cannot take advantage of the "two years from discovery" rule, because they allege that they discovered the fraud in November 2017 – well within the six-year period and more than two years prior to the date they filed suit.

I have no desire to prolong a lawsuit that is amenable to dismissal on a technicality. However, I cannot do so without giving the parties an opportunity to explain what is – or is not – wrong with my analysis. I will give the parties five business days to respond to this notice.

Dated: March 16, 2022

_Colleen McMahon_  
U.S.D.J.

BY ECF TO ALL COUNSEL