# raiser&kenniff
## ATTORNEYS AT LAW

Steven M. Raiser
Thomas A. Kenniff
Douglas M. Reda

300 Old Country Rd, Suite 351
Mineola, NY 11501
Tel. 516-742-7600 • Fax 516-742-7618

Of Counsel
Edward Fregosi
John J. Rivas
Amy Sklar
Anthony J. Colleluori
Bruce R. Connolly
Marc S. Albert
Anthony V. Falcone
Jonathan Tand

March 22, 2022

Via ECF
United States District
Southern District of New York
Honorable Colleen McMahon
500 Pearl St.,
New York, NY 10007

    Re: Sillam, et al. v. Labaton Sucharow LLP, et al.
      Index No. 21-cv-06675(CM)

Dear Honorable Madam,

  We, counsel for Plaintiffs in the above-referenced matter, write the Court in regard to the Notice with respect to [15] Motion to Dismiss dated March 16, 2022.

  This action commenced on August 6, 2021, six years and one month after the Keller Declarations were sent to the Plaintiffs. At the time Plaintiffs received the Keller Declarations, they had no evidence that the Declarations were fraudulent. Plaintiffs were not damaged by these fraudulent Declarations until, August 15, 2015, when Defendants persuaded Plaintiffs to execute a new settlement agreement (hereinafter, the "Universal Settlement Agreement"). (Complaint ¶ 64).

> The Universal Settlement Agreement "explicitly concerns and applies to the two settlement agreements which were entered into on or about 12/30/09 and 12/31/09; respectively entitled 'Settlement and Full Waiver and Release' ('Labaton – Sillam Settlement') and 'Global Settlement Agreement and Full Waiver and Release'…". (See Reda Affirmation Ex. "I" Universal Settlement Agreement at 1). This agreement terminated Plaintiffs' rights under the two (2) previous settlement agreements. Defendants were able to persuade Plaintiffs to execute the Universal Settlement Agreement on the sole foundation that the Keller Declarations were in fact true and authentic. Plaintiffs would not have signed the Universal Settlement Agreement but for the Keller Declarations stating that "Since the execution of the Agreement, Labaton Sucharow has not been retained by any 'Potential Clients' as defined in 'Exhibit 1' of the Agreement, attached hereto". (Complaint ¶ 15).

  Defendants did use the Keller Declarations to defraud Plaintiffs, by using the Declarations to persuade Plaintiffs to sign a new settlement agreement. Notwithstanding, the Universal Settlement Agreement, Plaintiffs would not have suffered damages. The Universal

Settlement Agreement was executed on August 15, 2015, (See Reda Affirmation Ex. "I" Universal Settlement Agreement at 1), Plaintiffs commenced this action on August 6, 2021, nine days before the six-year statute of limitations of the execution of the Universal Settlement Agreement on August 15, 2021.

Furthermore, The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because Sillam and Saulnier are both citizens of France; Labaton, Keller, and Sucharow are all citizens of New York; and the amount in controversy exceeds $75,000. (Complaint ¶ 18). The Court has personal jurisdiction over Labaton because it is registered as a limited liability partnership with the State of New York, and its headquarters are located in New York. The Court has personal jurisdiction over Keller because, upon information and belief, he lives and works in New York. The Court has personal jurisdiction over Sucharow because, upon information and belief, he lives and works in New York. (Complaint ¶ 19).

As such, Defendants and Plaintiffs are jurisdictionally under New York law. Even if the Court finds that Plaintiffs commenced this action one month past the six-year deadline, the New York State Governor Andrew Cuomo Executive Orders that were instituted as a result of the Covid-19 pandemic, would provide Plaintiff an additional 228 days added to their six-year statute of limitations.

The Covid-19 pandemic compelled the declaration of a State of Emergency by the State of New York, as set forth by Executive Order 202, which declared a Disaster Emergency on March 7, 2020. Executive addressed the tolling. The Order stated:

> In accordance with the directive of the Chief Judge of the State to limit court operations to essential matters during the pendency of the COVID-19 health crisis, any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding, as prescribed by the procedural laws of the state, including but not limited to the criminal procedure law, the family court act, the civil practice law and rules, the court of claims act, the surrogate's court procedure act, and the uniform court acts, or by any other statute, local law, ordinance, order, rule, or regulation, or part thereof, is hereby tolled from the date of this executive order until April 19, 2020.

Executive Order 202.76 extended that directive and the tolling of the statute through December 19, 2020. "Although the seven executive orders issued after Executive Order (A.Cuomo) No. 202.8 (9 NYCRR 8.202.8) did not use the word "toll," those executive orders all either stated that the Governor "hereby continue[s] the suspensions, and modifications of law, and any directives, not superseded by a subsequent directive," made in the prior executive orders (Executive Order [A. Cuomo] Nos. 202.14, 202.28, 202.38, 202.48 [9 NYCRR 8.202.14, 8.202.28, 8.202.38, 8.202.48]) or contained nearly identical language to that effect (see Executive Order [A. Cuomo] Nos. 202.55, 202.55.1, 202.60 [9 NYCRR 8.202.55, 8.202.55.1, 8.202.60]). Since the tolling of a time limitation contained in a statute constitutes a modification

of the requirements of such statute within the meaning of Executive Law § 29–a(2)(d), these subsequent executive orders continued the toll that was put in place by Executive Order (A.Cuomo) No. 202.8 (9 NYCRR 8.202.8). Brash v. Richards, 195 A.D.3d 582, 149 N.Y.S.3d 560 (2021).

The Court in the *Brash* matter issued a decision whereas the Court agreed that in the Second Department of the State of New York these Executive Orders tolled "as opposed to suspended", time limitations regarding litigation. Therefore, Plaintiff's statute of limitations is extended to February 19, 2022.

We thank you for your time and attention to this matter.

Respectfully,

_____/s/_____
Douglas M. Reda, Esq.

Manhattan Office
87 Walker Street
New York, NY 10013
212-274-0090

www.raiserandkenniff.com

Suffolk Office
150 Motor Parkway, Suite 401
Hauppauge, NY 11788
888-504-2746