September 30, 2022

**BY ECF**

Honorable Ona T. Wang, U.S.M.J.
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York  10007

      Re:    *Sillam v. Labaton Sucharow LLP et al.,* No. 21 Civ. 6675 (CM)(OTW)

Dear Magistrate Judge Wang:

      The parties jointly submit this letter to apprise the Court of the status of discovery.

**I.**      **Status of Discovery**

      Plaintiffs filed this action on August 6, 2021.  Following Judge McMahon's Decision and Order on Defendants' Motion to Dismiss, the only remaining claim is for fraudulent inducement.  Plaintiffs have produced documents and Defendants await confirmation that the production is completed.  Defendants' have produced documents but completion of their production is subject to a dispute concerning a Confidentiality Stipulation and Order.  There is also a dispute over whether Defendants may take Plaintiffs' depositions in New York.  The parties anticipate, based largely on witness availability issues, that they will request an extension of the discovery deadline.

**II.**      **The Dispute Over a Confidentiality Stipulation and Order**

Plaintiffs' Position

      Initially, a dispute had occurred between the parties regarding Defendants' responses to Plaintiffs' document requests, wherein counsel for both parties were able to amicably resolve the dispute. Plaintiffs furnished Defendants with amended requests for the production of documents and Defendants agreed to turn over documents in relation to a majority of Plaintiffs' amended demands "upon entry of a Confidentiality Stipulation and Order in this action".

      Plaintiffs understand that Defendants intend on sending Plaintiffs documents provided to them by third parties not named in this matter. Nonetheless, Plaintiffs trust that redacting any confidential information located on the third parties' documents, such as bank account information, would suffice and would circumvent the need for a confidentiality agreement. Furthermore, in Judge McMahon's individual rules, she states that, "it has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available". Plaintiffs agree that the entire record should be publicly available, and that Defendants are pushing for a confidentiality agreement to hide the nature of this action to the public much like Defendants strict confidentiality terms in their various settlement agreements with the Plaintiffs.

1

Moreover, Defendants contend that if a disagreement arises over a document that Plaintiffs believe should not be deemed confidential by Defendants, the document in question can be brought to the Court and the Court can decide. To continually request Court intervention regarding the confidentiality or not of a document would be a waste of the Court's, and all parties involved, time.

Defendants' Position

Plaintiffs served Defendants with broad document requests seeking, *inter alia*, financial information of institutions for which Labaton filed proofs of claim and communications concerning Labaton and its clients. Defendants produced hundreds of pages but advised that many other responsive documents are confidential in nature, including documents containing third parties' financial information and Labaton proprietary information. Their production requires a Confidentiality Stipulation and Order, such as the standard form that Your Honor provides. Plaintiffs refused to enter into a confidentiality stipulation. Defendants explained why the case involves confidential documents, and that the confidentiality order provides a procedure for resolving any confidentiality disputes with the benefit of reviewing the specific documents at issue.

Confidentiality orders are routinely issued to "minimize the involvement of the Court and the parties in unproductive and time-consuming disputes about the existence of good cause for protecting individual documents and avoid the litigation of such questions in the abstract." *Komatsu v. City of New York,* 2021 U.S. Dist. LEXIS 8411, at *2-3 (S.D.N.Y. Jan. 21, 2021).

Plaintiffs' resistance to a confidentiality order is especially worrisome here. After Labaton provided Plaintiffs' former counsel with certain documents in pre-litigation discussions for settlement purposes only under Rule 408, Plaintiffs cherry-picked and disclosed portions of those documents in parallel litigation in France and in this action. Defendants have serious concerns that Plaintiffs will continue to disclose confidential documents obtained in discovery in parallel or future litigation. One of Plaintiffs' French attorneys also warned that Plaintiff Sillam would "use his constitutional rights of freedom of speech regarding the contents of the lawsuit" if Labaton did not settle claims that Labaton believed, and still believes, have no merit. Plaintiffs have also filed a series of claims in France, based on substantially the same erroneous allegations as in this action, against Labaton and several of its partners. Earlier this year, Plaintiffs disseminated two press releases inaccurately stating that French governmental authorities had approved the proceedings against Labaton, which Plaintiffs knew was not true but chose to disseminate anyway.

The Court should enter a confidentiality order. Given Plaintiffs' misuse of confidential documents that were provided to them for settlement purposes, and to try the case in the media through defamatory press releases, the order should provide that any violation of confidentiality by Plaintiffs, such as use of the documents outside this action, will result in sanctions.

