**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ x
                                                       :

GÉRARD SILLAM and ALDRIC SAULNIER,  :
                                                       :         No. 21 CV 6675 (CM) (OTW)
                    Plaintiffs,  :
                                                       :         **STIPULATION AND [PROPOSED]**
         -against-                          :         **CONFIDENTIALITY ORDER**
                                                         :
LABATON SUCHAROW LLP et al.,          :
                                                         :
                    Defendants.  :
                                                          :
------------------------------------------------------------ x

      WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

      ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

      1.    Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

      2.    The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    (a)    The requesting party and counsel, including in-house counsel;

    (b)    Employees of such counsel assigned to and necessary to assist in the litigation;

    (c)    Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    (d)    The Court (including any mediator or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Before disclosing or displaying the Confidential Information to any person, counsel must:

    (a)    Inform the person of the confidential nature of the information or documents;

    (b)    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    (c)    Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

6. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential.

8. Pursuant to Federal Rule of Evidence 502, inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in this matter provided the parties follow the steps set forth in Rule 502.

9. Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

10. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

THE ANNEXED ADDENDUM CONTAINED IN THE INDIVIDUAL PRACTICES OF U.S. DISTRICT JUDGE COLLEEN McMAHON IS INCORPORATED AS PART OF THIS CONFIDENTIALITY STIPULATION AND [PROPOSED] ORDER.

Dated: November 3, 2022

| | |
|---|---|
| RAISER & KENNIFF, P.C. | GANFER SHORE LEEDS & ZAUDERER LLP |
| By: *Douglas Reda* <br> Douglas M. Reda, Esq. | By: *[signature]* <br> Mark C. Zauderer, Esq. <br> Ira Brad Matetsky, Esq. |
| 300 Old Country Rd., Suite 351 <br> Mineola, New York 11501 <br> (516) 742-7600 <br> douglas@raiserandkenniff.com | 360 Lexington Avenue <br> New York, New York 10017 <br> (212) 922-9250 <br> mzauderer@ganfershore.com <br> imatetsky@ganfershore.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

**SO ORDERED**

*[signature]*
_____
Honorable Ona T. Wang
United States Magistrate Judge
November 7, 2022

## FORM OF AGREEMENT
(see Paragraph 5(c))

### Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____


Signed in the presence of:

_____
(Attorney)

## ADDENDUM TO THE STIPULATION AND CONFIDENTIALITY ORDER

THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER PURSUANT TO PARAGRAPH VI OF THE INDIVIDUAL RULES OF U.S. DISTRICT JUDGE HON. COLLEEN McMAHON

      The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

      It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

      The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

      If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.