UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GERARD SILLAM and ALDRIC SAULNIER,

                Plaintiffs,               No. 21 CV 6675 (CM)

    -against-

LABATON SUCHAROW LLP,
CHRISTOPHER J. KELLER, and
LAWRENCE A. SUCHAROW,

                Defendants.
-------------------------------------------------------------------X

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OR REARGUMENT

**RAISER AND KENNIFF, P.C.**

Douglas M. Reda, Esq.
300 Old Country Rd., Suite 351
Mineola, New York 11501
(516) 742-7600
douglas@raiserandkenniff.com

*Attorneys for Plaintiff*
*Gerard Sillam & Aldric Saulnier*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ............................................................................................ii

PRELIMINARY STATEMENT ........................................................................................2

ARGUMENT .....................................................................................................................5

   A.  PLAINTIFFS SHOULD NOT BE REQUIRED TO APPEAR
       FOR DEPOSITION IN NEW YORK ……………………………………………………5

   B.  DEFENDANTS CAN CONDUCT THE DEPOSITIONS IN FRANCE
       PURSUANT TO THE HAUGE CONVENTION, WHETHER IN-PERSON
       OR REMOTELY ……………………………………………………………………..10

   C.  CONDUCTING DEPOSITIONS REMOTELY WOULD NOT BE AN
       INFERIOR SUBSTITUTE FOR IN-PERSON DEPOSITIONS ………………………14

CONCLUSION ………………………………………………………………………18

## **TABLE OF AUTHORITIES**

**Case**                                                                                                                      **Page**

*Abdullah v. Sheridan Square Press, Inc.*,
   154 F.R.D. 591, 592 (S.D.N.Y.1994) ……………………………………………………. 8

*Abrahamson v. Bd. of Educ.*,
   237 F.Supp.2d 507, 510 (S.D.N.Y.2002) …………………………………………….... 2

*Analytical Surveys, Inc. v. Tonga Partners, L.P.*,
   684 F.3d 36, 52 (2d Cir. 2012) …………………………………………………… 4, 5, 6

*Beacon Assocs. Litig.*,
   818 F. Supp. 2d 697, 701–02 (S.D.N.Y. 2011) ………………………………….……. 5

*City of Perry v. Proctor & Gamble Co.*,
   2017 U.S. Dist. LEXIS 94887, at *5 (S.D.N.Y. June 20, 2017) …………………………. 6

*Est. of Gerasimenko v. Cape Wind Trading Co.*,
   272 F.R.D. 385 (S.D.N.Y. 2011) …………………………………………………… 8

*Gen. Motors LLC Ignition Switch Litig.*,
   14-MD-2543, 2021 WL 1700318, at *1 (S.D.N.Y. Apr. 29, 2021) ………………………. 12

*Grano v. Sodexo Mgmt., Inc.*,
   No. 18-CV-01818 (GPC) (BLM), 335 F.R.D. 411, 415 (S.D. Cal. Apr. 24, 2020) ……….. 16

*Medisim Ltd. v. BestMed LLC*,
   No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) ………………. 12

*Memory Film Prods. v. Makara*,
   No. 05 Civ 3735(BMC)(KAM), 2007 WL 1385740, at *2 (E.D.N.Y. May 9, 2007) ……..... 8

*Morales v. Quintiles Transnational Corp.*,
   25 F.Supp.2d 369, 372 (S.D.N.Y.1998) …………………………………………… 11, 12

*Normande v. Grippo*,
   No. 01 Civ. 7441(JSR)(THK), 2002 WL 59427, at *1–2 (S.D.N.Y. Jan. 16, 2002) ………... 8

*Phx. Light SF Ltd. v. U.S. Bank Nat'l Ass'n*,
   14-CV-10116 (VSB), 2020 WL 4699043, at *1 (S.D.N.Y. Aug. 12, 2020) ..……………… 5

*Polsby v. St. Martin's Press, Inc.*,
   No. 97 Civ. 690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) ……….. 4, 5, 6, 11

*Robert Smalls Inc. v. Hamilton*,
No. 09-CV-07171 (DAB) (JLC), 2010
WL 2541177, at *4 (S.D.N.Y. June 10, 2010) ………………………………………... 16, 17

