# EXHIBIT D

November 10, 2022

**BY ECF**

Honorable Ona T. Wang, U.S.M.J.
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *Sillam v. Labaton Sucharow LLP et al.,* No. 21 Civ. 6675 (CM)(OTW)

Dear Magistrate Judge Wang:

  As Your Honor directed, the parties have met and conferred concerning the location of Plaintiffs' depositions. The parties are unable to agree and submit this joint letter setting forth their respective positions. We respectfully request that the Court schedule an in-person conference during the week of November 14 to further hear the parties and resolve the issue.

Defendants' Position

  1. *The Hague Convention is applicable in France, including to virtual depositions.* As the Court directed, Defendants have met and conferred with Plaintiffs' counsel multiple times offering compromises on the location of Plaintiffs' depositions. Plaintiffs have flatly rejected any compromise and insist that their depositions must take place only in Paris, either in-person or virtually. Defendants have conferred with French counsel. As the Court knows, scheduling and conducting depositions in France requires proceedings under the Hague Evidence Convention. We are advised that this would delay Plaintiffs' depositions on the order of months and would likely require an extension of the discovery cut-off date. Significantly, the Hague Convention would apply to questioning of witnesses located in France, *even if conducted virtually* by attorneys in New York. *See* Fed. R. Civ. P. 30(d)(4) ("For the purpose of this rule and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes place where the deponent answers the questions."); *cf. Yan v. Zhou,* 2021 U.S. Dist. LEXIS 169128, at *8 (E.D.N.Y. Sept. 7, 2021).

  2. *Scope problem and due process.* Conducting the depositions in France under the Hague Convention would not only involve expense and delay, but even more troubling, would create a serious risk that the scope of Defendants' questioning of Plaintiffs may be limited. There is no assurance that depositions in France, whether conducted under the supervision of a French judge or an appointed commissioner, would afford the right of legitimate exploratory questioning or cross-examination that would be available under the Federal Rules of Civil Procedure. While such a limitation might be acceptable for depositions of third-party witnesses, here the witnesses in question are the Plaintiffs themselves, who are pursuing a lawsuit in the United States. Limiting the scope of their examination would be a gross violation of Defendants' due process rights.

  3. *Potential criminal exposure for U.S. counsel.* We are also advised by French counsel that if we were to make a mis-step in connection with Plaintiffs' depositions in France (in

1

person or virtually), criminal prosecution could potentially ensue against counsel involved. The procedures involved under the Hague Convention are complex and their acceptable practical methods of implementation are uncertain. It is unfair to impose this risk on counsel. Such a risk is real here: Plaintiffs have already brought baseless, purported private prosecutions in France against the lawyers we are representing in this very case (something they could not do in the United States), based on routine communications with Plaintiffs' former counsel. Plaintiffs then issued two press releases (copies attached as Exhibit "A"), falsely insinuating that French governmental authorities had approved those self-initiated proceedings, which they had not. There is no reason to subject counsel appearing in this case to the real possibility of this type of improper conduct.

4. *Plaintiffs' refusal to compromise.* As a compromise that would minimize Plaintiffs' travel, Defendants proposed that Plaintiffs agree to appear for deposition in either London or Brussels, both just two hours from Paris. Plaintiffs have repeatedly refused to agree. We have also been advised that deposing French citizens at these locations could potentially be construed as an evasion of French law in light of the Plaintiffs' refusal to consent to it.

5. *Plaintiffs should be deposed in New York.* Because conducting the depositions in France (in person or virtually) would involve burdensome and time-consuming procedures and might not permit a complete examination, and because Plaintiffs have rejected any alternative proposal, Defendants ask the Court to reconsider its decision not to direct Plaintiffs to appear for their depositions in New York. It is well within the Court's power to follow the general rule that plaintiffs must appear in the forum where they brought their lawsuit, *see, e.g., Wei Su v. Sotheby's, Inc.,* 2019 U.S. Dist. LEXIS 146667, at *1-2 (S.D.N.Y. Aug. 28, 2019); *City of Perry v. Proctor & Gamble Co.,* 2017 U.S. Dist. LEXIS 94887, at *5 (S.D.N.Y. June 20, 2017), especially when not doing so could result in a curtailment of Defendants' right to full examinations pursuant to U.S. law and procedures. Plaintiffs have made no detailed showing of health reasons why they cannot come to New York. The doctor's letter furnished by Plaintiff Sillam provides no detailed health history, is conclusory in nature, and its generalized assertions are insufficient to meet Plaintiffs' burden of establishing good cause for avoiding depositions in Plaintiffs' chosen forum. *See Wei Su,* at *6 (declining to credit doctor's note that, among other things, contained generalities and included no pre-litigation medical history or diagnosis). Moreover, Plaintiff Sillam's passport reflects that he visited the United States at least eight times since 2013, so the credibility of his asserted inability to travel is questionable. Plaintiff Saulnier does not even claim ill-health and cites nothing besides his age. Finally, it would be unconscionable for Plaintiffs to assert that they are not well enough to travel to New York for their depositions but then later be suddenly well enough to appear in New York for a multi-day trial.

