# EXHIBIT G

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GERARD SILLAM and ALDRIC SAULNIER,

                    Plaintiffs,                    No. 21 CV 6675 (CM)

     -against-                                     **PLAINTIFFS'
                                                   RESPONSES TO DEFENDANTS
LABATON SUCHAROW LLP,                              SECOND SET OF DOCUMENT
CHRISTOPHER J. KELLER, and                         REQUESTS**
LAWRENCE A. SUCHAROW,

                    Defendants.
-----------------------------------------------------------------X
```

Plaintiffs, GERARD SILLAM and ALDRIC SAULNIER, by and through their attorneys RAISER & KENNIFF, P.C., do hereby provide their combined responses to Defendants' Second Set of Document Requests, as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs' investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiffs' right to rely on other facts or documents at trial.

2. By making the accompanying responses and these objections to Defendants' requests, Plaintiffs do not waive, and hereby expressly reserves, their right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiffs make the responses and objections herein without in any way implying that they consider the requests or responses thereto to be relevant or material to the subject matter of this action.

3. Plaintiffs expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

## **GENERAL OBJECTIONS**

1. Plaintiffs object to Defendants' requests because and to the extent that they seek information and/or documents protected from disclosure under the attorney-client privilege and/or work-product doctrine. Should any such disclosure by Plaintiffs occur, it is inadvertent and shall not constitute a waiver of any privilege.

2. Plaintiffs object to Defendants' requests because and to the extent that they seek information and/or documents that are confidential or private.

3. Plaintiffs object to Defendants' requests because and to the extent that they seek information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to Defendants' requests because and to the extent that they are overbroad or unduly burdensome and oppressive.

5. Plaintiff objects to Defendants' requests because and to the extent that terms or phrases contained therein are vague, ambiguous or undefined.

6. Plaintiffs object to Defendants' requests because and to the extent that they fail to identify the information, documents, or category of documents that are sought with reasonable particularity.

7. Plaintiffs object to each definition, instruction, and document request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to Defendants from Defendants' own files or documents. Responding to such requests would be oppressive,

unduly burdensome and unnecessarily expensive, and the burden of responding to such requests is substantially the same or less for Defendants as for Plaintiffs.

8. These General Objections are continuing and are incorporated by reference in each and every response set forth below.

9. By providing the information or documents below, Plaintiffs do not in any way waive or intend to waive, but rather intends to preserve and is preserving: (a) all objections to competency, relevance, materially and admissibility of the responses, or the subject matter thereof; (b) all objections as to vagueness, ambiguity, or unduly burdensome; (c) all rights to object on any ground to the use of any of said responses or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other actions; and (d) all rights to object on any ground to any request for further responses to these or any other discovery requests involving or relating to the subject matter of the request.

10. Plaintiffs' responses are based upon information and documents presently known to Plaintiffs, and Plaintiffs reserve the right to present at trial additional information discovered subsequently.

## DOCUMENT REQUESTS

1. All communications between Plaintiffs or any person acting on Plaintiffs' behalf and any of the entities listed in the 2009 Sillam Agreement and/or the Exhibit to the Keller Certifications, relating to Defendants or the subject-matter of this action.

**RESPONSE:** *Plaintiffs refer Defendants to the documents furnished to Defendants in responding to Defendants First Set of Document Demands. Plaintiffs further expressly reserve the right to supplement and amend this answer up to and including the time of trial.*

2. All communications between Plaintiffs or any person acting on Plaintiffs' behalf and any attorney or law firm, in any jurisdiction, other than counsel that currently represents or previously represented Plaintiffs, relating to Defendants or the subject-matter of this action.

