UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

GÉRARD SILLAM and ALDRIC SAULNIER,  :

                Plaintiffs,  :  No. 21 CV 6675 (CM)(OTW)

       -against-  :

LABATON SUCHAROW LLP and  :
CHRISTOPHER J. KELLER,
                :

                Defendants.
                :

----------------------------------------------------------------x

## DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW
## CONCERNING THE LOCATION OF PLAINTIFFS' DEPOSITIONS

                                          GANFER SHORE LEEDS & ZAUDERER LLP
                                          360 Lexington Avenue
                                          New York, New York 10017
                                          (212) 922-9250
                                          (212) 922-9335 (facsimile)
                                          mzauderer@ganfershore.com
                                          *Attorneys for Defendants*

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

ARGUMENT ............................................................................................................................1

A. *Aerospatiale* Does Not Affect the Court's Ability to Require
Plaintiffs to Appear for Depositions in New York; It Applies Only
to Discovery Abroad ....................................................................................................1

B. If the Depositions Are Conducted in France, the Hague Convention Would
Apply; There Is No Option To Conduct Them in France Under the Federal Rules ............2

C. Plaintiffs' Proposed Affidavits Would Be Insufficient To
Excuse Their Appearing in New York for Their Depositions .............................................4

CONCLUSION ........................................................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*Barko v. Halliburton Co.*,
270 F.R.D. 26 (D.D.C. 2010) .......... 3

*Dubai Islamic Bank v. Citibank, N.A.*,
No. 99 Civ. 1930 (RMB)(THK), 2002 U.S. Dist. LEXIS 9794
(S.D.N.Y. May 28, 2002) .......... 1, 2

*In re Vitamin Antitrust Litig.*,
Misc. No. 99-197 (TFH), 2001 U.S. Dist. LEXIS 25070
(D.D.C. Sept. 10, 2001) .......... 3

*Paleteria la Michacana, Inc. v. Productos Lacteos Tocumba S.A. de C.V.*,
292 F.R.D. 19 (D.D.C. 2013) .......... 2, 3

*Société Nationale Industrielle Aerospatiale v. United States District Court for the Southern District of Iowa*,
482 U.S. 522 (1987) .......... 1, 2

*Wei Su v. Sotheby's, Inc.*,
No. 17-CV-4577 (VEC), 2019 U.S. Dist. LEXIS 146667
(S.D.N.Y. Aug. 28, 2019) .......... 1

Defendants, Labaton Sucharow LLP and Christopher J. Keller, respectfully submit this Supplemental Brief pursuant to the Court's Order of December 15, 2022. (ECF No. 70).

## ARGUMENT

**A.     *Aerospatiale* Does Not Affect the Court's Ability to Require Plaintiffs to Appear for Depositions in New York; It Applies Only to Discovery Abroad**

In *Société Nationale Industrielle Aerospatiale v. United States District Court for the Southern District of Iowa*, 482 U.S. 522 (1987) ("*Aerospatiale*"), the Supreme Court addressed whether discovery conducted abroad must be conducted under the Hague Evidence Convention or whether it could be conducted under the Federal Rules of Civil Procedure. *Aerospatiale* does not preclude requiring Plaintiffs to come to New York to be deposed; the case addressed an entirely different issue, the methods that can be used for taking discovery abroad. The Hague Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence *located in another contracting state*." *Id*. at 524 (emphasis added); *see also id.* at 540-42. Thus, the Hague Convention – with all of its associated complexities and difficulties – is inapplicable if the Court directs that Plaintiffs be deposed in New York, in accordance with the "general rule" discussed in our prior briefing that Plaintiffs who file suit in this District must ordinarily make themselves available for deposition here. *E.g. Wei Su v. Sotheby's, Inc.*, No. 17-CV-4577 (VEC), 2019 U.S. Dist. LEXIS 146667 (S.D.N.Y. Aug. 28, 2019).

