UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GERARD SILLAM and ALDRIC SAULNIER,

               Plaintiffs,                    No. 21 CV 6675 (CM)

  -against-

LABATON SUCHAROW LLP,
CHRISTOPHER J. KELLER, and
LAWRENCE A. SUCHAROW,

               Defendants.
------------------------------------------------------------------X

## PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OR REARGUMENT

**RAISER AND KENNIFF, P.C.**

Douglas M. Reda, Esq.
300 Old Country Rd., Suite 351
Mineola, New York 11501
(516) 742-7600
douglas@raiserandkenniff.com

*Attorneys for Plaintiff*
*Gerard Sillam & Aldric Saulnier*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ……………………………………………………………………. ii

ARGUMENT .................................................................................................................................1

    A.  AEROSPATIALE APPLIES TO OBTAINING DOCUMENTS AND INFORMATION, INCLUDING THROUGH DEPOSITIONS, ABOARD ….………… 1

    B.  IT WOULD NOT BE A VIOLATION OF THE HAGUE CONVENTION TO CONDUCT THE DEPOSITIONS VIRTUALLY OR IN FRANCE UNDER THE FEDERAL RULES ……………….……………………………………………….. 2

    C.  PLAINTIFFS' PROPOSED AFFIDAVITS WOULD BE SUFFICIENT …..………….. 4

CONCLUSION …………………………………………………………………………….. 5

**TABLE OF AUTHORITIES**

**Case** **Page**

*Hudson v. Hermann Pfauter GmbH & Co.*,
    117 F.R.D. (N.D.N.Y.1987) ………………………………………………………....… 1

*In re Asbestos Prod. Liab. Litig.*,
    (No. VI), No. CIV.A. 2:11-31524, 2012 WL 3553406 (E.D. Pa. Aug. 13, 2012) ……. 3, 4

*In re Auto. Refinishing Paint Antitrust Litigation*,
    358 F.3d 288, 300 (3d Cir.2004) …………………………………………………… 1, 3

*Promotional Containers, Inc. v. Aztec Concrete Accessories, Inc.*,
    No. CIV.A. 04-336-JBC, 2006 WL 897190 (E.D. Ky. Apr. 4, 2006) …………………... 2

*Société Nationale Industrielle Aerospatiale v. United States District*
*Court for the Southern District of Iowa*,
    482 U.S. 522 (1987) …………………………………………………………....… 1, 3

**Rules**

Fed. R. Civ. P. 28(b) ......………………………………………….………..………... 2

Hague Convention on the Taking of Evidence
Abroad in Civil or Commercial Matters, Art. 1 et seq., 28 U.S.C.A. § 1781 …………..……….. 1

Local Civil Rule 6.3 ……………………………………………………………………... 5

## ARGUMENT

A. **Aerospatiale Applies to Obtaining Documents and Information, Including through Depositions, Aboard**

*Société Nationale Industrielle Aerospatiale v. United States District Court for the Southern District of Iowa*, 482 U.S. 522 (1987) (hereinafter "*Aerospatiale*") itself refers to methods that can be used for taking discovery abroad, specifically discovery requests. Nonetheless, *Aerospatiale* examines the *Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters,* Art. 1 et seq., 28 U.S.C.A. § 1781 which states that the "Hague Evidence Convention does not provide the exclusive and mandatory procedures for obtaining documents and information located within the territory of a foreign signatory". The aforementioned article constitutes a broad description of obtaining documents and information, including, but not limited to discovery requests.

"Although the Hague Convention provides one method by which a party may obtain discovery, it does not provide the exclusive method. *Aerospatiale* 482 U.S. at 533-36; *In re Auto. Refinishing Paint Antitrust Litigation*, 358 F.3d 288, 300 (3d Cir.2004). Promotional Containers [Plaintiff] cites *Hudson v. Hermann Pfauter GmbH & Co.,* 117 F.R.D. (N.D.N.Y.1987) in which the district court required the use of the Hague Convention procedures to discover evidence located abroad. *Hudson* is factually distinguishable from the instant case as the foreign witness in *Hudson* was actively seeking to avoid discovery. Here, it is Promotional Containers, not the witness, that objects to discovery. Promotional Containers seems to read *Aerospatiale* as permitting "the district courts to violate the laws and sovereignty of foreign nations" under certain circumstances. The court does not so read *Aerospatiale,* which recognizes that the Hague Convention provides a method for obtaining evidence from unwilling witnesses located outside of the jurisdiction of the American courts.  482 U.S. at 528, 540-41. It is a device

1

to assist a party in obtaining crucial evidence that it otherwise might not be able to access. *Id. Promotional Containers, Inc. v. Aztec Concrete Accessories, Inc.,* No. CIV.A. 04-336-JBC, 2006 WL 897190 (E.D. Ky. Apr. 4, 2006).

In the case of *Promotional Containers,* Defendant filed a motion for leave to depose a Germany Company, in Germany, through its corporate representative, a German citizen. Defendant prefers to take the deposition on notice, as it would be quicker than going through the German court system and would permit the direct questioning of the witness and a transcript of the deposition. Plaintiff objected and argued that Defendant is required to use the procedures in the Hague Convention, despite the witness's willingness to be deposed. Defendants motion to allow the deposition to proceed on notice was granted. Defendants' arguments in the above matter, and Defendants' arguments in the case at bar are almost identical. Similarly, Defendants herein argue that conducting the depositions under the Hauge convention would be time consuming and would not guarantee complete examinations. Likewise, in both matters the deponent is willing to be deposed. Nonetheless, Defendants herein state that the only alternative is for Plaintiffs to be deposed in New York, when as evidenced above that is clearly not case.

