UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GÉRARD SILLAM and ALDRIC SAULNIER,

Plaintiffs,

- against -

LABATON SUCHAROW LLP,
CHRISTOPHER J. KELLER, and
LAWRENCE A. SUCHAROW,

Defendants.

Civil Action No.:

1:21-cv-6675-CM-OTW

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL THIRD PARTIES COMPLIANCE WITH SUBPOENAS**

**RAISER & KENNIFF, P.C.**

By: */s/ Douglas M. Reda*
Douglas M. Reda, Esq.
300 Old Country Road, Suite 351
Mineola, New York 11501
(516) 742-7600
douglas@raiserandkenniff.com

*Attorneys for Plaintiffs*
*Gérard Sillam and Aldric Saulnier*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................ 3

PRELIMINARY STATEMENT ........................................ 4

BACKGROUND FACTS ........................................ 5

Battea Class Action Services' Failure to Comply ........................................ 6

Gilardi & Co LLC's Failure to Comply ........................................ 7

Rust Consulting's Failure to Comply ........................................ 8

DISCUSSION ........................................ 9

THIS COURT SHOULD ENTER AN ORDER COMPELLING THE THIRD PARTIES' COMPLIANCE WITH THE SUBPOENAS ........................................ 9

CONCLUSION ........................................ 133

# TABLE OF AUTHORITIES

**Cases**

*Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 262 F.R.D. 293, 305 (S.D.N.Y. 2009) .. 10
*Breon v. Coca-Cola Bottling Co.*, 232 F.R.D. 49, 52 (D. Conn. 2005) .......... 11
*During v. City Univ. of N.Y.*, 2006 U.S. Dist. LEXIS 53684 at 6 (S.D.N.Y. 2006) .......... 10
*Ferenczi v. City of New York*, No. 18-CV-3352-FB-SJB, at 1 (E.D.N.Y. Aug. 14, 2019) .......... 10
*GMA Accessories, Inc. v. Eminent, Inc.*, No. 07-CV-3219, 2007 WL 4456009, at 1 (S.D.N.Y. Dec. 11, 2007) .......... 10
*Morse/Diesel, Inc. v. Fidelity & Deposit Co.,* 122 F.R.D. 447, 449 (S.D.N.Y.1988) .......... 11
*See In re Grand Jury Subpoenas Issued to Thirteen Corps*., 775 F.2d 43, 46 (2d Cir. 1985) ...... 10
*United States v. Stewart*, 433 F.3d 273,312 (2d Cir. 2006) .......... 11
*Wells Fargo Bank, N.A. v. Konover,* No. 3:05CV1924 (CFD)(WIG) .......... 11

**Statutes**

Fed. R. Civ. P. 26(b)(l) .......... 10
Fed. R. Civ. P. 45 .......... 4, 9, 10, 11
Fed.R.Civ.P. 34(c) .......... 10
Fed.R.Civ.P. 45(a)(1)(A)(iii), (a)(1)(D) .......... 9, 10
Rule 26(b)(2)(B) .......... 11
Rule 4 .......... 10

**Other Authorities**

https://www.labaton.com/about-us .......... 4
https://www.law360.com/articles/594451/most-feared-plaintiffs-firm-labaton-sucharow .......... 4

**Treatises**

*9 James Wm. Moore et al., Moore's Federal Practice* § 45.21 (2019) .......... 10
*9A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ*. § 2454 .......... 10
Moore's Federal Practice § 45.21 .......... 10

Plaintiffs Gérard Sillam and Aldric Saulnier (collectively, the "Plaintiffs") respectfully submit this Memorandum of Law in support of their Motion (the "Motion") for the entry of an Order pursuant to Federal Rule of Civil Procedure (the "Rules" and/or "Fed. R. Civ. P.") ) § 45, directing and compelling Battea Class Action Services ("Battea"), Gilardi & Co LLC ("Gilardi") and Rust Consulting's ("Rust" and together with Battea and Gilardi, collectively, the "Third Parties") compliance with its reasonable discovery demands contained in those certain subpoenas *deuces tecum* (the "Subpoenas") which were duly served by Plaintiffs upon each of the Third Parties in early February 2023 and May 2023, and upon which the time to object or otherwise comply has long since lapsed.

