UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
GERARD SILLAM and ALDRIC SAULNIER,   :
:
               Plaintiffs,   :     No. 21-CV-6675 (CM) (OTW)
:
            -against-   :     **ORDER**
:
LABATON SUCHAROW LLP, et al.,   :
:
               Defendants.   :
:
------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

The Court has reviewed ECF Nos. 104, 105, and 107, detailing the parties' latest discovery dispute before the scheduled close of discovery on August 15, 2023. To the extent Defendants' 14 contention interrogatories exceed Fed. R. Civ. P. 33(a)(1)'s limit of "25 written interrogatories, including all discrete subparts," the Court finds the number of interrogatories to be acceptable under Fed. R. Civ. P. 33, notwithstanding the parties' disagreement.

The Court rules as follows regarding the disputed interrogatories:

I. **Interrogatories Nos. 1-7**

Plaintiffs' letter, ECF 105, appears to admit that the basis for Plaintiffs' fraudulent inducement claim is now limited to Defendants' filing of proofs of claim, and does **not** include Defendants' representation of "Potential Clients" in class action litigation. (ECF 105 at 2).[1] If Plaintiffs believe that Plaintiff Sillam's sworn affidavit does not so limit their claim, they must explain why, with evidentiary support, no later than **Friday, August 11, 2023**. Failure to file, with evidentiary support, by **Friday, August 11, 2023**, may be deemed an admission.

---

[1] "Defendants even state that they already had responses to at least some of their interrogatories, stating that, '*Mr. Sillam subsequently swore in an affidavit in this act that he had 'concluded that only the filing of proof of claims … was the real basis of our claim.'*'"

The Court has further reviewed Interrogatories Nos. 1-7 and finds that the responses, even limited to proofs of claim as the sole basis for Plaintiffs' claim, are insufficient under Fed. R. Civ. P. 33. Accordingly, Plaintiffs are directed to provide responses to Interrogatories Nos. 1-7 that comply with Fed. R. Civ. P. 33 **no later than Monday, August 14, 2023**.

II. **Interrogatory No. 8**

The Court finds that Plaintiffs' response to Interrogatory No. 8, pointing only to a deposition without providing any citations, to be insufficient. (ECF 104-2 at 7). Accordingly, Plaintiffs are directed to fully answer Interrogatory No. 8, including by providing the requested calculation, **by Monday, August 14, 2023**. Alternatively, Plaintiff Sillam may sit for a further deposition, in the United States, to fully address this topic. Should Plaintiffs choose to address this issue via a **third** deposition of Mr. Sillam, they shall schedule one **no later than Friday, September 1, 2023**.

III. **Interrogatory No. 12**

Defendants' reply, ECF 107, is curiously silent after Plaintiffs' assertion that defense counsel has been provided "with a copy of every single subpoena sent in this matter, including every response from each non-party." (ECF 105 at 3). The Court interprets Defendants' non-response as a withdrawal of Interrogatory No. 12, which seeks identification of Plaintiffs' subpoenas and responses.

**IV.     Interrogatory No. 13**

The parties are directed to review my separate August 9, 2023, Order to Show Cause regarding Interrogatory No. 13.

**SO ORDERED.**

Dated: August 9, 2023
    New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge