UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GERARD SILLAM and ALDRIC SAULNIER,

                Plaintiffs,                              No. 21 CV 6675 (CM)

                                                          **AFFIRMATION IN SUPPORT**
   -against-                                          **ORDER TO SHOW CAUSE**

LABATON SUCHAROW LLP,
CHRISTOPHER J. KELLER, and
LAWRENCE A. SUCHAROW,

                Defendants.
------------------------------------------------------------------X

DOUGLAS M. REDA. ESQ, an attorney duly admitted to practice law in the Courts of the State of New York, hereby affirms the following statements under the penalty of perjury:

1. I am an attorney at Raiser and Kenniff, P.C., attorneys for Plaintiffs GERARD SILLAM and ALDRIC SAULNIER (hereinafter "Plaintiffs") in the above-entitled action. I submit this Affirmation in Support of Plaintiff's Order to Show Cause.

## STATEMENT OF FACTS

2. On or around November 10, 2022, the Parties submitted a Joint Letter to the Court regarding Discovery Disputes [Docket No. 58] concerning the location of Plaintiffs' depositions. As indicated in the letter, Plaintiff Gerard Sillam (hereinafter "Plaintiff Sillam"), suffers from severe heart disease and target organ damage. Plaintiff Sillam's physician prohibited Plaintiff from traveling for at least six (6) months. Plaintiff Sillam's doctor's note was furnished to Defendants via email on September 6, 2022, with a translation. Additionally, Plaintiff Aldric Saulnier (hereinafter "Plaintiff Saulnier") is seventy-nine (79) years old and as a result has difficulty traveling. A copy of Plaintiff Aldric Saulnier's license was furnished to Defendants via email on September 16, 2022.

3. On or around November 23, 2022, Defendants submitted a Motion to Reargue [Docket No. 60] regarding the location of Plaintiffs depositions. Defendants argued that the Plaintiffs should appear for depositions in New York and that going through the Hague Convention would be time consuming and costly.

4. On or around January 24, 2023, a Conference was held before the Honorable Ona T. Wang, wherein a decision was rendered regarding Defendants' Motion to Reargue and the location of Plaintiffs' Depositions. It is my understanding that Your Honor stated that the depositions need not go through the Hague Convention, even if conducted virtually or in France.

5. On or around January 26, 2023, an Order [Docket No. 79] from the Honorable Ona T. Wang was furnished to the Parties stating that:

> With respect to the issue of M. Sillam's deposition, Defendants may elect whether to conduct a deposition of M. Sillam remotely or in-person in France. The parties are directed to work together in good faith to agree to the particular circumstances and logistics of the deposition, including but not limited to providing affidavits from Plaintiffs to address the concerns raised by defense counsel about frivolous proceedings brought by Plaintiffs or their French counsel in France.

6. On or around January 27, 2023, Ira B. Matetsky, counsel for Defendants in the above-captioned matter, sent an email to Plaintiffs' counsel attaching Defendants' Third Set of Document Requests dated January 27, 2023. (See Ex. "A", Defendants' Third Set of Document Requests dated January 27, 2023). Attached to Defendants' Third Set of Document Requests dated January 27, 2023, as Exhibit A, was a report mentioning Plaintiff Sillam's criminal record. (See Ex. "B", Report re: Plaintiff Sillam's criminal record "Minutes").

7. On or around February 16, 2023, as per Your Honor's January 26, 2023, Order, Plaintiffs Sillam and Saulnier signed Declarations before Bailiff Mr. Le Cloerec in France, which in part stated that, "I will not file or pursue any type of legal proceeding in

France, including but not limited to any type of criminal proceeding or criminal complaint, against Defendants, Defendants' counsel, or any persons affiliated with them, relating directly or indirectly to the conduct of the Deposition or this action". (See Ex. "C", Declarations of Plaintiffs Gerard Sillam and Aldric Saulnier dated February 16, 2023, combined).

8.    On or around March 31, 2023, Plaintiff Sillam and his Attorney in France, Sophie Larroque, filed a Criminal Complaint against Defendants, Defendants' counsel in the above captioned matter and, Defendants' counsel in France relating to Defendants' January 27, 2023, production of Plaintiff Sillam's criminal record "Minutes" (Ex. "B"), attached to Defendants' Third Set of Document Requests dated January 27, 2023 (Ex. "A"). (See Ex "D", Criminal Complaint filed March 31, 2023, with translation and Ex. "E", Affirmation of Sophie Larroque, Plaintiffs' French Attorney).

