Subscribe to DeepL Pro to translate larger documents.
Visit www.DeepL.com/pro for more information.



*To the Public Prosecutor*
Residing at 12, rue Paul Valery 75116 Paris

Lawyer: Sophie **LARROQUE**
Member of the Paris Bar 1,
place de la République
92300 - Levallois-Perret, France Tel 01.55.46.50.50

**SAUJ PARJS** FOR :

Cabinet **MORICE**
119 Rue de Lille
75007 Paris

Master Olivier Morice
119 Rue de Lille
75007 Paris

Maitre Celia Chauffray
119 Rue de Lille
75007 Paris

Master Timothée Bellanger
119 Rue de Lille
75007 Paris

AGAINST
*Près le Tribunal Judiciaire de Paris*

**Reed** Smith **LLP**
112 Av. Kléber
75116 PARIS

**COMPLAINT**

Master Natasha **TARDIF**
112 Av. Kléber
75116 PARIS

Master Camille **MARTIN-SAINT-LEON**
112 Av. Kléber
75116 PARIS

Mr Gérard **SILLAM**
Born August 27, 1960 in SOUSSE (TUNISIA)

**LABATON** Sucharow **LLP**
140 Broadway
NEW-YORK CITY 10005, United States

**Christopher Keller, Attorney**
140 Broadway
NEW-YORK CITY 10005, United States

**Attorney** Lawrence
Sueharow, Attorney 140
Broadway
NEW-YORK CITY 10005, United States

Michael Canty, Secretary General
140 Broadway
NEW-YORK CITY 10005, United States

**GANFER SHORE LLP**
360 Lexington Ave #14
New York City NY 10017, United States

Attorney Mark Zauderer, Attorney
360 Lexington Ave #14
New York City NY 10017, United States

**Ira Matetsky, Attorney**
360 Lexington Ave #14
New York City NY 10017, United States

-2-

**I. FACTS AND PROCEDURE**

On December 20, 2017, Mr Gérard SILLAM filed a simple complaint against X for organized gang fraud, concealment, forgery and use of forgeries (registered under number 17354 000 712).

In the course of the preliminary investigation into this complaint, the police added to the proceedings an official report containing details of Gérard SILLAM's file in the Traitement Antécédent Judiciaires (TAJ) relating to proceedings in which he had been implicated between 1996 and 2006.

Gérard SILLAM's complaint was eventually dismissed. In 2020, Mr Gérard SILLAM issued a direct

summons to the LABATON law firm to appear before the Court of Appeal.
Tribunal correctionnel de PARIS (Paris Criminal Court) for the same acts, on charges of organized fraud, forgery and use of forged documents.

fake.

At the same time, in 2021, he brought an action before a civil judge in the UNITED STATES for fraudulent inducement (count I) and misleading misrepresentation (count II) against the LABATON law firm and Maitre KELLER, and for complicity in fraudulent inducement (count IH) against Maitre SUCHAROW.

This procedure is still ongoing.

On December 16, 2022, LABATON's legal advisors (Cabinet MORICE: Maitre MORICE, Maitre CHAUFFRAY, Maitre BELLANGER, Cabinet REED, Maitre TARDIF and Maitre SAINT-MARTIN) submitted to the Correctional Court the report mentioning Gérard SILLAM's criminal record.

On January 27, 2023, LABATON's American lawyers did the same before a civil judge in the UNITED STATES.

-3-

**H. DISCUSSION**

The above-mentioned facts are qualified, without claiming to be exhaustive, as breach of professional secrecy and concealment of breach of professional secrecy.

**1. On the offence of breach of professional secrecy**

Article 11 of the Code of Criminal Procedure states that :

> "Except in cases where the law provides otherwise and without prejudice to the rights of the defense, **proceedings during** the investigation are **secret.** All persons involved in these proceedings are bound by professional secrecy under the conditions and penalties set out in articles 22d-13 and 226-14 of the French penal code.

Article 226-13 of the French Penal Code states that :

> *"The revelation of **secret** information by **a person who is in possession of it** either by status or profession, or by virtue of **a position** or temporary **assignment**, is punishable by one year's imprisonment and a fine of 15,000 euros"*.

Under article 230-10 of the French Code of Criminal Procedure, the persons with access to the TAJ are :

- individually designated police officers and military personnel (...?) carrying out judicial police duties,

- public prosecutors,

- agents of the judicial services, authorized by the Public Prosecutor.

Under the terms of article 230-6 of the French Code of Criminal Procedure, the purpose of the TAJ file is to facilitate the recording of criminal offences, the gathering of evidence of these offences and the search for their perpetrators.

