

360 Lexington Avenue
New York, New York 10017
Mark C. Zauderer
Direct Dial: 212.412.9562
Tel: 212.922.9250, Ext. 232
Fax: 212.922.9335
MZauderer@ganfershore.com

August 13, 2023

**BY ECF**

Honorable Ona T. Wang, U.S.M.J.
United States District Court for the
  Southern District of New York
500 Pearl Street
New York, New York 10017

      Re:    *Sillam et al. v. Labaton Sucharow LLP et al.,* No. 21 Civ. 6675 (CM)(OTW)

Dear Judge Wang:

    Plaintiffs' submission in response to the Order To Show Cause (Docs. 110 to 110-6) *admits* that "[o]n or around March 31, 2023, Plaintiff Sillam … filed a Criminal Complaint against Defendants, Defendants' counsel in the above captioned matter and, Defendants' counsel in France relating to Defendants' January 27, 2023 production of Plaintiff Sillam's criminal record 'Minutes' … attached to Defendants' Third Request for Production of Documents [in this action]." (Reda Aff., Doc. 110, ¶ 8; *see also* Criminal Complaint, Doc. 110-5; Larroque Aff., Doc. 110-6).

    As his own submission shows, Sillam filed this new criminal complaint "on or around March 31, 2023" even though in his Declaration dated February 16, 2023, which he agreed to provide in connection with the Court's allowing him to be deposed in France rather than in New York, Sillam had previously affirmed under penalty of perjury that:

> I will not file or pursue any type of legal proceeding in France, including but not limited to any type of criminal proceeding or criminal complaint, against Defendants, Defendants' counsel, or any persons affiliated with them, *relating directly or indirectly to the conduct of the Deposition or this action*. . . .
>
> I understand and agree that should I breach any of the promises contained in this Declaration, I will be subject to sanctions or remedial action by the New York Court, which may include (but not be limited to) monetary sanctions, injunctive relief, a directive that the Deposition be continued in New York, and/or the dismissal of this action.
>
> I am submitting this Declaration freely and voluntarily after having had a full opportunity to consult with my attorneys in both New York and France. I understand the terms of this Declaration, which my attorneys translated into French for my review before I signed it.

Honorable Ona T. Wang, U.S.M.J.
August 13, 2023
Page 2

(Zauderer 8/4/23 letter Ex. D, Doc. 104-4, ¶¶ 4, 6-7 (emphasis supplied)).

Plaintiff Sillam Breached His Representation He Would Not
File Any Criminal Matters in France Relating to This Action

It is not in dispute that prior to the present controversy, Plaintiffs, including Sillam, had filed at least three separate criminal complaints or actions in France against Labaton, certain of its partners, and their former counsel. In the last of these, a three-judge French criminal court on March 9, 2023 dismissed Plaintiffs' criminal complaint, found that Plaintiffs had not filed the criminal proceeding in good faith, and ordered Plaintiffs to pay damages and sanctions totaling more than 150,000 euros to Labaton and five of its partners. (A copy of the French criminal judgment is attached as Exhibit A, and a certified translation of that judgment is attached as Exhibit B.)

In the briefing and at oral argument before this Court of the dispute relating to the location of Plaintiffs' depositions, on January 25, 2023, Plaintiffs' counsel represented that Plaintiffs would not file any criminal complaints or proceedings in France relating to the depositions. (*See, e.g.,* Doc. 81 at 13-16, 21-25, 28-30, 46-49). When I questioned the credibility of these representations, Plaintiffs' counsel proposed that Plaintiffs would each sign affidavits or declarations reflecting this commitment. Plaintiffs, including Sillam, subsequently signed such Declarations, containing the representations set forth above that they would not file any legal proceedings, including criminal complaints or proceedings, in France relating directly or indirectly to this action.

Based on this Court's direction and in reliance on Plaintiffs' Declarations, Defendants conducted Sillam's deposition remotely, under the Hague Convention, on May 5 and 12, 2023. At his first deposition session, Sillam was questioned about matters as to which he had been criminally investigated in France. This subject was relevant so that Defendants could determine, *inter alia,* whether any of these investigations had resulted in criminal convictions that would be admissible at trial pursuant to Fed. R. Evid. 609. At the outset of this questioning, Mr. Sillam stated that "I have absolutely no problem in answering your questions" on this topic. (Sillam 5/5/23 Tr. 29, copy attached as Exhibit C).

At his second deposition session, Sillam was questioned about criminal complaints or proceedings he had previously filed against Labaton and certain of its partners in France, including the one that had recently been dismissed with sanctions. During this deposition, Sillam revealed for the first time that he had filed *yet another* criminal complaint in France – at least his fourth such complaint relating to this matter – purportedly alleging breach of secrecy relating to what we had been advised by French counsel was an official record of instances in which Sillam had been criminally investigated in France. Although Sillam refused to answer many of our questions about his new criminal complaint, he testified that that parties named in the new complaint included Defendants' counsel in this action and that the complaint was based at least in part on "questioning by Ganfer Shore." (Sillam 5/12/23 Tr. 106-111, copy attached as Exhibit D).