### III.    The Dispute Over the Location of Plaintiffs' Depositions

Plaintiffs' Position

On or around August 1, 2022, Defendants furnished Plaintiffs with a Notice of Deposition for in-person depositions of both parties to be recorded by stenographic and audiovisual means. It is Plaintiffs and Plaintiffs Counsel's position that Defendants can conduct Plaintiffs deposition

virtually without difficulty. Despite several meetings regarding this matter both parties are unable to agree on in-person versus virtual depositions.

Plaintiffs both reside in France and in-person depositions will require Plaintiffs to travel extensively to the United States. Plaintiff, Gerard Sillam, is sixty-one (61) years' old and suffers from severe heart disease and target organ damage that currently prohibits him to travel for the next six (6) months. A doctor's note outlying the aforementioned was previously provided to Defendants and will be provided to the Court upon request. Additionally, Plaintiff, Gerard Sillam's (hereinafter "Plaintiff Sillam") passport documents were previously provided to Defendants demonstrating that Plaintiff Sillam has not traveled outside of France in the past six (6) months. The aforementioned passport documents can be provided to the Court upon request. Furthermore, Plaintiff Aldric Saulnier (hereinafter "Plaintiff Saulnier"), is seventy-nine (79) years old and as a result has difficulty traveling. Plaintiff Saulnier has not traveled outside of France in the past six (6) months and is not currently in possession of a passport. Plaintiff's counsel also has an underlying heart condition and as cases of Covid-19 are on the rise, does not want to risk contracting Covid-19. Moreover, if Defendants intend on videoing the deposition, then it should not be an issue holding virtual depositions.

Defendants' Position

Plaintiffs sued Defendants for fraud in New York, but refuse to appear for depositions here and insist that the depositions take place remotely. Plaintiffs' counsel initially indicated that this was based on personal concerns about coronavirus. After Defendants advised that any reasonable precautions requested would be accommodated, Plaintiffs then asserted that Plaintiffs Sillam's health and Saulnier's age were why they refuse to be deposed in New York.

Defendants should be allowed to depose Plaintiffs in the forum where *Plaintiffs* brought the action. The "general rule" is that defendants may require plaintiffs to come to the forum to be deposed. *Wei Su v. Sotheby's, Inc.,* 2019 U.S. Dist. LEXIS 146667, at *1-2 (S.D.N.Y. Aug. 28, 2019); *City of Perry v. Proctor & Gamble Co.*, 2017 U.S. Dist. LEXIS 94887, at *5 (S.D.N.Y. June 20, 2017). Plaintiffs bear the burden of establishing good cause for avoiding depositions in their chosen forum, and generalized health-related assertions are insufficient. *Wei Su*, at *6. Here, Sillam's doctor's note is vague, conclusory, and lacks any detail about his pre-litigation medical history, and Saulnier has provided no medical evidence at all. Moreover, although Sillam has asserts that he has not left France in the past few months, the passport he supplied (which expired in 2020) reflects that he has made at least nine trips to the United States, most recently in 2018.

Nor should generalized concerns about COVID-19 defeat Defendants' conducting the depositions in person. It is now 2½ years since the pandemic began and courts are increasingly returning to in-person proceedings, including depositions. *See, e.g. Tijerina-Salazar v. Venegas,* 2021 U.S. Dist. LEXIS 241909, at *10 (W.D. Tex. Dec. 20, 2021) (ordering in-person deposition because "COVID concerns are not nearly as pertinent now ... as they were in July 2021 when the Court issued its remote deposition order"); *Pruco Life Ins. Co. v. Cal. Energy Dev. Co.*, 2021 U.S. Dist. LEXIS 209840, at *46-47 (S.D. Cal. Oct. 29, 2021) (ordering in-person deposition). Remote depositions are a distant substitute for live interaction with witnesses who are parties whose credibility will be at issue. Remote depositions would be especially unwieldy here because Plaintiffs have stated that they will testify through an interpreter.

**IV.     Conclusion**

The parties jointly request that the Court schedule a conference to address and resolve the two discovery disputes discussed above and to discuss the scheduling of the remaining discovery.

                                  Respectfully,

/S/                                         /S/
Douglas Reda                                Mark C. Zauderer and Ira Brad Matetsky
Raiser & Kenniff, P.C.                      Ganfer Shore Leeds & Zauderer LLP
Counsel for Plaintiffs                      Counsel for Defendants