*Rouviere v. DePuy Orthopaedics*, Inc.,
471 F. Supp. 3d 571 (S.D.N.Y. 2020) ……………………………………………… 15, 16

*Sequa Corp. v. GBJ Corp.,*
156 F.3d 136, 144 (2d Cir.1998) …………………………………………………….. 2, 4, 5

*Seuthe v. Renwal Prods., Inc.,*
38 F.R.D. 323, 324 (S.D.N.Y.1965) ……………………………………………….... 8

*Shrader v. CSX Transp., Inc.,*
70 F.3d 255, 257 (2d Cir.1995) …………………………………………….......... 2, 6, 13

*Silverman v. Miranda*,
06 Civ. 13222 (ER), 2017 WL 1434411, at *1 (S.D.N.Y. Apr. 10, 2017) ………………….. 6

*United States for Use & Benefit of Chen v. K.O.O. Constr., Inc.*,
106 Fed. R. Serv. 3d 1383, 445 F.Supp.3d 1055, 1057 (S.D. Cal. 2020) ………………….. 16

*Wei Su v. Sotheby's, Inc.*,
2019 U.S. Dist. LEXIS 146667, at *1-2 (S.D.N.Y. Aug. 28, 2019) ………………………… 6

## **Rules**

Fed. R. Civ. P. 30(b)(3) ………………………………………………………………... 15

Federal Rules of Civil Procedure, Rule 30(b)(4) ……………………………………... 7, 15, 16

Federal Rules of Civil Procedure 59(e) ………………………………………………... 2, 12

Local Rule 6.3 (NY R USDCTS & ED Civ Rule 6.3) ……………………………… 2, 11, 12, 14

## PRELIMINARY STATEMENT

Plaintiffs respectfully submit this opposition to Defendants' Motion for Reconsideration or Reargument (Defendants Motion concerning the location of Plaintiffs' Depositions) pursuant to the Honorable Judge Wang's order dated November 15, 2022, and in support of the Honorable Judge Wang's decision that was set forth during the November 3, 2022, Status Conference, denying Defendants' request for Plaintiffs' depositions to be held in person in New York.

"The standards governing a motion for reconsideration under Local Rule 6.3 are the same as those under Federal Rule of Civil Procedure 59(e)." *Abrahamson v. Bd. of Educ.,* 237 F.Supp.2d 507, 510 (S.D.N.Y.2002). Thus, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.1995). Rather, to prevail on a motion for reconsideration, the movant must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* Motions for reconsideration cannot be based on arguments not previously raised. *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir.1998).

As more fully set-forth below, Defendants have not met the burden and/or standard of a Motion for Reconsideration or Reargument pursuant to Local Rule 6.3 or the Federal Rules of Civil Procedure 59(e). Moreover, Defendants statements in their Memorandum of Law that, "The Court's November 15, 2022, order suggest that the Court may view this motion as a motion for reconsideration of a prior ruling on the location of depositions…however, this memorandum of law and the accompanying declarations represent the first opportunity that Defendants have had to fully brief the issues on this motion. Accordingly, Defendants submit that the standard applied on motions to reconsider or reargue prior decisions should not apply here," is highly

improper. (See Defendants' Memorandum of Law concerning the Location of Plaintiffs Depositions at 1).

As the Court is aware, Defendants have had many opportunities to fully brief the Court regarding their argument concerning the location of Plaintiffs' depositions. First, Defendants were provided the opportunity to fully brief the Court regarding their argument concerning the location of Plaintiffs' depositions when the parties submitted a joint letter on September 30, 2022, to the Honorable Ona T. Wang outlining two (2) discovery disputes, the dispute over a Confidentiality Stipulation and Order and the dispute over the location of Plaintiffs' depositions. (See Reda Affirmation in Opposition to Defendants' Motion concerning the location of Plaintiffs' Depositions (hereinafter "Reda Affirmation in Opposition"), Ex. "A" Joint Letter dated September 30, 2022).