Plaintiffs' Position

1. *Plaintiff Gerard Sillam's Medical Condition.* Plaintiff, Gerard Sillam's (hereinafter "Plaintiff Sillam") medical diagnoses has remained unchanged. Plaintiff Sillam is sixty-one (61) years old and suffers from severe heart disease and target organ damage. Plaintiff Sillam's physician has prohibited Plaintiff from traveling for the next six (6) months. A doctor's note outlying the aforementioned was previously provided to Defendants and will be provided to the Court upon request. Defendants argue that London and/or Brussels is only an estimated two (2) hours from where Plaintiff Sillam resides, however, the decreased timeframe or distance does not alter the fact that Plaintiff is suffering from a medical condition which forbids Plaintiff from

2

traveling. It is unreasonable to request that Plaintiff leave the country where his doctors are readily available if needed.

2. *Plaintiffs' Passports.* Plaintiff Sillam and Plaintiff Aldric Saulnier are not in possession of passports, which they would need if they were required to travel to London, or any other location with a passport requirement. It would take an estimated 10 weeks for Plaintiffs to receive their passports and the parties only have until February 28, 2023, to complete discovery. This delay would greatly affect the current discovery timeline, and would provide only a short time period, if any, to conduct Plaintiffs' depositions of Defendants and any third-party witnesses.

3. *The Hague Convention and Virtual Depositions.* We disagree with Defendants position regarding The Hague Convention and virtual depositions, Defendants provide no evidence that because Plaintiffs reside in France, the virtual deposition has the same rules as in person depositions in France. The Defendants supply no authority for that statement. Defendants and Plaintiffs had three meet and confers this week, and this is the first time Defendants Counsel has raised this alleged issue.

4. *French Criminal Matter.* We object to Defendants continually mentioning the criminal case in France as it has nothing to do with the civil matter before this Court. Plaintiffs' Counsel does not represent Plaintiffs in this matter, nonetheless, please see attached Exhibit "1".

5. *Plaintiffs Depositions in New York.* We object to Defendants attempt to relitigate the in-person depositions in New York as this was already determined by the Honorable Judge Ona. T. Wang during the Status Conference on November 3, 2022.

Conclusion

The parties jointly request that the Court schedule an in-person conference, if possible during the week of November 14, 2022, to address and resolve this dispute. If convenient for the Court, all counsel are available on the morning of November 15 or on the afternoon of November 16 or 18.

Respectfully,

/S/  
Douglas Reda  
Raiser & Kenniff, P.C.  
Counsel for Plaintiffs

/S/  
Mark C. Zauderer and Ira Brad Matetsky  
Ganfer Shore Leeds & Zauderer LLP  
Counsel for Defendants

3

# EXHIBIT A

Case 1:21-cv-06675-CM-OTW Document 684 Filed 11/28/22 Page 5 of 12

# PLAINTIFF ATTORNEY SOPHIE LARROQUE ANNOUNCES THAT LABATON SUCHAROW LLP AND 4 PARTNERS ARE DEFENDANTS IN A CRIMINAL TRIAL IN PARIS

JANUARY 28, 2022|CROWDNEWSWIRE

**NEW YORK JANUARY 28, 2022** —French Attorney Maître Sophie Larroque announces that Labaton Sucharow LLP, Chairman Christopher Keller, and Partners Eric Belfi, Lawrence Sucharow, current General Counsel Michael Canty, and a former General Counsel of Labaton Sucharow are Defendants in a Criminal Trial in the Paris Court in Paris, France.

Maître Sophie Larroque is representing Plaintiff Gerard Sillam.

The next hearing is scheduled for March 15, 2022.

Allegedly, the Prosecutor Office of the Paris Court has confirmed in writing that French Prosecutors have recently moved against Labaton Sucharow LLP and several Partners, in a case involving the London based subsidiary of Brown Rudnick and former Partner Mr. Nicholas Tse for illegal threats and false accusations. Brown Rudnick London has a branch in Paris. This has happened in the light of emails sent by Mr. Canty evidencing certain fees collected by Labaton Sucharow LLP.