**RESPONSE:** *Plaintiffs object to Defendants' requests because and to the extent that they seek information and/or documents protected from disclosure under the attorney-client privilege and/or work-product doctrine.*

3. All documents disseminated to current or prospective customers or the general public, including but not limited to publicity materials, internet postings, or press releases, concerning the claims administration business operated by Plaintiff Sillam with respect to the filing of proofs of claim in securities class actions in the United States.

**RESPONSE:** *Plaintiffs object to Defendants' requests because and to the extent that they seek information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the aforementioned objection, Plaintiffs refer Defendants to the documents furnished to Defendants in responding to Defendants First Set of Document Demands.*

*Plaintiffs further expressly reserve the right to supplement and amend this answer up to and including the time of trial.*

4. All communications between Plaintiffs or any person acting on Plaintiffs' behalf concerning any press release issued by or on behalf of Plaintiffs concerning Defendants and/or the subject-matter of this action.

**RESPONSE:** *Plaintiffs object to Defendants' requests because and to the extent that they seek information and/or documents that are neither relevant nor reasonably calculated to lead to the*

*discovery of admissible evidence. Plaintiffs further expressly reserve the right to supplement and amend this answer up to and including the time of trial.*

5. All communications between Plaintiffs and any person acting on Plaintiffs' behalf concerning any legal proceeding, in any jurisdiction, commenced by Plaintiffs with respect to Labaton or the subject-matter of this action.

**RESPONSE:** *Plaintiffs object to Defendants' requests because and to the extent that they seek information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further expressly reserve the right to supplement and amend this answer up to and including the time of trial.*

6. All documents establishing that Plaintiff Sillam has any damages resulting from the conduct alleged in the Complaint and the amount of such damages.

**RESPONSE:** *Plaintiffs object to Defendants' requests because and to the extent that they are overbroad and unduly burdensome. Notwithstanding the aforementioned objection, Plaintiffs refer Defendants to the documents furnished to Defendants in responding to Defendants First Set of Document Demands.*

7. All documents establishing that Plaintiff Saulnier has any damages resulting from the conduct alleged in the Complaint and the amount of such damages.

**RESPONSE:** *Plaintiffs object to Defendants' requests because and to the extent that they are overbroad and unduly burdensome. Notwithstanding the aforementioned objection, Plaintiffs refer Defendants to the documents furnished to Defendants in responding to Defendants First Set of Document Demands.*

8. All documents relating to any travel by Plaintiffs outside France from January 1, 2018, to date, including documents sufficient to establish dates, location, method of transportation, and purpose of such travel.

**RESPONSE:** *Plaintiffs object to Defendants' requests because and to the extent that they seek information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further expressly reserve the right to supplement and amend this answer up to and including the time of trial.*

9. All documents relating to Plaintiff Sillam's residing, working, or operating a business in London, England or any other location outside France, at any time from January 1, 2018, to date.

**RESPONSE:** *Plaintiffs object to Defendants' requests because and to the extent that they seek information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further expressly reserve the right to supplement and amend this answer up to and including the time of trial.*

Dated: November 14, 2022
      Mineola, New York

RAISER & KENNIFF, P.C.
*Attorneys for Plaintiffs*

By: _____/s/_____
Douglas M. Reda, Esq.
300 Old Country Rd., Suite 351
Mineola, NY 11501
T: (516) 742-7600
E: douglas@raiserandkenniff.com

<u>VERIFICATION</u>

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NASSAU     )

DOUGLAS REDA, ESQ. an attorney admitted in the State of New York does hereby affirm under the penalty of perjury that:

He is an attorney at Raiser and Kenniff PC, attorneys for GERARD SILLAM and ALDRIC SAULNIER, Plaintiffs in the within action; they have read the within combined responses to Defendants' Second Set of Document Requests and know the contents thereof; and the same is true to their own knowledge, except and to the matters herein stated to be alleged upon information and belief, and as to those matters, they believe them to be true.

The source of his information and knowledge are based upon an investigation of the records on file.

The reason this Verification is being made by deponent and not by the Plaintiffs is that the Plaintiffs reside in a different country.

*Douglas Reda*
DOUGLAS REDA, ESQ