As the Supreme Court instructed, the Hague Convention provides an alternative means, in addition to the Federal Rules of Civil Procedure, for taking discovery *abroad*. In deciding whether to require compliance with the Hague Convention in a case involving discovery abroad, a court is to undertake a "particularized analysis" of relevant interests. *Aerospatiale*, 482 U.S. at 545-46.

Courts, citing *Aerospatiale*, have required foreign plaintiffs to come to New York to be deposed. For example, *Dubai Islamic Bank v. Citibank, N.A.*, No. 99 Civ. 1930 (RMB)(THK),

1

2002 U.S. Dist. LEXIS 9794 (S.D.N.Y. May 28, 2002), addressed whether the plaintiff, which had brought a litigation in this Court, must produce its employees for depositions here. The court cited *Aerospatiale* for the proposition that the availability of Hague Convention procedures "do[es] not prejudice [defendants'] right to seek depositions by the more conventional means available under the Federal Rules of Civil Procedure," such as depositions in the U.S. forum. *Id*. at *3 n.2. The opinion reaffirmed that plaintiffs will generally be deposed in the forum where they chose to bring their claims, and it held that the plaintiffs' arguments in favor of taking the depositions overseas or remotely, including conclusory allegations that the witnesses had health issues, were insufficient to overcome that presumption. *Id.* at *39-51. The court also declined to order video or telephonic depositions given the absence of "financial hardship or other good cause"; "the language barriers and the need for interpreters"; and "the highly contentious nature of this lawsuit, [so that] the availability of the Court to resolve disputes that may arise during depositions counsels in favor of conducting them in New York." *Id*. at *49-50.

**B.     If the Depositions Are Conducted in France, the Hague Convention Would Apply; There Is No Option To Conduct Them in France Under the Federal Rules**

By directing depositions in New York, the Court would avoid both of two undesirable alternatives if the depositions were held in France (either in-person or virtually): either conducting the depositions in France under the Hague Convention, with all the delays, expense, inconvenience, and potential limitations on complete examinations that Defendants have previously raised; or conducting the depositions in France *without* following the Hague Convention, which would not guarantee complete examinations and could expose defense counsel to an even greater possibility of being subjected to criminal proceedings in France.

*Paleteria la Michacana, Inc. v. Productos Lacteos Tocumba S.A. de C.V.*, 292 F.R.D. 19 (D.D.C. 2013), is another case that cited *Aerospatiale* in directing the party that initiated U.S.

litigation to appear for deposition here, thereby avoiding application of the Hague Convention. *Id.* at 23-24. The court there discussed, but ultimately discarded, the possibility of ordering that the depositions take place abroad *without* following the Hague Convention. *Id*. at 24-26. The court noted that this approach was possible for some countries, but *no*t for others such as France. In doing so, the court compared the U.S. State Department's published guidance on discovery in various countries, observing that Mexico "allows voluntary depositions provided no compulsion is used," while "*France requires compliance with the Hague Convention for any deposition of a French citizen or third country national*." *Id*. at 24 (emphasis added); *see also United States ex rel. Barko v. Halliburton Co.*, 270 F.R.D. 26, 29 (D.D.C. 2010) ("[T]he instant case does not involve a foreign jurisdiction in which the taking of a deposition pursuant to the Federal Rules was barred by the law of the foreign country."); *In re Vitamin Antitrust Litig.*, Misc. No. 99-197 (TFH), 2001 U.S. Dist. LEXIS 25070, at *58 (D.D.C. Sept. 10, 2001) ("there is a larger potential for affronts to sovereignty through the taking of testimony from witnesses abroad than from the collection of documents responsive to document requests"). Accordingly, there is simply no option to conduct Plaintiffs' depositions in France under the Federal Rules of Civil Procedure without resort to the Hague Convention.