B. <u>It Would Not be a Violation of the Hague Convention to Conduct the Depositions Virtually or in France Under the Federal Rules</u>

The Federal Rules of Civil Procedure allow a party to depose a witness in a foreign country pursuant to an applicable treaty, such as the Hague Convention, or on notice before a person authorized to administer oaths in the place where the examination is to be held. Fed.R.Civ.P. 28(b). *Promotional Containers, Inc. v. Aztec Concrete Accessories, Inc.,* No. CIV.A. 04-336-JBC, 2006 WL 897190 (E.D. Ky. Apr. 4, 2006). Defendants can avoid conducting the depositions under the Hague Convention by deposing Plaintiffs virtually or in France on notice before a person authorized to administer oaths.

The Supreme Court has addressed whether the provisions of the [Hague] Convention are compulsory or permissive, and decided that they are permissive. *Société Nationale Industrielle Aerospatiale v. United States District Court for the Southern District of Iowa*, 482 U.S. 522 (1987) ("the optional convention procedures are available whenever they will facilitate the gathering of evidence"). The United States Court of Appeals for the Third Circuit has interpreted the Supreme Court's holding as follows: *Aerospatiale* holds that the Hague Convention does not provide exclusive procedures for obtaining documents and information located in a foreign signatory national's territory.... *Aerospatiale* holds that the Convention's plain language, as well as the history of its proposal and ratification by the United States, unambiguously supports the conclusion that it was "intended as a *permissive supplement,* not a preemptive replacement, for other means of obtaining evidence located abroad." ... Accordingly, the Convention does not deprive the District Court of its jurisdiction to order, under the Federal Rules of Civil Procedure, a foreign national party to the proceedings to produce evidence physically located within its territory. *In re Automotive Refinishing Paint Antitrust Litig.,* 358 F.3d 288, 300 (3d Cir.2004) (quoting *Aerospatiale* 482 U.S. at 536). The Third Circuit noted that the Court also rejected a rule of first resort favoring the Convention over the Federal Rules, and that instead courts should consider three factors in determining whether the Convention's provisions should apply, namely the particular facts of the matter at issue, the sovereign interests involved, and the likelihood that resorting to the Convention will prove effective in gathering the information. *Id. In re Asbestos Prod. Liab. Litig.* (No. VI), No. CIV.A. 2:11-31524, 2012 WL 3553406 (E.D. Pa. Aug. 13, 2012).

In the case of *Asbestos,* Plaintiff, a citizen of the United States, who lives in France, noticed his deposition to take place in France due to health issues. Certain Defendants in

3

*Asbestos,* moved to quash the notice on the ground that it is not in compliance with Federal Rules of Civil Procedure 28 and the Hague Convention. The Court found that "[c]onsidering the three factors as they apply to the particular deposition at issue here, it is clear that the Convention should not be used as a barrier. Plaintiff is a United States national who is seeking redress in a United States court for injury done to him in the maritime jurisdiction of the United States courts. All defendants are United States entities, and no foreign interest has been asserted whether by plaintiff or by any defendant. It happens that plaintiff is currently located in France, and that his deposition, if it is to take place at all, must take place promptly in France due to his health. The voluntary deposition of plaintiff in this case poses no threat to France's sovereignty or to France's interest in its own legal procedures. The deposition will not compel anyone's testimony, nor will it burden or inconvenience France or its courts and citizens." *In re Asbestos Prod. Liab. Litig.* (No. VI), No. CIV.A. 2:11-31524, 2012 WL 3553406 (E.D. Pa. Aug. 13, 2012). Defendant's motion to quash was then denied.

In the case at bar, all defendants are United States entities, and no foreign interest has been asserted whether by plaintiffs or by any defendants. Plaintiffs are currently located in France, and their deposition must take place in France or virtually due to health reasons. The voluntary deposition of Plaintiffs in this case poses no threat to France's sovereignty or to France's interest in its own legal procedures. The deposition will not compel anyone's testimony, nor will it burden or inconvenience France or its courts and citizens.

C. **Plaintiffs' Proposed Affidavits would be Sufficient**

As stated in Plaintiffs' Opposition to Defendants' Motion to Reconsider/Reargue, Plaintiffs have agreed to sign an affidavit or go on record, waiving and/or releasing their rights. Affidavits from both Plaintiffs would have been submitted in connection with Plaintiffs' Opposition but for

4

Local Civil Rule 6.3, which states no affidavits shall be filed by any party unless directed by the Court. A rule Defendants continue to ignore. Moreover, Plaintiffs' counsel imagined that Defendants, since they are in fear of further legal proceedings, would want to take part in the drafting of such affidavits, or involve the Court. Furthermore, it is absolutely absurd to compare Plaintiffs signing of the 2015 agreement to the proposed affidavits. The foundation of this matter is that Plaintiffs were fraudulently induced into signing the 2015 agreements. But for the fraudulent Keller Affidavits, Plaintiffs would not have signed the 2015 Agreements. The two documents are not comparable.

Frankly, the only delay of the depositions in this matter has been the result of the Defendants. Defendants were aware in late August, early September 2022 that Plaintiffs would not be able to travel to New York for their depositions. Defendants should have started the process subsequent to Judge Wang's decision on November 3, 2022. On or around December 27, 2022 [ECF 74], Defendants requested the Court provide an adjournment of the January 10, 2023, conference, as Mark C. Zauderer will be in Paris for a French criminal proceeding associated with the same Plaintiffs and Defendants. Defendants had been aware of this hearing for months, had they begun the process through the Hague Convention earlier the depositions could have been scheduled the same time Defendants counsel was already in Paris.

## **CONCLUSION**

For the foregoing reasons as well as those set forth in Plaintiffs' prior submissions, Judge Wang's decision on November 3, 2022, should remain in effect.

Dated: January 4, 2023
     Mineola, New York                                   /s/
                                                                Douglas M. Reda