## PRELIMINARY STATEMENT

Labaton Sucharow LLP ("Labaton") is a New York City based law firm that was founded in 1963, which touts itself as having over sixty (60) lawyers who have recovered billions of dollars on behalf of investors and consumers by engaging in class and direct action lawsuits, securities litigation, corporate governance, shareholders rights, consumer protection, data privacy and whistleblower representation.[1] Ironically, Labaton has carved out a reputation for itself as a law firm that roots out and exposes corporate misconduct.[2]

Plaintiffs' claims against defendants Labaton, its Chairman, Defendant Christopher J. Keller ("Keller"), and its Chairman Emeritus, Defendant Lawrence A. Sucharow ("Sucharow" and together with Labaton and Keller, collectively, the "Defendants" and together with the Plaintiffs, the "Parties") arise out of the fact that the Defendants defrauded Plaintiffs out of what Plaintiffs' believe to be millions of dollars in fees due Plaintiffs after Defendants intentionally misrepresented certain material facts to Plaintiffs in order to fraudulently induce Plaintiffs to enter into one or

---

[1] https://www.labaton.com/about-us
[2] https://www.law360.com/articles/594451/most-feared-plaintiffs-firm-labaton-sucharow

more settlement agreements in exchange for amounts which were substantially less than Plaintiffs were otherwise entitled (and substantially less than Plaintiffs would have settled for) had Plaintiffs not been misled by the Defendants.

Each of the three Third Parties from whom discovery is sought by Plaintiffs, are claims processing agents with whom the Defendants engaged to aid in administering the numerous claims in connection with the class action and various other lawsuits upon which the Plaintiffs were otherwise due compensation based upon a long-standing referral agreement.

Plaintiffs' instant Motion seeks the entry of an Order compelling the Third Parties' compliance with Plaintiffs' reasonable discovery demands contained in those certain Subpoenas *deuces tecum,* each of which Subpoenas were personally served by Plaintiffs upon each of the Third Parties in early February 2023 and May 2023, and upon which the time to object or otherwise comply has long since lapsed.

The information sought by Plaintiffs in connection with the Subpoenas is not only relevant to the claims of the Plaintiffs in the instant action, but goes to the heart of the dispute between the Parties that the Defendants have been attempting to conceal.

## BACKGROUND FACTS

Plaintiffs commenced the instant action on August 6, 2021, by and through the filing of their Complaint [ECF No. 1] before the United States District Court for the Southern District of New York.

In connection with the instant litigation, Plaintiffs learned that the Third Parties possess very relevant information relating to the administration of certain claims filed in connection with litigations brought by and involving Labaton, in addition to compensation paid to Labaton. Accordingly, Plaintiffs seek discovery information from the Third Parties.

Two identical demands were served upon each of the Third Parties (the "Requested Documents"), which consist of demands for copies of the following:

- Any and all proof of claims filed with your company by Labaton Sucharow LLP from December 30, 2009, to December 30, 2019.
- A copy of any and all checks or fund transfer documents that were paid to Labaton Sucharow LLP or paid to a claimant represented by Labaton Sucharow LLP, by you from December 30, 2009, to December 30, 2019, pertaining to any of the companies identified in your response to demand No. 1.

**Battea Class Action Services' Failure to Comply**

On or about February 14, 2023, Plaintiffs personally served that certain *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* dated January 17, 2023 ("Subpoena No. 1") upon Battea Class Action Services ("Battea") having an address of 46 Southfield Avenue, Stamford Connecticut. A copy of Subpoena No. 1 is annexed as **Exhibit A** to the Declaration of Douglas M. Reda (the "Reda Declaration") submitted herewith. Subpoena No. 1 directed and required Battea's compliance therewith by or before February 6, 2023 by 9:30 a.m.