9.    Despite Your Honor's ruling regarding the Hague Convention, Defendants still decided to conduct Plaintiffs depositions through the Hague.  Plaintiff Sillam's depositions took place on May 5, and May 12, 2023, and Plaintiff Saulnier's deposition took place on May 4, 2023. During all three (3) depositions a Commissioner via the Hague Convention was present.

## ARGUMENT

10. On August 4, 2023, Defendants' counsel, Mark C. Zauderer submitted a letter to the Court [Docket No. 104] regarding Plaintiffs' Responses to Defendants' First Set of Interrogatories. In that same letter Mr. Zauderer states that:

> Plaintiffs themselves each signed sworn declarations promising that "I will not file or pursue any type of legal proceeding in France, including but not limited to any type of criminal proceeding or criminal complaint, against Defendants, Defendants' counsel, or any persons affiliated with them, relating directly or indirectly to the conduct of the Deposition or this

action." (Exhibit D, ¶ 4). Nonetheless, Plaintiff Sillam claimed at his second deposition session that he recently filed yet another criminal complaint in France naming, among others, our correspondent French law firm, my firm, and me personally, based at least in part on our questioning of him in this case.

11. Plaintiff Sillam did not state that the criminal complaint in France was, "based at least in part on our [Defendants] questioning of him in this case". Plaintiff Sillam's deposition took place on May 5, 2023, and continued on May 12, 2023, the criminal complaint in question was filed on March 31, 2023, over a month before Plaintiff Sillam's depositions even took place.

12. Furthermore, the March 31, 2023, Criminal Complaint relates to Defendants production made on January 27, 2023, in this matter, of a report mentioning Plaintiff Sillam's criminal record. (See Ex. "B", Report re: Plaintiff Sillam's criminal record "Minutes"). Plaintiff Sillam did not sign the Declaration until February 16, 2023, subsequent to Defendants January 27, 2023, production of the report mentioning Plaintiff Sillam's criminal record (see Ex. "C", Declarations of Plaintiffs Gerard Sillam and Aldric Saulnier dated February 16, 2023, combined). Thus, Plaintiff Sillam did not breach the promises contained in his Declaration as the Criminal Complaint in question relates to a production made before the Declaration was drafted and signed.

13. The undersigned does not represent the Plaintiffs in France, was not privy to Plaintiffs decision to file said Criminal Complaint against the Defendants and is not familiar with French Criminal Law. Nonetheless, as per the Criminal Complaint dated March 31, 2023, and the Affirmation of Sophie Larroque (Plaintiffs' French Attorney), attached hereto as Ex. "E", on or around December 16, 2022, Defendants' legal advisors (in France) submitted to the Correctional Court (in France) the report mentioning Plaintiff Sillam's criminal record. Upon information and belief, Defendants French legal advisors had legal access to the information contained in Plaintiff Sillam's Traitement Antécédent Judiciaires (TAJ) file, however, were not authorized to extract

the minutes from the file for use in other proceedings. (See Ex "D", Criminal Complaint filed March 31, 2023, with translation and Ex. "E", Affirmation of Sophie Larroque). Nonetheless, those minutes were produced by Defendants in this action on January 27, 2023. (See Ex. "A", Defendants' Third Set of Document Requests dated January 27, 2023). Upon information and belief, the use of said "Minutes" in another proceeding is illegal (in France) and a breach of professional secrecy and concealment of breach of professional secrecy. (See Ex "D", Criminal Complaint filed March 31, 2023, with translation and Ex. "E", Affirmation of Sophie Larroque).

14. At the very least, if Your Honor does not agree that Plaintiff Sillam did not breach the promises contained in his Declaration because the Criminal Complaint relates to a production made on January 27, 2023, that occurred prior to Plaintiff Sillam's signing the Declaration on February 16, 2023, then Your Honor should agree that the Declaration does not give Defendants the right to circumvent the French legal system. If in fact, Defendants production in this matter of the report regarding Plaintiff Sillam's criminal record "Minutes" (Ex. "B") on January 27, 2023, is illegal in France, then Defendants should be held accountable.

15. Notably, it is clear that the Criminal Complaint filed on March 31, 2023 (Ex "D") by Plaintiff Sillam and his French attorney, Sophie Larroque has nothing to do with the depositions that took place in France. Had the depositions taken place in New York and Defendants still produced Plaintiff Sillam's criminal record "Minutes" (Ex "B"), in this matter, Plaintiff Sillam would have still filed the Criminal Complaint in France relating to the production. Accordingly, Defendants are seeking to punish Plaintiff Sillam for their own criminal behavior.

16. Therefore, I would request that the Court not find Plaintiff Sillam to have breached the promises contained in his Declaration.

*Douglas Reda*
DOUGLAS M. REDA