As regards the material element of the offence of breach of professional secrecy, it is necessary to demonstrate the revelation of information covered by secrecy.

In this case, LABATON's lawyers have included the disputed minutes in other proceedings, bringing them to the attention of judicial authorities in particular, which constitutes a revelation.

Although LABATON's lawyers had legal access to the information contained in Gérard SILLAM's TAJ file, they were in no way authorized to extract the minutes from the file for use in other proceedings. First of all, the means of obtaining and administering evidence in these proceedings is unquestionably unfair.

Above all, LABATON's lawyers used their position as lawyers to obtain information that was accessible only to the police and other authorized services, in the context of criminal proceedings protected by secrecy.

Under no circumstances should the TAJ file be used for any purpose other than the search for information on persons questioned during previous judicial investigations and the gathering of evidence by the competent authorities. LABATON's lawyers have taken advantage of their position to reveal sensitive information with the sole aim of discrediting an adversary, in violation of their professional secrecy.

With regard to the intentional element, the perpetrator must have the will to reveal the secret.

In this case, this intention is indisputable, since LABATON's advisors deliberately included these minutes in two other proceedings.

**Thus, the constituent elements of the offence are fully characterized.**

2. Concealment of breach of professional secrecy

Article 321-1 of the French Penal Code states that :

> "Concealment is the act of concealing, holding or transmitting a thing, or acting as an intermediary in order to transmit it, knowing that this thing comes from a crime or misdemeanor.
>
> **Receiving stolen goods is also defined as knowingly benefiting, by any means, from the proceeds of a crime or misdemeanor.**
>
> Concealment is punishable by five years' imprisonment and a fine of 375,000 euros."

The material element of the offence of concealment lies in the benefit derived from the proceeds of a crime or **misdemeanour.**

11 It is therefore necessary to identify a prior offence from which the perpetrator has

benefited. However, it is not necessary for the perpetrator to have been punished.

The receiver can be punished even if the original offender has not been identified (Cass.crim Oct 10 1972), has not yet been prosecuted (Cass.crim. Jan 31 1947) or has even been acquitted by a final decision (Cass.crim. Feb 9 1956).

-5-

In this case, as mentioned above (II.1), the prior offence is breach of professional secrecy.

In terms of profit, LABATON benefited directly from the breach of professional secrecy by their lawyers, since the document was used to defend their interests in two proceedings, in FRANCE and the UNITED STATES.

LABATON therefore benefited from the violation of its lawyers' professional secrecy.

The intentional element of the offence of concealment lies in the perpetrator's knowledge that he or she is benefiting from the proceeds of a misdemeanor or felony.

In this case, cabûiet LABATON is an American law firm. advised by several French lawyers; cabinet LABATON was able to know and be advised on French laws including professional secrecy, its violation and concealment.

What's more, LABATON could not have been unaware of their lawyers' strategy or of the source of the lawsuit-veitial having been obtained in a case in which the firm was implicated.

The material element of concealment took place in France, since Maitre Maj Zauderer of GANFER SHORE travelled to Paris to meet his French lawyers and attend the hearing on January 12, 2023; the minutes of March 17, 2021 were given to him by LABATON's French lawyers.

Consequently, the elements constituting the offence of concealment of professional secrecy have been established. Gérard SILLAM's loss is considerable.

The publication of information on people interviewed during previous judicial investigations, damages its reputation as a business provider and its dignity, as the information in the TAJ is partial and in some cases inaccurate. and this file will be published at a certain stage of the American proceedings on the American PACER site of current cases. to which any third party will have free access.

The minutes were translated into English and produced before the American judge, demonstrating the materiality of the concealment of the breach of professional secrecy and the intention to harm.

-6-

Consequently, Mr Gérard SILLAM is filing a complaint against the French lawyers of LABATON SUCHAROW LLP [Maitre Morice, Maitre Chauffray and Maitre Bellanger for Cabinet MORICE, Maitre Tardif and Maitre Saint-Martin for Cabinet REED-SMITH] for breach of professional secrecy punishable under article 226-13 of the French Penal Code.

and for breach of professional secrecy, against US attorneys Mark Zauderer and Ira MATETSKY for GANFER SHORE LLP, and LABATON SUCHAROW LLP and its partners Chris ICeller, Lawrence Sucharow and Michael Canty, General Secretary.