After we brought this matter to the Court's attention (Doc. 104), Sillam has now provided the Court with a copy of his March 31, 2023 criminal complaint, which he had previously claimed was confidential. (Doc. 110-5). That complaint reflects that it is based upon Defendants' counsel's having obtained a copy of an official record of Sillam's criminal investigation history in France and used it in, *inter alia*, a document request that we as Defendants' counsel served upon Plaintiffs' counsel in this action. (Doc. 110-2). It bears mention that this document request, with the criminal investigation history record as an exhibit, was served on Plaintiffs' counsel but, pursuant to Fed. R. Civ. P. 5(d)(1), it was not filed with the Court. Ironically, the only person who has placed Sillam's criminal investigation record onto the ECF/PACER public docket is Plaintiffs' counsel, Mr. Reda. (Docs. 110-2 and 110-3).

The parties named in Sillam's criminal complaint include, among others, Defendants' counsel in New York – the law firm of Ganfer Shore Leeds & Zauderer LLP, my partner Ira B. Matetsky, and me (Mark C. Zauderer). Also named are Defendants' counsel in France (Reed Smith LLP, Cabinet Morice, and five lawyers at those firms), the Defendants, and even a former Defendant who retired from Labaton in 2019 and was dismissed from this action last year.

This latest criminal filing against us and our clients is exactly the type of vexatious and harassing conduct by Plaintiff Sillam that we had warned was likely to occur, that Mr. Reda represented would not occur, and that Sillam also represented in his sworn Declaration he would not engage in. It is outrageous that my law firm, my law partner and I, our clients, and our correspondent counsel in France have been made the subject of a criminal complaint in France based our having engaged in the routine legal work of serving a document request in this action. Your Honor relied upon Sillam's and his counsel's representations in allowing Plaintiffs to appear in France for their depositions, requiring Defendants to incur the effort and expense of the necessary Hague Convention procedures so we could conduct the depositions remotely with the witnesses abroad. It has become abundantly evident that reliance on any representations made by these Plaintiffs is misplaced.

Plaintiffs' papers argue that Sillam did not breach the representations contained in his Declaration because his new criminal complaint – admittedly filed several weeks after he signed the Declaration – was not based upon use of his official criminal history record at his deposition, but rather on the use of the same criminal history record in a document request that we served a few weeks earlier. (Reda Aff., Doc. 110, ¶¶ 11-15). That makes no difference, because Sillam promised in the Declaration that "I will not file or pursue any type of legal proceeding in France, including but not limited to any type of criminal proceeding or criminal complaint, against Defendants, Defendants' counsel, or any persons affiliated with them, *relating directly or indirectly to* the conduct of the Deposition or *this action*." (Declaration, Doc. 104-4, ¶ 4 (emphasis added)). Thus, Sillam has violated the letter, as well as the spirit, of the representation he made under penalty of perjury in his Declaration.

Honorable Ona T. Wang, U.S.M.J.
August 13, 2023
Page 4

Relief Requested

Based upon the foregoing, Defendants respectfully request that the Court grant relief against Plaintiff Sillam, pursuant to Fed. R. Civ. P. 37 and the inherent powers of the Court, including but not limited to the following:

(A) A finding by the Court that Sillam knowingly and willfully violated the representation contained in his Declaration, upon which the Court relied in directing that Plaintiffs would be deposed in France rather than in New York;

(B) An order, pursuant to Fed. R. Civ. P. 37(a)(2)(C) and the Court's inherent powers, ordering that Sillam reimburse Defendants for all additional attorneys' fees, costs, and expenses that Defendants incurred from being required to conduct the deposition while Sillam was in France, rather than in New York, including but not limited to attorneys' fees incurred in litigating the motion regarding the location of the deposition and obtaining commissions under the Hague Convention, the fees and expenses of the Commissioner, the fees and expenses of French counsel employed in connection with the deposition, and/or such other costs as the Court may deem just and proper, all to be paid to Defendants within 30 days (*see, e.g., Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991) (recognizing the federal counsel's inherent authority to impose sanctions for bad-faith conduct in litigation); *Fashion Exchange LLC v. Hybrid Promotions, LLC*, No. 14-cv-1254 (SHS) (OTW), 2019 WL 6838672, at *10 (S.D.N.Y. Dec. 16, 2019) (Wang, M.J.) (imposing monetary sanctions on party and its counsel based on, *inter alia*, misrepresentations made to the Court), *objections rejected,* 2021 WL 1172265 (S.D.N.Y. Mar. 29, 2021)); and/or

(C) An order, pursuant to Fed. R. Civ. P. 37(b)(2)(A) and the Court's inherent powers, dismissing, or recommending the dismissal of, this action as a sanction for Sillam's willfully violating their representations contained in his Declaration, which specifically provides that such a violation may result in such relief.

We look forward to discussing this matter with the Court Tuesday morning.

Respectfully,

*/s/ Mark C. Zauderer*

Mark C. Zauderer

cc: Douglas Reda, Esq. (ECF and email)
Ira Brad Matetsky, Esq.