Second, that parties submitted a Proposed Agenda on October 31, 2022, to the Honorable Ona T. Wang briefly outlining two (2) discovery disputes, the dispute over a Confidentiality Stipulation and Order and the dispute over the location of Plaintiffs' depositions. Importantly, in the Proposed Agenda, the parties respectfully requested that, "…the Court rule on this dispute concerning in-person/virtual depositions so that the parties' depositions may be scheduled." (See Reda Affirmation in Opposition, Ex. "B" Proposed Agenda dated October 31, 2022 (hereinafter "Proposed Agenda")).

Third, the Court ordered an in-person Status Conference to discuss the aforementioned discovery disputes on November 3, 2022 (hereinafter "Status Conference"), wherein counsel for both parties were able to fully brief and argue their positions regarding the dispute over a Confidentiality Stipulation and Order and the dispute over the location of Plaintiffs' depositions before the Honorable Ona T. Wang. (See Reda Affirmation in Opposition, Ex. "C" Transcript of

the Status Conference dated November 3, 2022 (hereinafter "Transcript")). Appropriately, as the parties requested in the Proposed Agenda, and following the arguments made by counsel for both parties, the Honorable Ona T. Wang decided/ruled on the two (2) above mentioned discovery disputes. The Honorable Ona T. Wang ruled in favor of the Defendants regarding the Confidentiality Stipulation and Order, which was immediately executed and filed shortly thereafter on November 4, 2022. Moreover, The Honorable Ona T. Wang decided that Plaintiffs' depositions were not required to be taken in person in New York and that Plaintiffs depositions will be held remotely or in-person in France. (See Reda Affirmation in Opposition, Ex. "C" Transcript).

Lastly, Defendants were provided another opportunity to brief the Court regarding their argument concerning the location of Plaintiffs' depositions when the parties submitted another joint letter on November 10, 2022. (See Reda Affirmation in Opposition, Ex. "D" Joint Letter dated November 10, 2022). "A motion for reconsideration 'is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple' ...." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)); *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000).

Defendants may not have been able to "fully brief" their positions regarding the location of Plaintiffs depositions to their desired extent in the joint letters dated September 30, 2022, and November 30, 2022, as a result of the Honorable Ona T. Wang's rules regarding letter motions and a three-page limit. However, they were provided ample time to fully brief their position before the Honorable Ona T. Wang during the Status Conference. Furthermore, and as more

fully set forth below, Defendants point to an "initial motion", and the Honorable Ona T. Wang refers to a "motion to compel" during the Status Conference.

Therefore, and upon the Courts review of the November 10, 2022, joint letter, the Honorable Ona T. Wang ordered that, "to the extent that ECF 58 is a motion for reconsideration of the Court's oral ruling on the location of Plaintiffs' depositions (see ECF 53), the parties are directed to brief the issues as follows: Defendants are specifically directed to address what new facts, information, or law they are now in receipt of that they could not have raised previously, Defendants shall also specify why remote depositions are not feasible. Defendants shall support their motion with citations to relevant statutes and case law". [ECF 59].

Accordingly, Defendants Motion is not merely a motion to fully brief the Court regarding their positions concerning the location of Plaintiffs deposition, but a clear Motion for Reconsideration or Reargument of the Court's ruling during the Status Conference.

## **ARGUMENT**

### A.   **PLAINTIFFS SHOULD NOT BE REQUIRED TO APPEAR FOR DEPOSITION IN NEW YORK**

"Generally, a party seeking reconsideration must show either 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.' *Phx. Light SF Ltd. v. U.S. Bank Nat'l Ass'n*, 14-CV-10116 (VSB), 2020 WL 4699043, at *1 (S.D.N.Y. Aug. 12, 2020) (quoting *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701–02 (S.D.N.Y. 2011)). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple' ...." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)); *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690(MBM), 2000 WL 98057, at *1

(S.D.N.Y. Jan. 18, 2000) ("[A] party may not advance new facts, issues or arguments not previously presented to the Court.") (Internal quotation marks omitted). "Rather, 'the standard for granting [the motion] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Analytical Surveys*, 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Where the motion "merely offers substantially the same arguments ... offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Silverman v. Miranda*, 06 Civ. 13222 (ER), 2017 WL 1434411, at *1 (S.D.N.Y. Apr. 10, 2017).