The Criminal Summons alleges conspiracy, aggravated fraud, perjury and forgery, in link with French and US related wrongdoings

If found guilty in Paris, the Defendants can be sentenced up to 10 years in prison and substantially high fines, and in addition forced to pay compensation to the victims up to €25 million.

All parties and individuals mentioned in this press release are presumed innocent until proven guilty in a Court of Law.

> **"The Criminal Summons alleges fraud upon the Court by Labaton Sucharow LLP with the US District Court for the District of Massachusetts in the State Street case, evidenced by the exhibits filed in the Paris Court and in the US District Court for the Southern District of New York"**

Tags: MSG, court of law, Nissin, defendants, Class Action, legal tech

**See Campaign:** http://www.raiserandkenniff.com
**Contact Information:**
Maître Sophie Larroque Attorney-At-Law Ph +44 7527 200830 The US Counsel for the plaintiffs is as follows: Raiser & Kenniff, PC 300 Old Country Road, Suite 351 Mineola, NY 11501 Ph (516) 742-7600 Fax 516-742-7618 eFax (888) 688-1765 http://www.raiserandkenniff.com 87 Walker Street, 2nd Floor New York, NY 10013 Mail to: slarroque@larroque.co.uk 1, Place de la République F – 92300 – Levallois-Perret, France Ph +33 1 55 46 50 50
**Tags:**
Reportedtimes, Financial Content, Google News, IPS, Menafn, PR-Wirein, iCN Internal Distribution, Legal Newswire, Class actions, Legal Tech, English

## Contact Information:

Maître Sophie Larroque
Attorney-At-Law
Ph +44 7527 200830

The US Counsel for the plaintiffs is as follows: Raiser & Kenniff, PC
300 Old Country Road, Suite 351
Mineola, NY 11501
Ph (516) 742-7600

Fax 516-742-7618 eFax (888) 688-1765
http://www.raiserandkenniff.com
87 Walker Street, 2nd Floor New York, NY 10013

Mail to: slarroque@larroque.co.uk

1, Place de la République
F – 92300 – Levallois-Perret, France
Ph +33 1 55 46 50 50

# CRIMINAL TRIAL ON APRIL 8, 2022: LABATON SUCHAROW LLP AND 4 PARTNERS ARE DEFENDANTS IN PARIS

FEBRUARY 10, 2022 ICROWDNEWSWIRE

NEW YORK FEBRUARY 10, 2022 — French Attorney Maître Sophie Larroque announces that nationally ranked and award-winning shareholder rights law firm Labaton Sucharow LLP, Chairman Christopher Keller, and Partners Eric Belfi, Lawrence Sucharow, current General Counsel Michael Canty, and a former General Counsel of Labaton Sucharow are Defendants in a Criminal Trial in the Paris Court in Paris, France.

Maître Sophie Larroque is representing the plaintiff Gérard Sillam.

The next hearing is scheduled for April 8, 2022 before a panel of the Paris Court for aggravated fraud, criminal conspiracy, forgery and use, in connection with acts committed in France and the United States, including five false affidavits signed by Defendant Christopher Keller, the last of which was sent in 2015 to a Paris-based lawyer.

In 2017, in Boston Federal Court, seven affidavits filed by securities fraud plaintiff law firm Labaton Sucharow LLP, including one signed by Defendant Christopher Keller, were all found to be false (State Street case). The seven affidavits signed in 2017 by seven Partners and filed by Labaton Sucharow LLP in Boston Federal Court stated that ony one bare referal agreement was ever signed by Labaton Sucharow LLP. This is false.

As a matter of fact, French Prosecutors moved on November 25, 2021, against Defendant securities law firm Labaton Sucharow LLP, Defendant Christopher J. Keller, Defendant Lawrence Sucharow, Defendant Michael P. Canty, Defendant law firm Brown Rudnick and Defendant Nicholas Tse for unlawful threats and false accusations. This occurred in light of emails sent by Mr. Canty attesting to certain fees received by Labaton Sucharow LLP.

In the United States, the Federal civil case is before the US District Court for the Southern District of New York (1:2021cv06675).

More information will follow. All parties and persons mentioned in this press release are presumed innocent until proven guilty in a Court of Law.