As discussed in the prior Declaration of Andrew Tetley, taking a deposition in France without French governmental authorization would violate a French blocking statute that is enforceable by both civil and criminal penalties. (ECF Doc. 63 ¶¶ 18-19). That is not merely a theoretical concern. As discussed in the Declarations of Mark C. Zauderer and Natasha Tardif (ECF Docs. 62 ¶¶ 11-14; 64 ¶¶ 3-6), these Plaintiffs already have repeatedly misused the French legal system against Defendants and their outside counsel in connection with this very same dispute. While there are several court decisions observing that France generally does not vigorously enforce its blocking statute, these cases typically involved the potential legal exposure

3

of the testifying witnesses, not of the lawyers who would be conducting the discovery and who could be victimized by the sort of vexatious tactics that Plaintiffs have already utilized against Labaton and its attorneys multiple times.

C. **Plaintiffs' Proposed Affidavits Would Be Insufficient To Excuse Their Appearing in New York for Their Depositions**

The Court also directed counsel to discuss "why Plaintiffs' offers to sign affidavits or go on the record releasing their rights to file criminal legal proceedings against Defendants and their attorneys are not sufficient to resolve the dispute." (ECF No. 70). Although Plaintiffs' counsel have proposed that Plaintiffs submit such affidavits, no actual affidavits, or even drafts, of them have been tendered.

Even were party affidavits submitted, we cannot rely on them to alleviate the risk of being subjected to criminal complaints initiated by Plaintiffs in France. As discussed in the accompanying Supplemental Declaration of Natasha Tardif, a private agreement cannot prevent a public action such as the prosecution of an offense. (Tardif Supp. Decl. ¶ 4). Moreover, even in a civil matter and *a fortiori* in a criminal matter, it is not possible under French law to settle claims founded upon future events that have not yet occurred or are not yet known. (*Id*. ¶ 5).

It would be inequitable for the Court to require Defendants and their outside counsel to rely on the proposed affidavits from Plaintiffs. Not only have Plaintiffs filed at least three prior criminal matters arising out of this dispute, but they are also pursuing this action in breach of a prior, comprehensive general release contained in their 2015 Agreement with Labaton. That 2015 Agreement, signed by both Plaintiffs Sillam and Saulnier, was descriptively captioned as the "UNIVERSAL SETTLEMENT AGREEMENT AND FULL RELEASE AND COMPLETE WAIVER OF ANY AND ALL CLAIMS OR POTENTIAL CLAIM(S) AGAINST LABATON OR ANY OF ITS PARTNERS, AGENTS OR REPRESENTATIVES." (ECF Doc. 16-6). This

agreement contained broad language reflecting that it was intended to represent a full and final resolution of any obligations that Labaton allegedly owed to Sillam or Saulnier (referred to in the agreement as the "Alfonso Clients"), including that:

> The Parties to this Universal Settlement understand, acknowledge and agree that upon the timely satisfaction of "The Consideration" made by Labaton as set forth herein, the Alfonso Clients shall universally and forever release and waive any claim or potential claim which could possibly be brought in any jurisdiction anywhere in the world for all time arising out of or in any way related to The Settlements, as well as any claim or potential claim the Alfonso Clients have or could possibly have against Labaton or any of its partners, agents or representatives.

(ECF Doc. 16-6 at 1-2). Despite this expansive language of waiver and release, Plaintiffs are pursuing this very action, asserting claims against Labaton and one of its partners. Moreover, as to Plaintiff Sillam, he had included equally broad release language in his prior 2009 agreement with Labaton. (ECF Doc. 16-2 at 2, 6). To put it plainly, a waiver or release signed by Plaintiffs, even if contained in an affidavit, is not worth the paper it is printed on.

## CONCLUSION

For the foregoing reasons as well as those set forth in Defendants' prior submissions, the Court should direct that Plaintiffs appear for in-person depositions in New York.

Dated: New York, New York
December 23, 2022

GANFER SHORE LEEDS & ZAUDERER LLP

By: *Mark C. Zauderer*
  Mark C. Zauderer
  Ira Brad Matetsky
  Yoram Miller
360 Lexington Avenue
New York, New York 10017
(212) 922-9250
(212) 922-9335 (facsimile)
mzauderer@ganfershore.com
*Attorneys for Defendants*

5