A copy the Affidavit of Service of process server Eric Rubin dated on or about February 14, 2023, confirming that on February 13, 2023 at 12:45 p.m., Battea was properly and personally served with Subpoena No. 1, when service was made upon Susan Colandro, an Administrator and/or Managing Agent of Battea is annexed to the Reda Declaration herewith as **Exhibit C**.

After failing to receive any response in connection with Subpoena No. 1, on or about May 8, 2023, Plaintiffs personally served Battea with a certain second *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* dated April 26, 2023 ("Subpoena No. 2"), which contained the same two (2) document requests,

directing and requiring Battea's compliance therewith by or before May 15, 2023 by 9:30 a.m. A copy of Subpoena No. 2 is annexed to the Reda Declaration, submitted herewith as **Exhibit B**.

A copy of the Affidavit of Service of process server, Eric Rubin, dated May 9, 2023, confirming that on May 8, 2023 at 3:55 p.m., Battea was properly and personally served with Subpoena No. 2, when service was made upon Dan Verrastro, the Chief Operating Officer of Battea is annexed to the Reda Declaration, submitted herewith as **Exhibit D**.

Notwithstanding the foregoing, as of the date hereof Battea completely failed to comply with either Subpoena No. 1 or Subpoena No. 2 as there has been no production or compliance with same, and Battea's time to object to same has lapsed.

**Gilardi & Co LLC's Failure to Comply**

On or about February 15, 2023, Plaintiffs personally served that certain *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* dated January 17, 2023 ("Subpoena No. 3") upon Gilardi & Co LLC ("Gilardi") having an address of 1 McInnis Parkway, Suite 250, Rafael California. A copy of Subpoena No. 3 is annexed as **Exhibit E** to the Reda Declaration submitted herewith. Subpoena No. 3 contained two (2) separate document requests, directing and requiring Gilardi's compliance therewith by or before February 6, 2023 by 9:30 a.m.

A copy the Affidavit of Service of process server Easteller Bruihl dated on or about February 15, 2023, confirming that on February 13, 2023 at 2:43 p.m., Gilardi was properly and personally served with Subpoena No. 3, when service was made upon Susan Colandro, an Administrator and/or Managing Agent of Battea is annexed to the Reda Declaration herewith as **Exhibit G**.

After failing to receive any response in connection with Subpoena No. 3, on or about May 6, 2023, Plaintiffs personally served Gilardi with a certain second *Subpoena to Produce*

*Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* dated April 26, 2023 ("Subpoena No. 4"), which contained the same two (2) document requests, directing and requiring Gilardi's compliance therewith by or before May 15, 2023 by 9:30 a.m. A copy of Subpoena No. 4 is annexed to the Reda Declaration, submitted herewith as **Exhibit F**.

A copy of the Affidavit of Service of process server Christina Alexander-Barkley dated May 16, 2023, confirming that on May 6, 2023 at 3:55 p.m., Gilardi was properly and personally served with Subpoena No. 4, when service was made upon Roleen "Doe", an agent of Gilardi is annexed to the Reda Declaration, submitted herewith as **Exhibit H**.

As of the date hereof, there has been no production, objection, motion or other response from Gilardi in connection with either Subpoena No. 3 or Subpoena No. 4, and Gilardi's time to object to same has lapsed.

**Rust Consulting's Failure to Comply**

On or about February 20, 2023, Plaintiffs personally served that certain *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* dated January 17, 2023 ("Subpoena No. 5") upon Rust Consulting Inc. ("Rust") having an address of 1 McInnis Parkway, Suite 250, Rafael California. Indeed, Rust is a foreign business corporation authorized to conduct business in the State of New York, having an address for service 80 State Street, Albany, New York 12208. A copy of Subpoena No. 5 is annexed as **Exhibit I** to the Reda Declaration submitted herewith. Subpoena No. 5 directed and required Rust's compliance therewith by or before February 6, 2023 by 9:30 a.m.

A copy the Affidavit of Service of process server Rich Pederson dated on or about February 20, 2023, confirming that on February 16, 2023 at 12:10 p.m., Rust was properly and personally served with Subpoena No. 5, when service was made upon Vanessa Waltz, an office manager of Rust is annexed to the Reda Declaration herewith as **Exhibit K**.