The summonses of Maitre Morice, Maitre Chauffray and Maitre Bellanger for Cabinet MORICE, Maitre Tardif and Maitre Martin-Saint-Leon for Cabinet REED-SMITH, Maitre Mark Zauderer and Maitre Ira MATETSKY for GANFER SHORE LLP and Chris Keller, Lawrence Sucharow and Michael Canty for Cabinet LABATON will shed light on the responsibilities of the various protagonists.

Yours sincerely

Attachments :

1. December 20, 2017, simple complaint to the Public Prosecutor from Mr. Sillam,

2. March 17, 2021, Minutes of the Paris OPJ, communicated by Cabinet MORICE on December 16, 2022, Exhibit 18, page 14,

3. Extracts from the conclusions of Maitre Morice, Maitre Chauffray, Maitre Bellanger for Cabinet MORICE, Maitre Tardif and Maitre Martin-Saint-Leon for Cabinet REED-SMITH, and Cabinet LABATON. pages 1, 2, 45. 50 -52, List of exhibits

4. Production of the minutes of March 17, 2021 translated into English by Maitres Zauderer and Matetsky of GANFER SHORE LLP in support of a request for documents and a list of questions on the outcome of each of the matters referred to in the minutes (free translation).

-7-

*À Madame, Monsieur le Procureur de la République*
*Près le Tribunal Judiciaire de Paris*

COURRIER ARRIVÉ
Le 3 0 MARS 2023
SAUJ PARIS

PLAINTE

**POUR :**

**Monsieur Gérard SILLAM**
Né le 27 août 1960 à SOUSSE (TUNISIE)
Demeurant 12, rue Paul Valery 75116 Paris

**Ayant pour Avocat :Sophie LARROQUE**
Avocate au Barreau de Paris
1, place de la République
92300 – Levallois-Perret, France Tel 01.55.46.50.50

**CONTRE :**

**Le Cabinet MORICE**
119 Rue de Lille
75007 Paris

**Maitre Olivier Morice**
119 Rue de Lille
75007 Paris

**Maitre Celia Chauffray**
119 Rue de Lille
75007 Paris

**Maitre Timothée Bellanger**
119 Rue de Lille
75007 Paris

**La société Reed Smith LLP**
112 Av. Kléber
75116 PARIS

**Maitre Natasha TARDIF**
112 Av. Kléber
75116 PARIS

**Maitre Camille MARTIN-SAINT-LEON**
112 Av. Kléber
75116 PARIS

La société LABATON Sucharow LLP
140 Broadway
NEW-YORK CITY 10005, États-Unis

Maître Christopher Keller, Attorney
140 Broadway
NEW-YORK CITY 10005, États-Unis

Maître Lawrence Sucharow, Attorney
140 Broadway
NEW-YORK CITY 10005, États-Unis

Michael Canty, Secretaire General
140 Broadway
NEW-YORK CITY 10005, États-Unis

La société GANFER SHORE LLP
360 Lexington Ave #14
New York City   NY 10017, États-Unis

Maître Mark Zauderer, Attorney
360 Lexington Ave #14
New York City   NY 10017, États-Unis

Maître Ira Matetsky, Attorney
360 Lexington Ave #14
New York City   NY 10017, États-Unis

## I. RAPPEL DES FAITS ET DE LA PROCEDURE

Le 20 décembre 2017, Monsieur Gérard SILLAM déposait une plainte simple contre X pour des faits d'escroquerie en bande organisée, recel, faux et usage de faux (enregistrée sous le numéro 17354 000 712).

Au cours de l'enquête préliminaire ayant été ouverte à la suite de cette plainte, les services de police versaient à la procédure un procès-verbal contenant les mentions du fichier du Traitement Antécédents Judiciaires (TAJ) de Monsieur Gérard SILLAM relatives à des procédures dans lesquelles ce dernier avait été mis en cause entre 1996 et 2006.

La plainte déposée par Monsieur Gérard SILLAM faisait finalement l'objet d'un classement sans suite.

En 2020, Monsieur Gérard SILLAM faisait délivrer une citation directe au cabinet LABATON devant le Tribunal correctionnel de PARIS pour les mêmes faits, des chefs d'escroquerie en bande organisée, faux et usage de faux.

Parallèlement, en 2021, il saisissait un juge civil aux ETATS-UNIS pour des faits d'incitation frauduleuse (chef I), déclaration inexacte mensongère (chef II) contre le cabinet LABATON et Maitre KELLER et pour complicité d'incitation frauduleuse (chef III) contre Maitre SUCHAROW.

Cette procédure est aujourd'hui toujours en cours.