Herein, Defendants argue that "Plaintiffs chose to bring their claims in New York, making New York the presumptive location for their depositions" stating "substantially the same arguments" Defendants made in the joint letter dated September 30, 2022, and fully briefed to the Honorable Ona T. Wang during the November 3, 2022, Status Conference. In the joint letter dated September 30, 2022, Defendants state that, "[d]efendants should be allowed to depose Plaintiffs in the forum where Plaintiffs brought the action. The "general rule" is that defendants may require plaintiffs to come to the forum to be deposed. *Wei Su v. Sotheby's, Inc.*, 2019 U.S. Dist. LEXIS 146667, at *1-2 (S.D.N.Y. Aug. 28, 2019); *City of Perry v. Proctor & Gamble Co.*, 2017 U.S. Dist. LEXIS 94887, at *5 (S.D.N.Y. June 20, 2017)," (see Reda Affirmation in Opposition, Ex. "A" Joint Letter dated September 30, 2022, at 3).

Ira B. Matetsky (hereinafter "Mr. Matetsky") lead counsel for Defendants, presented the same argument during the Status Conference, "[b]ut let me return to the initial motion. There is a presumption, which your Honor is familiar with, and we cited a couple of cases in the joint letter [joint letter dated September 30, 2022], the Plaintiffs decided to bring this case in New York. They could have brought the case in France. We know they have brought cases in France. So

6

there's a presumption that plaintiffs should travel to the district. It is a rebuttable presumption, but it does exist, and that's the starting point." (See Reda Affirmation in Opposition, Ex. "C" Transcript at P. 16, L:22-25 – P. 17, L:1-4). Subsequently, the Honorable Ona T. Wang (hereinafter "Judge Wang") points Defendants to rule 30(b)(4). (See Reda Affirmation in Opposition, Ex. "C" Transcript at P. 17, L:5-8).

It is important to note that Mr. Matetsky mentioned an "initial motion" during the Status Conference (see Reda Affirmation in Opposition, Ex. "C" Transcript P. 16, L:22), despite stating in Defendants Memorandum of Law that, "[t]here was no prior motion before the Court; if there had been, pursuant to Local Civil Rule 7.1 and Judge Wangs Individual Practices, either a formal notice of motion or a letter-motion would have been submitted." (See Defendants' Memorandum of Law concerning the Location of Plaintiffs Depositions at 5).

Federal Rules of Civil Procedure, Rule 30(b)(4) states that, "the parties may stipulate, or the court may or on motion order, that a deposition be taken by telephone or other remote means." Judge Wang points Defendants to Rule 30(b)(4), and after hearing Defendants same argument, Judge Wang ruled that, "[s]o, to the extent it's a motion to compel an in-person deposition in New York City of the plaintiffs, I am not going to require that. That part is denied." (See Reda Affirmation, Ex. "C" Transcript at P. 19, L: 3-6). "Rule 30(b)(4) of the Federal Rules of Civil procedure provides, in relevant part, that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means,"[2] Rule 30(b)(4) does not specify the standard for evaluating motions to have a deposition conducted telephonically or remotely, and courts in this Circuit generally apply different standards depending on whether the party seeking the deposition or the deponent—as an alternative to traveling to the district in which the action was filed—requests that the deposition occur

7

remotely. See *Memory Film Prods. v. Makara,* No. 05 Civ. 3735(BMC)(KAM), 2007 WL

1385740, at *2 (E.D.N.Y. May 9, 2007) (discussing this distinction) (citations omitted); *Moore's*

*Federal Practice* § 30.24[1] at 30–60 (same). *Est. of Gerasimenko v. Cape Wind Trading Co.*,

272 F.R.D. 385 (S.D.N.Y. 2011).

There is, however, "no absolute rule as to the location of the deposition of a nonresident

plaintiff" as "courts must strive to achieve a balance between claims of prejudice and those of

hardship." *Normande v. Grippo,* No. 01 Civ. 7441(JSR)(THK), 2002 WL 59427, at *1–2

(S.D.N.Y. Jan. 16, 2002) (citations omitted). Ultimately, the determination of "'[t]he matter rests

in the discretion of the court and there must be a careful weighing of the relevant

facts.'" *Abdullah v. Sheridan Square Press, Inc.,* 154 F.R.D. 591, 592

(S.D.N.Y.1994) (quoting *Seuthe v. Renwal Prods., Inc.,* 38 F.R.D. 323, 324 (S.D.N.Y.1965)).