Tags: Class Actions, FedralCourt, ICN Internal Distribution, Legal Newswire, legal tech, Court

**See Campaign:** http://www.raiserandkenniff.com

## Contact Information:

Maître Sophie Larroque Attorney-At-Law Ph +44 7527 200830 Mail to: slarroque@larroque.co.uk 1, Place de la République F – 92300 – Levallois-Perret, France Ph +33 1 55 46 50 50

**Tags:**
PR-Wirein, Financial Content, Reportedtimes, IPS, Google News, Menafn, iCN Internal Distribution, Legal Newswire, Legal Ethics, Legal Tech, English

Contact Information:

Maître Sophie Larroque
Attorney-At-Law
Ph +44 7527 200830
Mail to: slarroque@larroque.co.uk
1, Place de la République
F – 92300 – Levallois-Perret, France
Ph +33 1 55 46 50 50

# EXHIBIT 1

COUR D'APPEL DE PARIS

PARQUET DU TRIBUNAL
JUDICIAIRE DE PARIS

****

6ème DIVISION
**SECTION A1**
Section BO & AUDIENCEMENT

À

N° de Parquet : 21099000303

**Partie civile :**
SILLAM Gérard
SAULNIER Aldric

**Maître Sophie LARROQUE**
Avocat au barreau des Hauts de Seine

**Prévenus :**
CABINET D'AVOCATS LABATON SUCHAROW
KELLER Christopher
LAWRENCE SUCHAROW
BELFI ERIC
CANTY MICHAEL P
STOCKER MICHAEL W

Nous, Marie-Pierre CHÂTEAUVIEUX, substitut de Madame la Procureure du Tribunal Judiciaire de Paris, sis parvis du tribunal – 75017 PARIS, atteste :

- avoir reçu, le 23 juillet 2021, de Messieurs Gérard SILLAM et Aldric SAULNIER (parties civiles), copie des citations à comparaître à l'audience du 15 octobre 2021 à 13h30, devant la 13ème chambre correctionnelle 2, délivrées à l'encontre de CABINET D'AVOCATS LABATON, SUCHAROW, KELLER Christopher, LAWRENCE SUCHAROW, BELFI ERIC, CANTY MICHAEL P, et STOCKER MICHAEL W et mettant en mouvement l'action publique à l'encontre des prévenus ;

- qu'à l'audience du 15 octobre 2021, le Tribunal a fixé les consignations à verser par les parties civiles à 3 000 € chacune, à verser avant le 15 mars 2022, et renvoyé l'affaire contradictoirement au 08 avril 2022 pour vérification du versement de la consignation

- qu'à l'audience du 8 avril 2022, le Tribunal a constaté le versement des consignations des deux parties civiles et a renvoyé l'affaire pour être plaidée sur le fond au 12 janvier 2023 à 13h30 ;

Attestation faite à la demande de l'avocat pour valoir ce que de droit,

A Paris, le 26/10/2022,
P/LA PROCUREURE DE LA RÉPUBLIQUE
Marie-Pierre CHÂTEAUVIEUX, Substitut

PARIS COURT OF APPEAL
[COUR D'APPEL DE PARIS]

PARIS COURT
PROSECUTION
DEPARTMENT
*PARQUET DU
TRIBUNAL
JUDICAIRE DE PARIS*

Sixth DIVISION
**SECTION A1**
**Section BO & AUDIENCEMENT**

A

Prosecution Nr:

21099000303  Civil Plaintiff:
SILLAM Gérard
SAULNIER Aldric

Maitre Sophie LARROQUE
Avocat au barreau des Hauts de Seine

Defendants [*Prévenus*]:
LAW FIRM CABINET D'AVOCATS LABATON
SUCHAROW
KELLER Christopher
LAWRENCE SUCHAROW
BELFI ERIC
CANTY MICHAEL P
STOCKER MICHAEL W

We, Marie-Pierre CHATEAUVIEUX, substitute for the Prosecutor of the Judicial Court of Paris, located at parvis du tribunal - 75017 PARIS, attest that:

- that on July 23, 2021, I received from Mr. Gérard SILLAM and Mr. Aldric SAULNIER (civil parties), a copy of the summonses to appear at the hearing of October 15, 2021 at 1:30 p.m., before the 13th Correctional Chamber 2, issued to CABINET D'AVOCATS LABATON, SUCHAROW, KELLER Christopher, LAWRENCE SUCHAROW, BELFI ERIC, CANTY MICHAEL P, and STOCKER MICHAEL W and initiating the public action against the defendants;

- that at the hearing of October 15, 2021, the Court set the deposits to be paid by the civil parties at euros 3,000 each, to be paid before March 15, 2022, and postponed the case to April 8, 2022 for verification of the payment of the deposit;

- that at the hearing of April 8, 2022, the Court noted the payment of the deposits of the two civil parties and postponed the case to be pleaded on the merits to January 12, 2023 at 1:30 pm;

Certificate made at the request of counsel to the best of their knowledge and belief,

Done in Paris, on October 2022,
P/THE PROSECUTOR OF THE REPUBLIQUE
Marie-Pierre CHATEAUVIEUX, Substitute