After failing to receive any response in connection with Subpoena No. 5, on or about May 9, 2023, Plaintiffs personally served Rust with a certain second *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* dated April 26, 2023 ("Subpoena No. 6"), which directed and required Rust's compliance therewith by or before May 15, 2023 by 9:30 a.m. A copy of Subpoena No. 6 is annexed to the Reda Declaration, submitted herewith as **Exhibit J**.

A copy of the Affidavit of Service of process server Jane Hudson dated May 16, 2023, confirming that on May 9, 2023 at 10:15 a.m., Rust was properly and personally served with Subpoena No. 6, when service was made upon Vanessa Waltz, an agent of Rust is annexed to the Reda Declaration, submitted herewith as **Exhibit L**.

As of the date hereof, there has been no production, objection, motion or other response from Rust in connection with either Subpoena No. 5 or Subpoena No. 6, and Rust's time to object to same has lapsed.

## DISCUSSION

### THIS COURT SHOULD ENTER AN ORDER COMPELLING THE THIRD PARTIES' COMPLIANCE WITH THE SUBPOENAS[3]

Rule 45 of the Federal Rules of Civil Procedure permits parties to obtain information from non-parties through inspection and copying of documents the non-party is required to produce. Rule 45 provides for the service of a subpoena to produce and "permit inspection, copying, testing, or sampling" of "designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." *See* Fed.R.Civ.P. 45(a)(1)(A)(iii), (a)(1)(D). *See*

[3] Capitalized terms used herein but not otherwise defined shall have the same meanings given to them as defined in the Reda Declaration (as defined herein).

*also* Fed.R.Civ.P. 34(c) ("[a]s provided in Rule 45, a nonparty may be compelled to produce documents and tangible things").

In addition, a Rule 45 subpoena must be personally served. See Fed. R. Civ. P. 45(b)(1); *9A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ*. § 2454 (3d ed.) ("The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required. The use of the word 'delivering' in subdivision (b)(1) of the rule with reference to the person to be served has been construed literally."); *see 9 James Wm. Moore et al., Moore's Federal Practice* § 45.21 (2019) (*noting that majority rule requires personal service, but some jurisdictions permit substitute service*). "When a subpoena is to be served on a corporation, . . . the concept of 'personal' service is somewhat obscured, because the entity is not a 'person' on whom service can be directly made. Accordingly, service of a subpoena on an artificial entity may be made by using the analogous method for service of process on that entity under Rule 4." *9A Moore's Federal Practice* § 45.21; *GMA Accessories, Inc. v. Eminent, Inc*., No. 07-CV-3219, 2007 WL 4456009, at 1 (S.D.N.Y. Dec. 11, 2007) (quoting 9 Moore's Federal Practice § 45.21); *see also Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams*., 262 F.R.D. 293, 305 (S.D.N.Y. 2009) ("Rule of Civil Procedure 45 does not specify what constitutes personal service on a corporation in the United States or in a foreign country. To fill this gap, courts in this Circuit rely on the service of process requirements on corporations set out in Federal Rule of Civil Procedure 4"). *See In re Grand Jury Subpoenas Issued to Thirteen Corps*., 775 F.2d 43, 46 (2d Cir. 1985); *Ferenczi v. City of New York*, No. 18-CV-3352-FB-SJB, at 1 (E.D.N.Y. Aug. 14, 2019).

It is well-established that the reach of a subpoena issued pursuant to Fed. R. Civ. P. 45 is subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(l). *During v. City Univ. of N.Y.*, 2006 U.S. Dist. LEXIS 53684 at 6 (S.D.N.Y. 2006). Evidence is

relevant when it tends to make the existence of a fact of consequence to the determination of the action more or less probable than it would be without the evidence. *United States v. Stewart*, 433 F.3d 273,312 (2d Cir. 2006). Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery. *See Daval Steel Prods. v. M/V Fakredine,* 951 F.2d 1357, 1367 (2d Cir.1991); *Morse/Diesel, Inc. v. Fidelity & Deposit Co.,* 122 F.R.D. 447, 449 (S.D.N.Y.1988).