Le 16 décembre 2022, les conseils du cabinet LABATON (le Cabinet MORICE : Maitre MORICE, Maitre CHAUFFRAY, Maitre BELLANGER, le cabinet REED, Maitre TARDIF et Maitre SAINT-MARTIN) versaient devant le Tribunal Correctionnel le procès-verbal mentionnant les antécédents judiciaires de Monsieur Gérard SILLAM.

Le 27 janvier 2023, les avocats américains du cabinet LABATON faisaient de même devant le juge civil saisi aux ETATS-UNIS.

## II. DISCUSSION

Les faits susmentionnés revêtent, sans prétendre à l'exhaustivité, la qualification de violation de secret professionnel et recel de violation de secret professionnel.

1. **Sur l'infraction de violation du secret professionnel**

L'article 11 du code de procédure pénale prévoit que :

> « *Sauf dans le cas où la loi en dispose autrement et sans préjudice des droits de la défense, la **procédure au cours de l'enquête et de l'instruction est secrète**. Toute personne qui concourt à cette procédure est tenue au secret professionnel dans les conditions et sous **les peines des articles 226-13 et 226-14 du code pénal**".*

L'article 226-13 du Code pénal dispose que :

> *"La révélation d'une information à caractère secret par une personne qui en est dépositaire soit par état ou par profession soit en raison d'une fonction ou d'une mission temporaire, est punie d'un an d'emprisonnement et de 15 000 euros d'amende".*

Par ailleurs l'article 230-10 du Code de procédure pénale, les personnes ayant accès au TAJ sont :

- les agents et militaires de la police [...] exerçant des missions de police judiciaire individuellement désignés,
- [...] ,
- les magistrats du parquet,
- les agents des services judiciaires, habilités par le Procureur de la République.

Aux termes de l'article 230-6 du Code de procédure pénale, le fichier TAJ a pour objet de faciliter la constatation des infractions à la loi pénale, le rassemblement des preuves de ces infractions et la recherche de leurs auteurs.

S'agissant de l'élément matériel de l'infraction de violation du secret professionnel, il convient de démontrer la révélation d'une information couverte par le secret.

En l'espèce, les avocats du cabinet LABATON ont versé le procès-verbal litigieux dans le cadre d'autres procédures, le portant à la connaissance notamment d'autorités judicaires, ce qui constitue une révélation.

Si les avocats du cabinet LABATON ont eu légalement accès aux mentions figurant sur le fichier du TAJ de Monsieur Gérard SILLAM, ils n'étaient en aucun cas habilités à extraire ce procès-verbal du dossier afin de le verser dans une autre procédure.

On peut tout d'abord se questionner sur le moyen d'obtention et d'administration de la preuve dans ces procédures qui est incontestablement déloyal.

De plus et surtout, les avocats du cabinet LABATON ont utilisé leur fonction d'avocat pour obtenir une information accessible uniquement par les services de police et autres services habilités, dans le cadre d'une procédure pénale, protégée par le secret.

En aucun cas le ficher du TAJ ne devrait être utilisé à d'autres fins que la recherche d'informations sur les personnes interrogées lors d'enquêtes judiciaires précédentes et le rassemblement des preuves par les autorités compétentes. Les avocats du cabinet LABATON ont profité de leur position afin de dévoiler une information sensible dans le seul but de décrédibiliser un adversaire, en violation de leur secret professionnel.

S'agissant de l'élément intentionnel, l'auteur doit avoir la volonté de révéler ce secret.

En l'espèce, cette volonté est indiscutable puisque les conseils du cabinet LABATON ont délibérément versé ce procès-verbal à deux autres procédures.

**Ainsi, les éléments constitutifs de l'infraction sont pleinement caractérisés.**

2. Sur le recel de violation du secret professionnel

L'article 321-1 du Code pénal dispose que :

> "Le recel est le fait de dissimuler, de détenir ou de transmettre une chose, ou de faire office d'intermédiaire afin de la transmettre, en sachant que cette chose provient d'un crime ou d'un délit.
>
> **Constitue également un recel le fait, en connaissance de cause, de bénéficier, par tout moyen, du produit d'un crime ou d'un délit.**
>
> Le recel est puni de cinq ans d'emprisonnement et de 375 000 euros d'amende."

L'élément matériel de l'infraction de recel réside dans le bénéfice tiré du produit d'un crime ou d'un délit.

Il convient donc de déterminer une infraction préalable, dont l'auteur du recel a tiré profit.

Il n'est pas en revanche nécessaire que son auteur ait été effectivement puni.