It is preposterous to state that Plaintiffs have not established "good cause" or reason not

to be compelled to come to New York from France for their deposition. As stated in the joint

letters dated September 30, 2022, and November 10, 2022, Plaintiffs both reside in France and

in-person depositions will require Plaintiffs to travel extensively to the United States. Plaintiff,

Gerard Sillam, is sixty-one (61) years' old and suffers from severe heart disease and target organ

damage that currently prohibits him to travel for the next six (6) months. (See Reda Affirmation

in Opposition, Ex. "D" Joint Letter dated November 10, 2022). Plaintiff Gerard Sillam's doctor's

note was furnished to Defendants via email on September 6, 2022, with a translation. (See Reda

Affirmation in Opposition, Ex. "E" Email to Ira Matetsky dated September 6, 2022). Plaintiff

Aldric Saulnier is seventy-nine (79) years old and as a result has difficulty traveling. A copy of

Plaintiff Aldric Saulnier's license was furnished to Defendants via email on September 16, 2022.

(See Reda Affirmation in Opposition, Ex. "F" Email to Ira Matetsky dated September 16, 2022).

If Defendants are asserting that Plaintiff Gerard Sillam's Doctors note is somehow too vague to determine if Plaintiff is "well" enough or "healthy" enough to travel, although Plaintiff's Doctor, a trained and licensed professionally, prohibits Plaintiff from traveling for the next six (6) months, then Defendants could have easily requested Plaintiff provide additional medical documentation during the numerous "meet and confers" between counsel for both parties and/or in Defendants Second Set of Document Requests.  Instead, Defendants make a request for, "[a]ll documents relating to any travel by Plaintiffs outside of France from January 1, 2018, to date, including documents sufficient to establish dates, location, method of transportation, and purpose of such travel". (See Reda Affirmation in Opposition, Ex. "G" Plaintiffs responses to Defendants' Second Set of Document Requests).

Plaintiffs object to Defendants Demand on November 14, 2022, because Plaintiffs already furnished Defendants with (1) Plaintiff Gerard Sillam's Passport on September 16, 2022 (see Reda Affirmation in Opposition, Ex. "F" Email to Ira Matetsky dated September 16, 2022), portraying that Plaintiff had not traveled outside of France in the last six (6) months; and (2) Plaintiffs communicated in each joint letter dating back to September 30, 2022, that Aldric Saulnier is not in possession of a passport and has not traveled outside of France in the past six (6) months. What more documentation can Plaintiffs provide that is more evident than an unmarked passport.  Moreover, it is absolutely absurd to point to the fact that Plaintiff Gerard Sillam's Passport reflects that he visited the United States eight (8) times, over a ten (10) year time period, and most recently in 2018, four (4) years ago. We can agree that an individual's health can turn for the worst at any time. Plaintiff Gerard Sillam often traveled for business out of the country, or as Defendants indicated to the United States, however, for the past several years has been able to do so due to the decline in his health.

**B.**     **DEFENDANTS CAN CONDUCT THE DEPOSITIONS IN FRANCE PURSUANT TO THE HAUGE CONVENTION, WHETHER IN-PERSON OR REMOTELY**

Defendants herein argue that "conducting their [Plaintiffs] depositions in France would require compliance with time-consuming, burdensome, and expensive procedures for international discovery under the Hauge Convention," (See Defendants' Memorandum of Law concerning the Location of Plaintiffs Depositions at 7) again stating "substantially the same arguments" Defendants made at the Status Conference before Judge Wang.

Defendants were clearly aware prior to the Status Conference (November 3, 2022), that if Plaintiffs were not compelled to appear for a deposition in New York that Defendants would be required to go through the Hauge Convention to depose the Plaintiffs. During the Status Conference, Mr. Matetsky, in response to the Courts questions as to why the depositions could not be conducted in France, states that "I don't believe it's legally permissible for American lawyers to travel to France and take depositions, The French Government frowns on American…," (See Reda Affirmation in Opposition, Ex. "C" Transcript at P.16, L:1-3) wherein Judge Wang even states that it is possible, and that it may be problematic, but problems that can be worked through. (See Reda Affirmation in Opposition, Ex. "C" Transcript at P.16, L:4-8). Mr. Matestsky then states, "[i]s that merely by flying to France and doing it, or is that going through the Hauge Convention," (see Reda Affirmation in Opposition, Ex. "C" Transcript at P. 16, L:9-10) further attempting to argue to the Court that going through the Hauge Convention will be "burdensome".