Pursuant to Rule 26(b)(2)(B), a party must provide discovery of electronically stored information unless that party shows that the source of such information is "not reasonably accessible because of undue burden or cost." Fed.R.Civ.P. 26(b)(2)(B). Similarly, with respect to non-parties, although "[t]he permissible scope of discovery from a non-party is generally the same as that applicable to discovery sought from parties[,] ... [t]he burden on the party from which discovery is sought must, of course, be balanced against the need for the information sought." *Wells Fargo Bank, N.A. v. Konover,* No. 3:05CV1924 (CFD)(WIG), 2009 WL 585434, at (D.Conn. Mar. 4, 2009) (applying balancing test of Rule 26(b)(2)(C) to deny in part plaintiff's Rule 45 motion to compel production of documents from non-party). Accordingly, discovery of persons not party to the litigation is contemplated by the Rules.

Although Rule 26(b) applies equally to discovery of nonparties, the fact of nonparty status may be considered by the court in weighing the burdens imposed in the circumstances. In addition, Courts have taken the position that relevance, in the realm of discovery, ought to be broadly and liberally construed. *See Breon v. Coca-Cola Bottling Co*., 232 F.R.D. 49, 52 (D. Conn. 2005). Indeed, "a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *Id*.

In the instant case, the Requested Documents are highly relevant to the Plaintiffs' claims in this action, inasmuch as they will reveal: (1) how much fees Labatan believed it was entitled to receive by and through the Third Parties on account of the various, respective litigations involving both Labatan and the Third Parties upon which Labatan filed claims between December 30, 2009 and December 30, 2019, which information is believed to be contrary to the misstatements supplied by the Defendants to the Plaintiffs to induce the Plaintiffs to enter into certain prior settlements; (2) how much Labatan actually received from each of the respective Third Parties between December 30, 2009 and December 30, 2019; (3) the volume of litigations which the Defendants were involved in during the relevant period; and (4) the name and types of litigations in which the Defendants were engaged during the relevant period. Thus, the probative value of the documentary evidence sought by the Subpoenas is high.

In view of the fact that each of the Third Parties are claims processing agents, and are therefore in the business of obtaining, processing (paying), and reporting on claims they process respectively, there should be little burden placed upon the Third Parties in having to comply with the Subpoenas.

Furthermore, none of the information sought by Plaintiffs from any of the Third Parties is sensitive information and none of the information sought by the Plaintiffs from the Third Parties is expected to be privileged information, proprietary information or attorney work product, or constitute trade secrets. Upon information and belief, none of the Requested Documents sought from any of the Third Parties by Plaintiffs contain any confidential information or trade secrets which should remain confidential or require an in camera review of the Requested Documents.

To the extent that in response to this Motion, any of the Third Parties and/or the Defendants assert that any of the Requested Documents are confidential or contain trade secrets, Plaintiffs

request that the Requested Documents be submitted for an in camera review to be conducted by Plaintiffs and Plaintiffs' counsel, subject to the Court's supervision. Furthermore, Plaintiff would further consider entering into a protective order limiting disclosure of the purportedly confidential information either to counsel, or to counsel and the Parties.

## CONCLUSION

For each of the foregoing reasons, the Plaintiffs respectfully request that this Court enter an Order pursuant to Federal Rule of Civil Procedure 45, directing and compelling third-parties: Battea, Gilardi and Rust's compliance with those certain Subpoenas which were properly served by Plaintiffs upon the Third Parties, and upon which the time to perform thereunder has long since lapsed.

Dated: Mineola, New York
July 12, 2023

**RAISER & KENNIFF, P.C.**

By: */s/ Douglas M. Reda*

Douglas M. Reda, Esq.
300 Old Country Road, Suite 351
Mineola, New York 11501
(516) 742-7600
douglas@raiserandkenniff.com

*Attorneys for Plaintiffs*
*Gérard Sillam and Aldric Saulnier*