La répression du receleur est possible alors même que l'auteur de l'infraction d'origine n'a pas été identifié (Cass.crim 10 oct 1972), n'a pas encore été poursuivi (Cass.crim. 31 janvier 1947) ou même a été relaxé par une décision devenue définitive (Cass.crim. 9 février 1956).

En l'espèce, comme sus évoqué (II.1) l'infraction préalable est la violation du secret professionnel.

S'agissant du bénéfice tiré, le cabinet LABATON a directement bénéficié de la violation du secret professionnel par leurs avocats puisque la pièce versée a servi à la défense de leurs intérêts dans deux procédures, en FRANCE et aux ETATS UNIS.

Le cabinet LABATON a donc bénéficié de la violation du secret professionnel de ses avocats.

L'élément intentionnel de l'infraction de recel réside dans la connaissance de l'auteur qu'il bénéficie du produit d'un délit ou d'un crime.

En l'espèce, le cabinet LABATON est un cabinet d'avocats américains, conseillés par plusieurs avocats français ; le cabinet LABATON a été en mesure de connaitre et d'être conseillée sur les lois françaises dont le secret professionnel, sa violation et son recel.

De plus, le cabinet LABATON ne pouvait ignorer quelle était la stratégie de leurs avocats et d'où provenait le procès-verbal ayant été obtenu dans un dossier dans lequel le cabinet était mis en cause.

L'élément matériel du recel a eu lieu en France puisque Maitre Mark Zauderer du cabinet GANFER SHORE a fait le déplacement à Paris pour rencontrer ses avocats français et assister à l'audience du 12 janvier 2023 ; le procès-verbal du 17 mars 2021 lui a été remis par les avocats français de LABATON

Dès lors, les éléments constitutifs de l'infraction de recel du secret professionnel sont établis.

Le préjudice de Monsieur Gérard SILLAM est important.

La diffusion des informations sur les personnes interrogées lors d'enquêtes judiciaires précédentes, porte atteinte à sa réputation d'apporteur d'affaires et à sa dignité, les mentions du TAJ étant partielles et certaines inexactes, et ce fichier sera publié à un certain stade de la procédure américaine sur le site américain PACER des affaires en cours, auquel tout tiers aura librement accès.

Le procès-verbal est traduit en anglais, et produit devant le juge américain ce qui démontre la matérialité du recel de la violation du secret professionnel et l'intention de nuire.

En conséquence, Monsieur Gérard SILLAM dépose plainte contre les avocats français du cabinet LABATON SUCHAROW LLP [Maitre Morice, Maitre Chauffray et Maitre Bellanger pour le Cabinet MORICE, Maitre Tardif et Maitre Saint-Martin pour le cabinet REED-SMITH] pour des faits de violation du secret professionnel réprimé par l'article 226-13 du Code pénal ;

et pour recel de violation du secret professionnel, contre les avocats américains, Maitre Mark Zauderer et Maitre Ira MATETSKY pour GANFER SHORE LLP ainsi que le cabinet LABATON SUCHAROW LLP et ses associés, Chris Keller, Lawrence Sucharow Michael Canty, secrétaire général.

Les convocations de Maitre Morice, Maitre Chauffray et Maitre Bellanger pour le Cabinet MORICE, Maitre Tardif et Maitre Martin-Saint-Leon pour le cabinet REED-SMITH, Maitre Mark Zauderer et Maitre Ira MATETSKY pour GANFER SHORE LLP et de Chris Keller, de Lawrence Sucharow, de Michael Canty pour le Cabinet LABATON permettraient de faire la lumière sur les responsabilités des différents protagonistes.

Veuillez agréer, Monsieur le Procureur, l'expression de mes sentiments les plus distingués.

Pièces jointes :

1. 20 décembre 2017, plainte simple au Procureur de Monsieur Sillam,

2. 17 mars 2021, Procès-verbal de l'OPJ de Paris, communiquée par le Cabinet MORICE le 16 décembre 2022, Pièce 18, page 14,

3. Extraits des conclusions de Maitre Morice, Maitre Chauffray, Maitre Bellanger pour le Cabinet MORICE, Maitre Tardif et Maitre Martin-Saint-Leon pour le cabinet REED-SMITH, et le Cabinet LABATON, pages 1, 2, 45, 50 –52, Liste des pièces

4. Production du procès-verbal du 17 mars 2021 traduit en anglais, par Maitres Zauderer et Matetsky de la Société GANFER SHORE LLP au soutien d'une demande de documents et d'une liste de questions sur les suites de chacune des affaires citées dans le procès-verbal (traduction libre)

-7-