It is difficult to imagine that Defendants themselves or their counterparts have never conducted depositions, or even processed subpoenas in foreign countries, wherein there was a need to go through the Hauge Convention. Defendants represent many clients in class action

lawsuits some of which involve foreign institutions, and file claims for numerous foreign

entities, many of which are located and do business in France.

Notably, Defendants submissions of the Declarations of Andrew Noel Tetley and Natasha

Tardif in connection with their Motion for Reconsideration or Reargument is improper. Local

Civil Rule 6.3 (Motions for Reconsideration or Reargument) states that, "[n]o affidavits shall be

filed by any party unless directed by the court. See *NY R USDCTS&ED Civ Rule 6.3*. Andrew

Noel Tetley and Natasha Tardif are not parties to the action, nor are they Counsel to Defendants

in this action (filed with the S.D.N.Y.) Plaintiffs could have included the Declaration of Sophie

Larroque in their opposition, who represents Plaintiffs in France and who is fully familiar with

the subject matter of this action, to further discuss the parameters of the Hauge Convention,

however, did not do so as a result of Local Civil Rule 6.3. Accordingly, The Declarations of

Andrew Noel Tetley and Natasha Tardif should not be included in the Court's review and

determination of this motion. Moreover, Plaintiffs' counsel only submits the Affirmation in

Opposition to Defendants motion to provide the Court with the Exhibits mentioned herein. As

such the Declaration of Mark C. Zauderer should be only used by the Court for the same, and

any further information should be disregarded.

A party seeking reconsideration "is not supposed to treat the court's initial decision as the

opening of a dialogue in which that party may then use such a motion to advance new theories or

adduce new evidence in response to the court's rulings." ***462** Polsby v. St. Martin's Press,

Inc.,* No. 97 Civ. 690, 2000 WL 98057, at *1 (S.D.N.Y. Jan 18, 2000) (Mukasey, J.). Thus, a

motion for reconsideration "is not a substitute for appeal and 'may be granted only where the

Court has overlooked matters or controlling decisions which might have materially influenced

the earlier decision.'" *Morales v. Quintiles Transnational Corp.,* 25 F.Supp.2d 369, 372

(S.D.N.Y.1998). "Motions for Reconsideration are governed principally by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *In re Gen. Motors LLC Ignition Switch Litig.*, 14-MD-2543, 2021 WL 1700318, at *1 (S.D.N.Y. Apr. 29, 2021) (quoting *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012)).

Notwithstanding Local Civil Rule 6.3, Defendants additions of the Declarations of Andrew Noel Tetley and Natasha Tardif in connection with their Motion is a clear attempt to further the same argument that going through the Hauge Convention may be difficult or burdensome. The Declarations do not provide any new evidence regarding the Hauge Convention, as based off said Declarations the procedural requirements, declarations, and reservations of the Hauge Convention in connection with taking depositions have been already established for several years now. Defendants are inappropriately attempting to use this opportunity, to plug in additional (not new) evidence to further their same argument.

Additionally, Defendants could have provided this information or the Declarations to the Court, prior to this motion on September 30, 2022, and November 3, 2022, to further their argument. Nonetheless, during the Status Conference, Defendants argued that going through the Hauge Convention would be difficult, however, the Court made it clear that they were already aware of this process and the problems that may arise.

 Moreover, Defendants were aware in late August, early September 2022 that Plaintiffs would not be able to travel to New York for their depositions due to health issues. (See Reda Affirmation in Opposition, Ex. "E" Email to Ira Matetsky dated September 6, 2022). Defendants could have started the application regarding the Hauge Convention. Likewise, Defendants should

have started the process subsequent to Judge Wang's decision on November 3, 2022. Instead, Defendants continue to waste time presenting the same arguments, instead of beginning the process that they have already known to be "time consuming". Furthermore, Plaintiffs' have notified Defendants as early as mid-September 2022 that Plaintiffs are not in possession of valid (unexpired) Passports. It would be equally time consuming for Plaintiffs to apply for new Passports as it would to go through the Hauge Convention.

Furthermore, Defendants now attempt to inappropriately present a new argument in connection with the "complications" that may arise when going through the Hauge Convention in stating that, "[c]onducting Plaintiffs depositions in France, whether in-person or remotely, would also subject Defendants' New York counsel to the risk that Plaintiffs will file harassing prosecutions or other legal proceeding against them in France." (See Defendants' Memorandum of Law concerning the Location of Plaintiffs Depositions at 10). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court". *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.1995).

Defendants continue to mention the Proceedings in France, to include the criminal proceeding, and continue to attack the nature and merit of those proceedings to further their arguments in this matter. Not only were these proceedings mentioned by the Defendants in their arguments in prior motions but were briefed to the Court in the joint letter dated September 30, 2022, and fully briefed to the Court during the subsequent Status Conference. As stated, numerous times, Plaintiffs' Counsel herein, does not represent Plaintiffs in any matters in France, are not fully aware of the proceedings in France, and are not knowledgeable of French law. Therefore, Plaintiffs' counsel would not be able to appropriately argue the merits of the

proceedings in France, nor should they, as this Court has no jurisdiction over those matters. Similarly, Defendants have already mentioned the press releases in the joint letter dated September 30, 2022, and during the Court during the Status Conference.

In light of Defendants new argument and fear of further legal proceedings in connection with Plaintiffs' depositions, Plaintiffs have agreed to sign an Affidavit or go on record, waiving and/or releasing their rights, if any, to file legal proceedings, in connection with their depositions in this matter, in both the United States and France (or anywhere in the world) against the Defendants and their attorneys. Affidavits from both Plaintiffs would have been submitted in connection with Plaintiffs' Opposition to Defendants Motion but for Local Civil Rule 6.3. Upon the Court's request, Plaintiffs will provide said Affidavit to the Court. Furthermore, Plaintiffs have agreed to respond to any questions asked by the Defendants during their depositions, provided they adhere to the Federal Rules of Civil Procedure.

**C.    CONDUCTING DEPOSITIONS REMOTELY WOULD NOT BE AN INFERIOR SUBSTITUTE FOR IN-PERSON DEPOSITIONS**

Again, Defendants present the same argument concerning virtual and/or remote depositions (hereinafter "remote depositions"), as they presented during the Status Conference. During the Status Conference, Mr. Matetsky briefed the Court on Defendants' position that remote depositions are more difficult than in-person depositions, specifically why they would be difficult in this matter.

At the Status Conference, Mr. Matetsky argues, "[t]hat is certainly true, depositions have been taken by remote means, and we're all certainly more familiar with the procedure for doing that now than we were a couple of years ago. But these depositions would be particularly difficult to take by remote means, and we believe that should be a last resort here. These plaintiffs have indicated they're going to have to testify through an interpreter." (See Reda

Affirmation in Opposition, Ex. "C" Transcript at P. 17, L:9-16). Additionally, adding that, "[r]emote depositions are problematic here. This is a document-intensive case. We've all dealt with depositions. I don't know if your Honor has tried cases virtually, but it's cumbersome in a document-intensive…," (see Reda Affirmation in Opposition, Ex. "C" Transcript at P. 18, L:1-4) and "[p]robably not with the case involving an interpreter though." (See Reda Affirmation in Opposition, Ex. "C" Transcript at P. 18, L:7-8).

Pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4), all depositions in this action may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means. This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (e.g., telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants. *Rouviere v. DePuy Orthopaedics*, Inc., 471 F. Supp. 3d 571 (S.D.N.Y. 2020).

In *Rouviere v. DePuy Orthopaedics* (S.D.N.Y. 2020), Plaintiffs file a letter motion arguing against remote depositions, using practically the same arguments as Defendants concerning the alleged problems of a remote deposition. "The more recent court decisions [permitting remote depositions during the pandemic] build on pre-pandemic case law that liberally allowed for and encouraged remote depositions as the technology for taking depositions

in that way has improved significantly over time." *Id.* (citing cases). *Rouviere v. DePuy Orthopaedics, Inc.,* 471 F. Supp. 3d 571 (S.D.N.Y. 2020).

The Court next considers the potential prejudice to Plaintiffs if the Howmedica Rule 30(b)(6) deposition is held remotely by videoconference. The only prejudice Plaintiffs articulate in their submissions is that the deposition will be "document intensive" and "document laden." (Pls.' 7/7/20 Ltr. Mot. at 1-2; Pls.' 7/10/20 Reply at 2.) However, this is not an obstacle to a successful remote videoconference deposition. "[C]ourts have found that exhibits can be managed in remote depositions by sending Bates-stamped exhibits to deponents prior to the depositions or using modern videoconference technology to share documents and images quickly and conveniently." *United States for Use & Benefit of Chen v. K.O.O. Constr., Inc.*, 106 Fed. R. Serv. 3d 1383, 445 F.Supp.3d 1055, 1057 (S.D. Cal. 2020) (citing cases). Moreover, there are training and informational videos available online and vendors who host video conferenced depositions are available to communicate with Plaintiffs' counsel to ensure that they are comfortable with the process of taking a remote deposition. *See Grano v. Sodexo Mgmt., Inc.*, No. 18-CV-01818 (GPC) (BLM), 335 F.R.D. 411, 415 (S.D. Cal. Apr. 24, 2020) ("There are numerous resources and training opportunities available throughout the legal community to assist Sodexo's counsel in the operation and utilization of the new technology."). *Rouviere v. DePuy Orthopaedics, Inc.*, 471 F. Supp. 3d 571 (S.D.N.Y. 2020).

"The only other potential prejudice to Plaintiffs by proceeding remotely is that the examiner will not be physically present to interact with, and observe the demeanor of, the deponent. However, a remote deposition by its nature is not conducted face-to-face. If the lack of being physically present with the witness were enough prejudice to defeat the holding of a remote deposition, then Rule 30(b)(4) would be rendered meaningless." *See Robert Smalls Inc. v.*

*Hamilton*, No. 09-CV-07171 (DAB) (JLC), 2010 WL 2541177, at *4 (S.D.N.Y. June 10, 2010). Based on the foregoing, the Court denied Plaintiff's Letter Motion and ordered the depositions to be held via video conference.

Since the Covid-19 pandemic, Plaintiffs' counsel has not participated in any in-person depositions, but numerous remote depositions, almost all of which were requested to be made to be remote by the opposing parties and not upon the request of Plaintiffs' counsel. There have not been any issues in conducting those depositions remotely. Additionally, Plaintiffs' counsel has needed, on multiple occasions, to conduct virtual meetings with Plaintiffs (and on occasion with an interpreter) with no issue. The advancement in remote depositions, and the abilities provide by agencies who assist in conducting depositions virtually, many of which do so internationally (even through the Hauge Convention), should alleviate, without difficulty, any problems that Defendants may have in conducting the remote depositions. Likewise, Defendants argument that a remote deposition will deprive Counsels ability to view the witness's demeanor should not be an issue in this matter as the depositions will be conducted and recorded virtually wherein Counsel will be able to see the Plaintiffs at all times during the depositions.

Moreover, the argument that Hauge Convention requirements also apply to remote depositions should not change the outcome of Judge Wang's decision at the Status Conference. The option by the Court for Defendants to conduct the depositions via remotely were not presented to circumvent any requirements through the Hauge Convention.

For these reasons, Judge Wangs decision at the Status Conference on November 3, 2022, should be upheld and Plaintiffs' depositions should be conducted either in-person in France or via remote deposition.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Defendants' Motion for

Reconsideration or Reargument in its entirety.

Dated: Mineola, New York
        November 28, 2022


                                        **RAISER AND KENNIFF, P.C.**


                                        By:＿＿＿＿＿＿＿＿/s/＿＿＿＿＿＿＿＿
                                        Douglas M. Reda, Esq.
                                        300 Old Country Rd., Suite 351
                                        Mineola, New York 11501
                                        (516) 742-7600
                                        douglas@raiserandkenniff.com

                                        *Attorneys for Plaintiff*
                                        *Gerard Sillam & Aldric Saulnier*