Cour d'Appel de Paris  
Tribunal judiciaire de Paris  
13e chambre correctionnelle 2

Extraits des minutes du greffe du tribunal judiciaire de Paris

Jugement prononcé le : 09/03/2023  
N° minute : 1  
N° parquet : 21099000303

Plaidé le 12/01/2023  
Prononcé du délibéré le 09/03/2023

# JUGEMENT CORRECTIONNEL

A l'audience publique des débats du Tribunal Correctionnel de Paris le DOUZE JANVIER DEUX MILLE VINGT-TROIS,

**Composé de :**

Président :        Monsieur DAIEFF Guillaume, vice-président,

Assesseurs :    Madame LASSERRE-JEANNIN Florence, vice-présidente,  
                        Madame PALENNE Jocelyne, présidente de chambre,

Assistés de Madame CÔME Inès, greffière,

en présence de BARRET Nicolas, vice-procureur,

A l'audience publique du prononcé du délibéré du Tribunal Correctionnel de Paris le NEUF MARS DEUX MILLE VINGT-TROIS,

**Composé de :**

Président :        Madame LASSERRE-JEANNIN Florence, vice-présidente,

Assesseurs :    Madame DE-CALAN Jeanne, vice-présidente,  
                        Madame KAPLAN Virginie, vice-présidente,

Assistées de Monsieur WAECHTER Pierre-Alexandre, greffier,

en présence de Madame LETOR Carine, substitut,

a été appelée l'affaire

**ENTRE :**

Prévenu le : *[handwritten]* KELLER Christopher, SUCHAROW Lau u. Ke,  
Civi. Resp. le : CANTY Michael ?, STOCHER Michael, Bett.  
APPEL : *[handwritten]* cvc et le cabinet d'avocat LABATON SUCHAROW  
M. Public ou Partie Civile le : *[handwritten]* le 26/03/2023 (principal sur d'intérêt civil).

**PARTIES CIVILES :**

Monsieur **SILLAM Gérard**, demeurant : 181 rue de la Pompe 75116 PARIS, partie civile poursuivante,  
*comparant assisté lors des débats de Maître MATHIEU Benjamin avocat au barreau de PARIS,*  
*comparant assisté lors du prononcé du délibéré de Maître LARROQUE Sophie*

Page 1 / 20

D 03659

\* \* \*

Monsieur **SAULNIER Aldric,** demeurant : 18 avenue Daumesnil 75012 PARIS FRANCE, partie civile,
*non comparant lors des débats représenté avec mandat par Maître LARROQUE Sophie, avocat au barreau de HAUTS-DE-SEINE, et Maître BATTIKH Mourad, avocat au barreau de PARIS,*
*non comparant lors du prononcé du délibéré représenté avec mandat par Maître LARROQUE Sophie*

\* \* \*

Monsieur le PROCUREUR DE LA REPUBLIQUE, près ce tribunal, partie jointe

**ET**

**PRÉVENU**
Raison sociale de la société :   le SCI CABINET D'AVOCATS LABATON SUCHAROW
Enseigne :   LLP
Adresse :   140 BROADWAY NEW YORK NY 10005 ETATS-UNIS D'AMERIQUE ETATS-UNIS

*non comparant lors des débats représenté avec mandat par Maitre Maître Olivier MORICE, Maître Célia CHAUFFRAY, Maître Timothée BELLANGER, Maître Natasha TARDIF, Maître Camille MARTIN SAINT-LEON et le Cabinet REED SMITH ,*
*non comparant lors du prononcé du délibéré représenté avec mandat par Maître Célia CHAUFFRAY et Maître Camille MARTIN SAINT-LEON*

**Prévenu des chefs de :**
- ESCROQUERIE faits commis entre le 21 janvier 2011 et le 17 août 2015 à NEW-YORK, à PARIS
- USAGE DE FAUX EN ECRITURE faits commis entre le 21 janvier 2011 et le 17 août 2015 à NEW-YORK, à PARIS

\* \* \*

**PRÉVENU**
Nom : **KELLER Christopher**
né le 12 novembre 1970 à New York (ETATS-UNIS)
Nationalité :   américaine

Demeurant : 140 BROADWAY NEW YORK CABINET LABATON NY 10005 ETATS UNIS D'AMERIQUE ETATS-UNIS

*non comparant lors des débats représenté avec mandat par Maitre Maître Olivier MORICE, Maître Célia CHAUFFRAY, Maître Timothée BELLANGER, Maître Natasha TARDIF, Maître Camille MARTIN SAINT-LEON et le Cabinet REED SMITH ,*
*non comparant lors du prononcé du délibéré représenté avec mandat par Maître Célia CHAUFFRAY et Maître Camille MARTIN SAINT-LEON*

**Prévenu des chefs de :**

D 03660

- ESCROQUERIE faits commis entre le 21 janvier 2011 et le 17 août 2015 à NEW-YORK, à PARIS
- USAGE DE FAUX EN ECRITURE faits commis entre le 21 janvier 2011 et le 17 août 2015 à NEW-YORK, à PARIS

\* \* \*

**PRÉVENU**
Nom : **SUCHAROW Lawrence**
né le 18 septembre 1949 à New York (ETATS-UNIS)
Nationalité : américaine

Demeurant : 140 BROADWAY NEW YORK CABINET LABATON NY 10005 ETATS UNIS D'AMERIQUE ETATS-UNIS

*non comparant lors des débats représenté avec mandat par Maitre Maître Olivier MORICE, Maître Célia CHAUFFRAY, Maître Timothée BELLANGER, Maître Natasha TARDIF, Maître Camille MARTIN SAINT-LEON et le Cabinet REED SMITH ,*
*non comparant lors du prononcé du délibéré représenté avec mandat par Maître Célia CHAUFFRAY et Maître Camille MARTIN SAINT-LEON*

**Prévenu des chefs de :**
- ESCROQUERIE faits commis entre le 21 janvier 2011 et le 17 août 2015 à NEW-YORK, à PARIS
- USAGE DE FAUX EN ECRITURE faits commis entre le 21 janvier 2011 et le 17 août 2015 à NEW-YORK, à PARIS

\* \* \*

**PRÉVENU**
Nom : **BELFI Eric**
né le 9 avril 1970 à New York (ETATS-UNIS)
Nationalité : américaine

Demeurant : 140 BROADWAY NEW YORK CABINET LABATON NY 10005 ETATS UNIS D'AMERIQUE ETATS-UNIS

*non comparant lors des débats représenté avec mandat par Maitre Maître Olivier MORICE, Maître Célia CHAUFFRAY, Maître Timothée BELLANGER, Maître Natasha TARDIF, Maître Camille MARTIN SAINT-LEON et le Cabinet REED SMITH ,*
*non comparant lors du prononcé du délibéré représenté avec mandat par Maître Célia CHAUFFRAY et Maître Camille MARTIN SAINT-LEON*

**Prévenu des chefs de :**
- ESCROQUERIE faits commis entre le 21 janvier 2011 et le 17 août 2015 à NEW-YORK, à PARIS
- USAGE DE FAUX EN ECRITURE faits commis entre le 21 janvier 2011 et le 17 août 2015 à NEW-YORK, à PARIS

\* \* \*

**PRÉVENU**

D 03661

Nom : **CANTY Michael P**
né le 17 décembre 1976 à New York (ETATS-UNIS)
Nationalité : américaine

Demeurant : 140 BROADWAY NEW YORK CABINET LABATON NY 10005 ETATS UNIS D'AMERIQUE ETATS-UNIS

*non comparant lors des débats représenté avec mandat par Maitre Maître Olivier MORICE, Maître Célia CHAUFFRAY, Maître Timothée BELLANGER, Maître Natasha TARDIF, Maître Camille MARTIN SAINT-LEON et le Cabinet REED SMITH ,*
*non comparant lors du prononcé du délibéré représenté avec mandat par Maître Célia CHAUFFRAY et Maître Camille MARTIN SAINT-LEON*

**Prévenu des chefs de :**
- ESCROQUERIE faits commis entre le 21 janvier 2011 et le 17 août 2015 à NEW-YORK, à PARIS
- USAGE DE FAUX EN ECRITURE faits commis entre le 21 janvier 2011 et le 17 août 2015 à NEW-YORK, à PARIS

\* \* \*

**PRÉVENU**
Nom : **STOCKER Michael W**
né le 29 mars 1968 aux ETATS-UNIS
Nationalité : américaine

Demeurant : California Advocates for Nursing Home 650 Harrison Street - 2nd Floor SAN FRANCISCO, ca 94107 ETATS-UNIS

*non comparant lors des débats représenté avec mandat par Maitre Maître Olivier MORICE, Maître Célia CHAUFFRAY, Maître Timothée BELLANGER, Maître Natasha TARDIF, Maître Camille MARTIN SAINT-LEON et le Cabinet REED SMITH ,*
*non comparant lors du prononcé du délibéré représenté avec mandat par Maître Célia CHAUFFRAY et Maître Camille MARTIN SAINT-LEON*

**Prévenu des chefs de :**
- ESCROQUERIE faits commis entre le 21 janvier 2011 et le 17 août 2015 à NEW-YORK, à PARIS
- USAGE DE FAUX EN ECRITURE faits commis entre le 21 janvier 2011 et le 17 août 2015 à NEW-YORK, à PARIS

## PROCEDURE

Les prévenus ont été cités par SAULNIER Aldric et SILLAM Gérard, parties civiles poursuivantes, par exploit d'huissier de justice remis à parquet le 18 juin 2021 pour comparaître à l'audience du 15 octobre 2021. La citation a fait l'objet d'une signification à l'étranger avec envoi direct aux destinataires de l'acte le 20 juillet 2021.

A l'audience du 15 octobre 2021, l'affaire a fait l'objet d'un renvoi contradictoire à l'égard des parties.
A l'audience du 8 avril 2022, l'affaire a fait l'objet d'un renvoi contradictoire à l'égard des parties.

D 03662

Par conclusions en date du 12 janvier 2023:
« *Le Ministère Public entendu en ses réquisitions,*

*Il est demandé au Tribunal de :*

*DECLARER recevable et bien fondée la présente citation ;*

*En conséquence,*

- *DIRE ET JUGER Monsieur Christopher KELLER, Monsieur Lawrence SUCHAROW, Monsieur Eric BELFI, Monsieur Michael CANTY, Monsieur Michael W. STOCKER et le cabinet Labaton SUCHAROW LLP coupables d'avoir à New York, à Paris, en tout cas sur le territoire national et depuis temps non-prescrit, entre le 21 janvier 2011 et le 17 août 2015, commis en réunion une escroquerie au préjudice de Messieurs Gérard SILLAM et Aldric SAULNIER, en l'espèce par abus de qualité vraie d'avocat et par utilisation d'une série de manœuvres frauduleuses, en délivrant de fausses attestations ayant pour but, d'une part, de faire échec aux engagements contractuels les liant à Messieurs SILLAM et SAULNIER et, d'autre part, de conduire ces derniers à renoncer aux accords conclus et aux commissions contractuelles ;*

- *DIRE ET JUGER Monsieur Christopher KELLER, Monsieur Lawrence SUCHAROW, Eric BELFI, Michael CANTY, Michael W. STOCKER et le cabinet Labaton SUCHAROW LLP coupables d'avoir à New York, à Paris, en tout cas sur le territoire national et depuis temps non-prescrit, entre le 21 janvier 2011 et le 17 août 2015, commis en réunion des faits de faux et usages de faux au préjudice, toujours, de Messieurs Gérard SILLAM et Aldric SAULNIER, en l'espèce, en émettant et en utilisant de fausses attestations afin d'échapper à leurs obligations contractuelles pour conduire Messieurs SILLAM et SAULNIER à renoncer aux accords conclus et notamment aux commissions contractuelles prévues ;*

*LEUR FAIRE APPLICATION DE LA LOI PENALE*

*Et en conséquence,*

- *DECLARER recevables et bien fondées les constitutions de parties civiles de Monsieur Gérard SILLAM et de Monsieur Aldric SAULNIER ;*

- *CONDAMNER solidairement Monsieur Christopher KELLER, Monsieur Lawrence SUCHAROW, Monsieur Eric BELFI, Monsieur Michael CANTY, Monsieur Michael W. STOCKER et le cabinet Labaton SUCHAROW LLP à payer à Monsieur Gérard SILLAM et à Monsieur Aldric SAULNIER la somme provisionnelle de 20.000.000,00 d'euros au titre de leur préjudice matériel, et ce, sur la base des tableaux clients remis par Labaton en 2019 ;*

- *CONDAMNER solidairement Monsieur Christopher KELLER, Monsieur Lawrence SUCHAROW, Monsieur Eric BELFI, Monsieur Michael CANTY, Monsieur Michael W. STOCKER et le cabinet Labaton SUCHAROW LLP à payer à Monsieur Gérard SILLAM et à Monsieur Aldric SAULNIER la somme de 5.000.000,00 d'euros au titre de leur préjudice moral ;*
- *CONDAMNER solidairement Monsieur Christopher KELLER, Monsieur Lawrence SUCHAROW, Monsieur Eric BELFI, Monsieur Michael CANTY,*

*Monsieur Michael W. STOCKER et le cabinet Labaton SUCHAROW LLP à payer à Monsieur Gérard SILLAM et à Monsieur Aldric SAULNIER la somme de 15.000 euros au titre de l'article 475-1 du Code de procédure pénale ;*

*LES CONDAMNER enfin, aux entiers dépens. »*

*   *   *

Le représentant légal du CABINET D'AVOCATS LABATON SUCHAROW LLP n'a pas comparu mais est régulièrement représenté par son conseil muni d'un mandat ; il y a lieu de statuer contradictoirement à son égard.

Il est prévenu :
- d'avoir à ( PARIS ), les 21 janvier 2011 et 17 août 2015, en tout cas sur le territoire national et depuis temps non couvert par la prescription, commis une escroquerie au préjudice de Messieurs Gérard Sillam et Alderic Saulnier, par abus de qualité vraie et association de malfaiteurs, en l'espèce en délivrant de fausses attestation ayant pour but d'une part de faire échec aux engagements contractuels les liants a Messieurs Sillam et Saulnier et d'autre part de conduire ces dernier à renoncer aux accords conclus et notamment aux commissions contractuelles prévues, faits prévus par ART.313-1 C.PENAL. et réprimés par ART.313-1 AL.2, ART.313-7, ART.313-8 C.PENAL.
- d'avoir à Paris, New York les 21 janvier 2011 et 17 août 2015, en tout cas sur le territoire national et depuis temps non couvert par la prescription, fait sciemment usage d'un écrit, ayant pour objet d'établir la preuve d'un droit, en l'espèce , dans lequel la vérité avait été altérée, ce faux étant de nature à causer un préjudice à , en l'espèce ., faits prévus par ART.441-1 C.PENAL. et réprimés par ART.441-1 AL.2, ART.441-10, ART.441-11 C.PENAL.

*   *   *

KELLER Christopher n'a pas comparu mais est régulièrement représenté par son conseil muni d'un mandat ; il y a lieu de statuer contradictoirement à son égard.

Il est prévenu :
- d'avoir à ( PARIS ), les 21 janvier 2011 et 17 août 2015, en tout cas sur le territoire national et depuis temps non couvert par la prescription, commis une escroquerie au préjudice de Messieurs Gérard Sillam et Alderic Saulnier, par abus de qualité vraie et association de malfaiteurs, en l'espèce en délivrant de fausses attestation ayant pour but d'une part de faire échec aux engagements contractuels les liants a Messieurs Sillam et Saulnier et d'autre part de conduire ces dernier à renoncer aux accords conclus et notamment aux commissions contractuelles prévues, *faits prévus par ART.313-1 C.PENAL. et réprimés par ART.313-1 AL.2, ART.313-7, ART.313-8 C.PENAL.*
- d'avoir à Paris, New York les 21 janvier 2011 et 17 août 2015, en tout cas sur le territoire national et depuis temps non couvert par la prescription, fait sciemment usage d'un écrit, ayant pour objet d'établir la preuve d'un droit, en l'espèce , dans lequel la vérité avait été altérée, ce faux étant de nature à causer un préjudice à , en l'espèce ., *faits prévus par ART.441-1 C.PENAL. et réprimés par ART.441-1 AL.2, ART.441-10, ART.441-11 C.PENAL.*

*   *   *

SUCHAROW Lawrence n'a pas comparu mais est régulièrement représenté par son

conseil muni d'un mandat ; il y a lieu de statuer contradictoirement à son égard.

Il est prévenu :
- d'avoir à ( PARIS ), les 21 janvier 2011 et 17 août 2015, en tout cas sur le territoire national et depuis temps non couvert par la prescription, commis une escroquerie au préjudice de Messieurs Gérard Sillam et Alderic Saulnier, par abus de qualité vraie et association de malfaiteurs, en l'espèce en délivrant de fausses attestation ayant pour but d'une part de faire échec aux engagements contractuels les liants a Messieurs Sillam et Saulnier et d'autre part de conduire ces dernier à renoncer aux accords conclus et notamment aux commissions contractuelles prévues, *faits prévus par ART.313-1 C.PENAL. et réprimés par ART.313-1 AL.2, ART.313-7, ART.313-8 C.PENAL.*
- d'avoir à Paris, New York les 21 janvier 2011 et 17 août 2015, en tout cas sur le territoire national et depuis temps non couvert par la prescription, fait sciemment usage d'un écrit, ayant pour objet d'établir la preuve d'un droit, en l'espèce , dans lequel la vérité avait été altérée, ce faux étant de nature à causer un préjudice à , en l'espèce ., *faits prévus par ART.441-1 C.PENAL. et réprimés par ART.441-1 AL.2, ART.441-10, ART.441-11 C.PENAL.*

\*   \*   \*

BELFI Eric n'a pas comparu mais est régulièrement représenté par son conseil muni d'un mandat ; il y a lieu de statuer contradictoirement à son égard.

Il est prévenu :
- d'avoir à ( PARIS ), les 21 janvier 2011 et 17 août 2015, en tout cas sur le territoire national et depuis temps non couvert par la prescription, commis une escroquerie au préjudice de Messieurs Gérard Sillam et Alderic Saulnier, par abus de qualité vraie et association de malfaiteurs, en l'espèce en délivrant de fausses attestation ayant pour but d'une part de faire échec aux engagements contractuels les liants a Messieurs Sillam et Saulnier et d'autre part de conduire ces dernier à renoncer aux accords conclus et notamment aux commissions contractuelles prévues, *faits prévus par ART.313-1 C.PENAL. et réprimés par ART.313-1 AL.2, ART.313-7, ART.313-8 C.PENAL.*
- d'avoir à Paris, New York les 21 janvier 2011 et 17 août 2015, en tout cas sur le territoire national et depuis temps non couvert par la prescription, fait sciemment usage d'un écrit, ayant pour objet d'établir la preuve d'un droit, en l'espèce , dans lequel la vérité avait été altérée, ce faux étant de nature à causer un préjudice à , en l'espèce ., *faits prévus par ART.441-1 C.PENAL. et réprimés par ART.441-1 AL.2, ART.441-10, ART.441-11 C.PENAL.*

\*   \*   \*

CANTY Michael P n'a pas comparu mais est régulièrement représenté par son conseil muni d'un mandat ; il y a lieu de statuer contradictoirement à son égard.

Il est prévenu :
- d'avoir à ( PARIS ), les 21 janvier 2011 et 17 août 2015, en tout cas sur le territoire national et depuis temps non couvert par la prescription, commis une escroquerie au préjudice de Messieurs Gérard Sillam et Alderic Saulnier, par abus de qualité vraie et association de malfaiteurs, en l'espèce en délivrant de fausses attestation ayant pour but d'une part de faire échec aux engagements contractuels les liants a Messieurs Sillam et Saulnier et d'autre part de conduire ces dernier à renoncer aux accords conclus et notamment aux commissions contractuelles prévues, *faits*

D 03665

*prévus par ART.313-1 C.PENAL. et réprimés par ART.313-1 AL.2, ART.313-7, ART.313-8 C.PENAL.*
- d'avoir à Paris, New York les 21 janvier 2011 et 17 août 2015, en tout cas sur le territoire national et depuis temps non couvert par la prescription, fait sciemment usage d'un écrit, ayant pour objet d'établir la preuve d'un droit, en l'espèce , dans lequel la vérité avait été altérée, ce faux étant de nature à causer un préjudice à , en l'espèce ., *faits prévus par ART.441-1 C.PENAL. et réprimés par ART.441-1 AL.2, ART.441-10, ART.441-11 C.PENAL.*

\* \* \*

STOCKER Michael W n'a pas comparu mais est régulièrement représenté par son conseil muni d'un mandat ; il y a lieu de statuer contradictoirement à son égard.

Il est prévenu :
- d'avoir à ( PARIS ), les 21 janvier 2011 et 17 août 2015, en tout cas sur le territoire national et depuis temps non couvert par la prescription, commis une escroquerie au préjudice de Messieurs Gérard Sillam et Alderic Saulnier, par abus de qualité vraie et association de malfaiteurs, en l'espèce en délivrant de fausses attestation ayant pour but d'une part de faire échec aux engagements contractuels les liants a Messieurs Sillam et Saulnier et d'autre part de conduire ces dernier à renoncer aux accords conclus et notamment aux commissions contractuelles prévues, *faits prévus par ART.313-1 C.PENAL. et réprimés par ART.313-1 AL.2, ART.313-7, ART.313-8 C.PENAL.*
- d'avoir à Paris, New York les 21 janvier 2011 et 17 août 2015, en tout cas sur le territoire national et depuis temps non couvert par la prescription, fait sciemment usage d'un écrit, ayant pour objet d'établir la preuve d'un droit, en l'espèce , dans lequel la vérité avait été altérée, ce faux étant de nature à causer un préjudice à , en l'espèce ., *faits prévus par ART.441-1 C.PENAL. et réprimés par ART.441-1 AL.2, ART.441-10, ART.441-11 C.PENAL.*

### DEBATS

A l'appel de la cause, le juge rapporteur a indiqué que l'affaire venait sur poursuite de SAULNIER Aldric et de SILLAM Gérard contre la SCI CABINET D'AVOCATS LABATON SUCHAROW LLP, KELLER Christopher, SUCHAROW Lawrence, de BELFI Eric, CANTY Michael P et STOCKER Michael W.

Le juge rapporteur a constaté l'absence des prévenus, représentés par leurs conseils, et a donné connaissance de l'acte qui a saisi le tribunal.

Le juge rapporteur a constaté la présence de SILLAM Gérard, assisté de son conseil, et l'absence de SAULNIER Aldric, représenté par son conseil.

Le juge rapporteur a instruit l'affaire.

Maître MATTHIEU, conseil de SILLAM Gérard a été entendu en sa plaidoirie.

Maître LARROQUE, conseil de SAULNIER Aldric a été entendu en sa plaidoirie.

Le ministère public a été entendu en ses réquisitions.

Les conseils des prévenus ont été entendus en leurs plaidoiries.

Le greffier a tenu note du déroulement des débats.

Puis à l'issue des débats tenus à l'audience du DOUZE JANVIER DEUX MILLE VINGT-TROIS, le tribunal a informé les parties présentes ou régulièrement représentées que le jugement serait prononcé le 9 mars 2023 à 13:30.

A cette date, vidant son délibéré conformément à la loi, le Président a donné lecture de la décision, en vertu de l'article 485 du code de procédure pénale.

**Le tribunal a délibéré et statué conformément à la loi en ces termes :**

* * *

### EXPOSE DES FAITS ET DE LA PROCEDURE

Le 3 novembre 2005, Gérard SILLAM, apporteur d'affaires français entrait en pourparlers avec le cabinet d'avocats américain Cabinet Labaton Sucharow, spécialisé dans les actions collectives (*class action law suits*) en matière de fraude boursière pour apporter à ce cabinet des gros clients institutionnels européens, notamment français en vue de conclure avec ce dernier des accords de recommandation permettant d'assurer au cabinet le rôle déterminant d'avocat principal dans les actions collectives.

Le 21 février 2006 un contrat portant collaboration entre Cabinet Labaton Sucharow et Maître Descoubes lequel avait été introduit auprès de Cabinet Labaton Sucharow par GérardS SILLAM, était rédigé.

Aux termes de ce contrat relatif aux litiges concernant les recours judiciaires collectifs en valeurs mobilières et autres litiges représentatifs au nom de clients obtenus principalement grâce aux efforts de Maître Descoubes et de ses relations, était rédigé et adressé à Maître Descoubes. Cabinet Labaton Sucharow et ce dernier convenaient que Maître Descoubes recevrait 15 % des honoraires nets d'avocat de Cabinet Labaton Sucharow dans le cas où un client de Maître Descoubes était désigné comme demandeur principal seul ou au sein d'un groupe composé d'un maximum de cinq entités distinctes.. Il était prévu que cette commission serait réduite à proportion de la contribution relative à un client si le client présenté par Maître Descoubes appartenait un groupe composé d'autres clients collectivement désigné comme demandeurs principal.

Ce document n'était pas signé par Maître Descoubes.

Par ailleurs le 25 avril 2006 Cabinet Labaton Sucharow et Gérard SILLAM signaient un accord appelé « Consulting agreement ». Aux termes de cet accord Gérard SILLAM devait : « *fournir à Cabinet Labaton Sucharow son assistance personnelle et son expertise en facilitant directement ou indirectement la représentation de Cabinet Labaton Sucharow auprès des investisseurs institutionnels étrangers qui, à la suite des efforts de GérardS SILLAM deviennent clients de Cabinet Labaton Sucharow et la consultation au nom de Cabinet Labaton Sucharow à cet égard . Le présent accord est un contrat de services personnels et Cabinet Labaton Sucharow s'appuie et conclut le présent accord spécifiquement sur la capacité de Gérard SILLAM à tirer parti de ses contacts personnels et de ses relations avec des clients potentiels et autres relations avec des clients potentiels[ ...]..*

Aux termes de cet accord Gérard SILLAM devait bénéficier : outre le paiement des frais raisonnables directement liés à l'exécution des services susmentionnés fournis Cabinet Labaton Sucharow :

a) pour les fonds dont les actifs investis dans des titres américains dépassent 2 milliards de dollars :
- une commission de succès maximale 30 000 $ US si une lettre d'engagement exclusive est obtenue en faveur de Cabinet Labaton Sucharow pour le suivi du portefeuille du client qui inclut l'accès régulier de Cabinet Labaton Sucharow au portefeuille clients
- pour les fonds dont les actifs sont inférieurs à 2 milliards de dollars est supérieur à 1 milliard de dollars les honoraires de succès seront réduits au prorata,

b) une prime de succès supplémentaire dans le cas où le client est nommé demandeur principal et Cabinet Labaton Sucharow est nommé avocat principal au sens de la loi Private sécurité litigation Reform act de 1995, soit des honoraires de 65 000 $ si Cabinet Labaton Sucharow est nommé seul conseil principal qui seront versés pour le succès de la procédure. Dans le cas où Cabinet Labaton Sucharow est désigné comme co-avocat principal des honoraires de 30 000 $ seront versés.

Cabinet Labaton Sucharow devait dans tous les cas également payer 6000 $ par mois pendant la durée du contrat au titre d'avance contre les commissions de succès perçus conformément aux points a et b. Toutefois et dans tous les cas l'obligation de Cabinet Labaton Sucharow à verser les commissions de succès convertis : un des n'est pas déclenché mensuel en vertu de ce paragraphe ne seront pas remboursables à Cabinet Labaton Sucharow.

L'accord prévoyait également que pendant la durée du contrats Gérard SILLAM pouvait avoir connaissance des informations concernant les secrets commerciaux les informations commerciales confidentielles de Cabinet Labaton Sucharow et des clients sans limitation les informations relatives aux déclarations générales, ou liste de clients, aux ventes, au marketing, aux processus et procédures de production et autre affaires de Cabinet Labaton Sucharow et les informations sur les investissements des clients , informations confidentielles qu'il s'engageait à ne pas divulguer ni fournir courant accessible à quiconque.

Le 4 août 2007 Gérard SILLAM mettait fin la relation contractuelle avec Cabinet Labaton Sucharow à effet du 3 septembre 2007 et revendiquait des droits pour lui et pour Maître Descoubes et le paiement de sa rémunération sur la base des affaires confiées ou à confier par les groupes qu'il affirmait avoir présenté à Cabinet Labaton Sucharow. Ce dernier par courrier en réponse en date du 24 octobre 2007, contestait avoir entre les mains un contrat signé par Maître Descoubes, et contestait le fait que ce dernier est présenté des clients en vertu de l'accord social affirmant que Cabinet Labaton Sucharow n'avait pas été désigné dans le cadre d'un litige par un investisseur européen et encore moins par un investisseur désigné en tant que plaignant principal

Le 1er mai 2008 Maître Descoubes et Aldric Saulnier régularisaient un contrat de cession des droits et d'intérêts découlant ou créés par le contrat de commission de référence entre Maître Descoubes et Cabinet Labaton Sucharow, aux termes duquel Aldric Saulnier était autorisé à négocier pour le compte du premier un accord transactionnel portant sur le règlement du litige découlant de l'exécution de l'accord du 21 février 2006.

Gérard SILLAM, estimant que Aldric Saulnier détenait à sa demande les droits de Maitre DESCOUBES auprès de Cabinet Labaton Sucharow , en vertu du contrat de cession, déposait une plainte déontologique devant le barreau de Paris le 12 octobre 2007 à l'encontre de Maître Descoubes qui avait indiqué officiellement ne pas avoir

signé l'accord du 21 février 2006., alors que Gérard SILLAM soutenait que Cabinet Labaton Sucharow et Maitre DESOCUBES avaientt signé ledit accord.

Cabinet Labaton Sucharow et GérardS SILLAM divergeaient dans l'interprétation de l'accord du 21 février 2006 et la rémunération qui serait due à Gérard SILLAM ; Cabinet Labaton Sucharow ne donnait pas suite aux réclamations de GérardS SILLAM.

En juin 2008 Cabinet Labaton Sucharow informait GérardS SILLAM et son conseil qu'il était disposé à envisager une forme de transaction.

Le 23 avril 2009 Gérard SILLAM déposait plainte pénale en France contre Cabinet Labaton Sucharow et des avocats pour tentative d'escroquerie en bande organisée faux et usage de faux et recel.

Cabinet Labaton Sucharow soucieux de préserver sa réputation concluait deux accords transactionnels le 30 décembre 2009.

Le premier accord était régularisé entre Cabinet Labaton Sucharow 31 décembre 2009 intitulé « règlement et renonciation et libération complète ». Étaient partie au contrat : Maître Georges Gérard Alfonso, Maître Bertrand Jeanne es qualité de liquidateur de Gérard SILLAM et syndic de faillite représentée par son conseil Maître Hendrick Saulnier Les parties aux termes de cet accord conviennent de régler toute réclamation réclamations potentielle qui peuvent exister en vertu du contrat de consultation conclue entre S l'accord devant libérer mutuellement et conjointement les parties de toute réclamation connue ou inconnue que l'une ou l'autre partie pourrait introduire déposer contre l'autre en toute juridiction du monde. Aux termes de cet accord Cabinet Labaton Sucharow accepte en contrepartie du règlement complet de la résiliation de toutes les obligations auxquelles Gérard SILLAM pourrait comme prétendre ou alléguer comme lui étendu par Cabinet Labaton Sucharow , de payer à en un paiement unique de la somme de 400 000 $ par virement sur le compte de son conseil Maître Alfonso.

Un second accord était régularisé le 31 décembre 2009 entre Maître Descoubes représenté par son conseil Maître Saulnier en qualité d'avocat attitré représenté par Maître Georges Alfonso. L'accord intitulé « accord de règlement international de désistement et renonciation complète » concernait :
- d'une part le contentieux Vivendi pendant devant le tribunal du district sud de New York. Il était prévu s'agissant de ce dossier le versement à Maître Descoubes de 30 % des honoraires perçus par Cabinet Labaton Sucharow si les seuils d'honoraires perçus par Cabinet Labaton Sucharow de 500 000 $ est franchi. Le minimum dû à Maître Descoubes en cas d'issue favorable ne pouvant être inférieur à 150 000 $, aucune somme n'étant due en cas d'issue défavorable
- d'autre part et notamment. s'agissant de tous les autres contentieux l'accord prévoyait le versement 15 % des honoraires perçus dans les dossiers d'une liste de clients potentiels qui auraient désigné Cabinet Labaton Sucharow en phase pré contentieuse ou contentieuse à compter de la signature de l'accord transactionnel et pour les cinq prochaines années

Dans le courant de l'année 2015 Gérard SILLAM se prévalant de l"accord entre le Cabinet Labaton Sucharow et Maître Descoubes et le cessionnaire des droits de ce dernier, Maître Saunier, revendiquait auprès du Cabinet Labaton Sucharow le

Page 11 / 20

paiement des honoraires sur le litige Vivendi qui devait rapporter 2 milliards d'euros, pour réclamer le versement à titre transactionnel de rétrocessions d'honoraires pour un montant de 1 250 000 € à verser le 5 août 2015 plus tard. Il contestait la véracité des informations transmises par Cabinet Labaton Sucharow sur les procédures les honoraires perçus.

Le 15 août 2015 un accord transactionnel intitulé : Accord de règlement universel de désistement et de renonciation complète de toute requête effective potentielle contre LABATON ou l'un quelconque de ses agents représentants ou partenaires, était conclut entre Labaton et Gérard SILLAM et Aldric Saulnier, représentés par leur conseil Maître Georges Alfonso, désignés dans l'accord « clients Alfonso ».

Gérard SILLAM et Aldric Saulnier se désistaient de toute requête effective ou potentielle devant n'importe quelle juridiction dans le monde découlant des accords se rapportant à eux de quelque façon et en contrepartie Cabinet Labaton Sucharow s'engageait à payer la somme de 99 999,99 $ ».

Le 20 décembre 2017 Gérard SILLAM déposait plainte entre les mains du procureur de la république de Paris contre Cabinet Labaton Sucharow du chef d'escroquerie en bande organisée usage d'attestation inexacte faux et usage de faux recel de complicité sans aucun fondement

A la suite de l'enquête préliminaire l'affaire était classée sans suite au motif : « infraction insuffisamment caractérisée ».

*   *   *

Suivant acte du 16 juin 2021 Gérard SILLAM et Aldric Saulnier ont fait citer le cabinet d'avocats LABATON Sucharow LPP ainsi que Christopher J. Keller, Lawrence SUCHAROW, Erik. J.BELFI, Michael P.CANTY Michael W.STOCKER DARK, devant le tribunal correctionnel 13e chambre, pour :

*Sur l'action publique*

- au visa des articles 313 -1 et suivants du code pénal,pour avoir à Paris New York en tout cas sur le territoire national et depuis temps non prescrit, entre le 1er janvier 2011 et le 17 août 2015 commis une escroquerie au préjudice de Gérard SILLAM et Aldric Saulnier, pour abus de qualité vraie et association de malfaiteurs en l'espèce en délivrant de fausses attestations ayant pour but d'une part de faire échec aux engagements contractuels les liant à messieurs GérardS SILLAM et Aldric Saulnier et, d'autre part de conduire ces derniers à renoncer aux accords conclus et notamment aux commissions contractuellement prévues

- au visa des articles 441-1 et suivants du code pénal avoir à New York et Paris et en tout cas sur le commis des faits de faux et usage de faux au préjudice de Gérard SILLAM et Aldric Saulnier par abus de qualité vraie et association de malfaiteurs en l'espèce en émettant et en utilisant de fausses attestations afin d'échapper à leurs obligations contractuelles pour conduire Gérard SILLAM et Aldric Saulnier à renoncer aux accords signés conclus et notamment aux commissions contractuelles prévues.

*Sur l'action civile*

Les voir condamner solidairement au paiement de la somme provisionnelle de 20 millions d'euros en réparation de leur préjudice matériel outre la somme de 5 millions d'euros en réparation de leur préjudice moral outre la somme de 15 000 € sur le fondement l'article 475 -1 du code de procédure pénale ainsi qu'aux entiers dépens de l'instance.

Le 15 octobre 2021 le tribunal a fixé le montant de la consignation 3000 € pour chacune des parties poursuivantes ces sommes ont été versées ;

À l'audience Gérard SILLAM a seul comparu personnellement, les autres parties étaient représentées par leur conseil respectif.

Suivant conclusions récapitulatives et responsives régularisées à l'audience, Gérard SILLAM et Aldric Saulnier sur l'action publique, ont modifié le chef de prévention et demandent désormais au tribunal de dire et juger que les prévenus sont coupables :
-pour avoir à Paris New York en tout cas sur le territoire national et depuis temps non prescrit, entre le 1er janvier 2011 et le 17 août 2015 commis une escroquerie au préjudice de Gérard SILLAM et Aldric Saulnier pour abus de qualité vraie d'avocat et par l'utilisation d'une série de manœuvres frauduleuses, en délivrant de fausses attestations ayant pour but d'une part de faire échec aux engagements contractuels les liant à Messieurs Gérard SILLAM et Aldric Saulnier et, d'autre part de conduire ces derniers à renoncer aux accords conclus et notamment aux commissions contractuellement prévues
- d'avoir : à un New York et Paris et en tout cas sans commis des faits de faux et usage de faux au préjudice de Gérard SILLAM et Aldric Saulnier par abus de qualité vraie en l'espèce en émettant et en utilisant de fausses attestations afin d'échapper à leurs obligations contractuelles pour conduire Gérard SILLAM et Aldric Saulnier à renoncer aux accords signés conclus et notamment aux commissions contractuelles prévues.

Gérard SILLAM a confirmé ses demandes tant sur l'action publique que sur l'action civile.

Il soutient sur question du tribunal qu'il se trouvait en France quand les contrats ont été signés avec Cabinet Labaton Sucharow , même s'il s'est rendu aux États-Unis au début de leur relation commerciale. Il soutient qu'entre 2011et 2015 le cabinet Cabinet Labaton Sucharow adressé des attestations mensongères en omettant de mentionner les classes actes jeunes dont il était saisi et dont l'inventaire est reproduit sur la pièce 28 A de ses pièces « Proof of claim. Il revendique les accords conclus en 2006 et en 2009 et en 2015 dès lors qu'il était toujours en contact avec le cabinet LABATON et spécialement avec Christopher Keller et qu'il a été payé sur la base de l'accord de 2015 auquel il était partie tel n'aurait pas été le cas si les relations avaient été rompues avec Cabinet Labaton Sucharow, qu'il est donc recevable dans son action.

Il ajoute que même si les noms des clients sont vrais et dans la liste des clients potentiels, l'information selon laquelle Cabinet Labaton Sucharow n'a pas été engagé par ces clients et qu'il n'a pas reçu de provision, est fausse. Gérard SILLAM indique à l'audience avoir découvert cela en 2017 lors d'un rendez-vous avec la société AXA où il aurait appris que Cabinet Labaton Sucharow s'occupait de leurs class action depuis 2006 ; Gérard SILLAM revendique en conséquence non seulement les 15 % de rétrocessions visées dans l'accord du 21 février 2006 mais en réalité les 30 % prévus à l'accord en cas de faux ou d'oubli. Il considère que les 400 000 $ résultant de l'accord

qu'il a conclu le 30 décembre 2009 avec le Cabinet Labaton Sucharow ne constituent qu'une partie des sommes qui lui sont dues.

Par la voix de leur conseil, les parties civiles soutiennent que des attestations fausses ont été communiquées par M. KELLER pour le compte de Cabinet Labaton Sucharow et les associés, les 21 janvier 2011, 9 juin 2011, 14 février 2012, 16 juillet 2013 et 8 juillet 2015. La dernière de ces attestations adressées au cabinet de Aldric Saulnier, en date du 8 juillet 2015 a eu pour but de les déterminer à signer l'accord du 15 août 2015.

Ils soutiennent encore que l'établissement d'attestations fausses dont le contenu est contredit par la liste des clients pour lesquels le Cabinet Labaton Sucharow est intervenu dans le cadre de class action en post-litigation, leur ont causé préjudice à la fois sur le plan matériel et moral et Gérard SILLAM n'a pas pu faire exécuter son contrat.

En réponse aux contestations des prévenus ils estiment rapporter la preuve que le Cabinet Labaton Sucharow est intervenu dans des affaires KCB et autres affaires recensées dans leur pièce 28 A; et pièces nouvelles numérotées 40 à 48, soumises au contradictoire des parties, concernant trois affaires VIVENDI, deux affaires Karam -KBC, deux affaires Computer Science Coporation, une affaire Freedman, une affaire ATRS.

En défense, sur le fond les prévenus concluent à l'irrecevabilité de la constitution de partie civile de Gérard SILLAM et Aldric Saulnier en ce qui ne disposerait pas de qualité à agir.

Pour ce qui concerne Gérard SILLAM ils font observer que celui-ci n'est pas concerné par l'accord conclu entre Monsieur Descoubes représenté par Maître Saulnier et Cabinet Labaton Sucharow ; GérardS SILLAM ayant quant à lui abandonné aux termes la transaction qu'il a conclue avec Cabinet Labaton Sucharow, toutes prétentions envers Cabinet Labaton Sucharow et a été rempli de ses droits.

Les prévenus soutiennent encore que Maître Saulnier, n'a pas été partie aux accords en tant que partie prenante à ceux-ci il n'a aucune qualité agir de ce chef dans présente instance ; selon les prévenus le contrat de cession d'intérêts et de droits du 11 juin 2008 auquel il est fait référence, est en réalité un simple mandat confié par Maître Descoubes à Maître Saulnier pour un règlement définitif avec le Cabinet Labaton Sucharow, ils ajoutent qu'en qualité d'avocat français Aldric Saulnier ne pouvait, sauf à violer les articles 11-3 et 11-4 du règlement national de la profession d'avocat, être rémunéré comme apporteur d'affaires ou partager des honoraires avec un personne physique qui n'est pas elle-même avocat. Enfin ils concluent que Aldric Saulnier n'a effectué aucun travail d'avocat justifiant les honoraires réclamés, il n' a donc subit aucun préjudice et n'a donc pas qualité à agir .

Les prévenus sollicitent leur relaxe contestant avoir commis les faux allégués et les escroqueries. En défense les prévenus soutiennent que Maître Descoubes n'a jamais travaillé avec Cabinet Labaton Sucharow sur la moindre affaire, puisqu'aucun des clients référés n'a été désigné comme demandeur principal dans une action collective et que d'autre par le Cabinet Labaton Sucharow n'a jamais été désigné comme avocat principal. Ils ajoutent qu'entre 2006 et 2007 Gérard SILLAM a organisé aux États-Unis quelques réunions entre certains fonds européens les avocats de Cabinet Labaton Sucharow leur a présenté des conseils.

**Page 14 / 20**

Ils soutiennent encore que le litige qui les oppose aux parties civiles est de nature civile. Gérard SILLAM a d'ailleurs introduit des actions devant la juridiction américaine de New York et deux de ses demandes ont été rejetées et la troisième fait l'objet d'une procédure de Dicovery.

Ils sollicitent à titre reconventionnel des dommages-intérêts en invoquant le préjudice réputationnel de cette affaire étant eux-mêmes avocats :
-au visa de l'article 472 code de procédure pénale ils demandent la condamnation des parties civiles au paiement à titre de dommages-intérêts de la somme de de 50 000 € € pour le Cabinet Labaton Sucharow et la somme de 10 000 € pour chacun des associés poursuivis il demande encore leur condamnation au paiement de la somme de 75 000 € et la somme de 9087,24 € fondement l'article 800 2 du code de procédure pénale.

Le tribunal a autorisé la communication pendant le délibéré par les parties des quatre attestations litigieuses en anglais et les décisions sur KBC.

## EXPOSE DES MOTIFS

### Sur l'action publique

A titre liminaire les prévenus ont conclu d'une part à la nullité de la citation, motif pris de son inintelligibilité, ne sachant pas ce qu'on leur reproche entre une escroquerie, une association de malfaiteurs, une infraction pénale ou une inexécution contractuelle et sans précision des faits reprochés à chacun des prévenus ce qui leur ferait grief pour se défendre. Ils soutiennent d'autre part que le tribunal correctionnel de Paris serait territorialement incompétent, aucun élément des infractions n'étant rattachable sur le territoire français

Toutes les parties ont été entendues et le ministère public entendu en ses réquisitions a conclu au rejet des moyens de nullités

### - Sur la nullité de la citation
Les parties civiles ont clairement indiqué dans les motifs et dispositif de l'acte la date et lieu des faits poursuivis, la qualification pénale et les textes applicables ont été également visés ; la lecture de la citation permet aux prévenus de comprendre les infractions qui leur sont reprochées. Le tribunal constate d'ailleurs que les parties civiles ont abandonné l'évocation comme élément constitutif des infractions d'escroquerie et de faux poursuivies, l'association de malfaiteurs ,en réalité infraction autonome ; les contradictions dans la relation des faits ou de l'interprétation des contrats à l'origine de la poursuite , si elles peuvent apporter de la confusion , n'affectent pas la compréhension des délits poursuivis, le tribunal saisi des faits devant apprécier la pertinence des preuves au soutien de l'action publique mise en mouvement par la partie civile.

Les prévenus aux termes de leurs écritures ont articulé de nombreux moyens de fond pour contrer les accusations portées contre eux, il s'en déduit qu'ils ont parfaitement compris les délits reprochés.
Pour ces motifs le tribunal écarte le moyen tiré de la nullité de la citation.


### -Sur l'exception d'incompétence de la juridiction française

En droit et par application des dispositions de l'article 113 –2 du code de procédure pénale , la loi française est applicable aux infractions commises sur le territoire de de

la République ; l'infraction est réputée commise sur le territoire de la République dès lors qu'un des faits constitutifs a eu lieu sur ce territoire.

À cet égard le tribunal constate que, quand bien même Gérard SILLAM s'est déplacé à plusieurs reprises aux États-Unis notamment au début des pourparlers concernant son contrat d'apporteur d'affaires avec le Cabinet Labaton Sucharow, que les accords litigieux conclus en février 2006 puis en avril 2006 ainsi que les transactions conclues en décembre 2009 ainsi qu'en août 2015 ont donné lieux à des échanges par mail et à des envois par courriers par Fedex, que les contrats ont été signés sur le territoire national, siège de l'activité de Gérard SILLAM et de Aldric Saulnier avocat parisien. Ces derniers ont signé les contrats et les ont respectivement retournés aux États-Unis ou bien les ont remis aux correspondants français, à Paris, du cabinet américain.

Par ailleurs le tribunal constate qu'au titre de l'exécution du contrat au 31 décembre 2009 portant obligation pour le Cabinet Labaton Sucharow d'adresser régulièrement la liste des clients qui l'avaient engagé, les attestations établies sous la signature de Monsieur Keller, si elles ont été certes établies aux États-Unis, ont bien été adressées pour être utilisées en France à Aldric Saulnier, comme justification de l'exécution du contrat.

L'ensemble de ces éléments procèdent d'infractions rattachables au territoire national.

En conséquence le tribunal correctionnel de céans décide d'écarter l'exception d'incompétence territoriale de la juridiction française et retient sa compétence.

*Sur la recevabilité*

Vu les dispositions des articles 2 et 423 du code de procédure pénale

En droit l'action publique ne peut être mise en mouvement par une partie civile qui ne justifie pas d'un préjudice personnel trouvant sa source dans l'infraction poursuivie en cas d'absence de préjudice direct et personnel la partie la civile n'est pas recevable à se constitue partie civile et à mettre l'action publique en mouvement.

S'agissant de Gérard SILLAM, le tribunal constate que pour revendiquer un préjudice au titre de rétrocessions d'honoraires qu'il n'aurait pas perçues ; Gérard SILLAM s'appuie sur l'accord transactionnel régularisé le 31 décembre 2009 entre le Cabinet Labaton Sucharow et Maître Descoubes représenté par son conseil attitré Aldric Saulnier, et invoque l'inexécution des obligations contractuelles relatives à la transmission d'attestations concernant les clients potentiels figurant sur liste annexée audit accord, ayant fait appel au cabinet LABATON et lui ayant versé des honoraires. Or force est de constater que Gérard SILLAM n'était pas partie à l'accord de 2009, contrairement à ce qu'il soutient. Il invoque un « continuum » entre le contrat qui le liait en avril 2006 à Cabinet Labaton Sucharow estimant indifférent la fin des relations en 2007 et les accords transactionnels postérieurs régularisés pour mettre un terme au litige.

Le tribunal estime en conséquence qu'il ne peut exciper d'une inexécution frauduleuse du contrat, qui tomberait sous le coup de la loi pénale dès lors que le contrat stipule des honoraires au seul profit d'Aldric Saulnier. En conséquence le tribunal le déclare irrecevable en sa constitution de partie civile et constate que le tribunal n'est pas valablement saisi le concernant.

S'agissant de Aldric Saulnier, le tribunal constate qu'il est partie au contrat litigieux du 31 décembre 2009 sur lequel il se fonde pour réclamer la réparation de son préjudice résultant des infractions d'escroquerie, de faux et d'usage de faux. En conséquence le tribunal le déclare recevable en son action.

**Sur le fond**

Le tribunal relève que dans l'accord transactionnel du 30 décembre 2009 entre Decoubes représenté par Maître SAULNIER et Cabinet Labaton Sucharow à l'article III § A intitulé « base de l'accord » : *les parties reconnaissent comprennent acceptent que des courbes a été présentées à la bâton par Gérard Sylla personnes engagé comme consultants par la bâton au moyen d'un contrat séparé et indépendant les clients Alfonso reconnaissent comprennent acceptent que si l'âme travaillait sous la direction de en vertu de leur contrat respectif avec la bâton et que la bâton souhaite maintenant parachever et conclure toute obligation responsabilité de voir l'intérêt actuel ou futur qu'il puisse avoir avec Descoubes ».*

Au paragraphe C intitulé : « **possibles honoraires découlant d'un litige supplémentaire et/ou futu** : *Labaton reconnaît comprendre accepte en contrepartie du désistement et la renonciation complète et définitif donnée par les clients Alfonso ainsi que du contrat d'arbitrage confidentiel signé par les parties ici établies, les clients Alfonso au moins conserveront une participation à durée limitée d'un montant égal à 15 % des honoraires bruts payés à LABATON dans toute affaire où Labaton est engagé pour représenter un quelconque des clients potentiels (qui sont clients potentielles à partir du moment où la représentation a commencé), aussi bien pendant la préparation que pendant le déroulement d'un litige – comme le confirme l'annexe jointe à cet accord identifié comme pièce numéro 1 (" des clients potentiels) ;cette part limitée existera dès qu'un des clients potentiels engage Labaton au cours des cinq années civiles à partir de la date d'exécution du présent accord de règlement(la période de cinq ans) et sera payé selon les conditions de référence établie dans l'accord., Dans toute affaire où la bâton représente un client potentiel obtient un jugement ou un accord entre parenthèses (avant ou après le début du procès par le client potentiel) n'importe où dans le monde et à n'importe quel moment. Il est entendu que Labaton peut représenter un client potentiel et un autre client dans le même contentieux, et les parties détermineront de bonne foi quelles portions des honoraires perçus par Labaton est sujette à la part limitée.*

Au §1 intitulée : « **vérification des verdicts ou accords obtenus par Labaton concernant les honoraires** » il est notamment indiqué : « *que Labaton produira les documents vérifiables qu'il y a qu'il y aura pour les joindre est incorporé de plein droit à cet accord comme pièce permettant d'établir la structure des honoraires de la bâton entre parenthèses taux horaire forfaitaires d'honoraires ou tarifs d'honoraires conditionnels) pour chacune des affaires dans lesquelles Labaton représente l'un des clients potentiels pendant la période de cinq ans. Si besoin Labaton fournira par la suite les documents à joindre de plein droit cet accord pour confirmer la structure des honoraires de Labaton y compris les honoraires horaires forfaitaires ou les honoraires conditionnels, quand les honoraires indiqués auront été ajustés réduits modifier de quelque façon que ce soit, chaque cas où la bâton a été engagé par un client potentiel avant pendant ou après un procès. ».*

Aux termes des § 2 et§3 de ce même article est indiqué que7
- *que LABATON doit communiquer à Georges Alfonso avant la mise en exécution de l'accord dans un rapport vérifié , la liste complète des affaires en cours (ou envisagées) dans lesquelles Labaton représente l'un des*

Page 17 / 20

D 03675

> *quelconques des clients potentiels n'importe où dans le monde à de la date d'exécution de l'accord et s'il y a lieu une description complète de l'affaire pour laquelle Labaton été engagé dans chaque cas ainsi que l'accord de paiement honoraires horaires ou forfaitaires ou conditionnels [...]*
> - *-doit semestriellement, commencer six mois à compter de la date exécution de l'accord produire à Georges Alfonso une déclaration indiquant si l'un des clients potentiels a retenu les services de Labaton dans un litige réel dans le monde au cours des six derniers mois et si oui, une description complète de l'affaire pour laquelle la bâton a été retenu dans chaque cas ainsi qu'une estimation de bonne foi par Labaton des dommages potentiels et/frais juridiques générés par ces représentations des clients potentiels[...]*

Le tribunal constate que les parties divergent quant à l'interprétation des termes des contrats, la partie civile poursuivante considérant que les diligences du cabinet Labaton dans la phase post-contentieuse et par voie de conséquence les honoraires perçus, entrent dans le champ d'application de l'accord précité. Le Cabinet Labaton Sucharow et les autres prévenus considèrent en revanche que les termes de l'accord ont été respectés et que les informations prévues par l'accord ont été transmises à Maître Descoubes quant aux suites données dans les affaires relatives aux clients présentés par Monsieur Sillam, en phase pré-contentieuse ou contentieuse sous réserve que le cabinet ait effectué un travail effectif pour ses clients et que ces derniers ait donné leur accord et donc que le cabinet Labaton les ait effectivement représenté, ce qui selon le Cabinet Labaton Sucharow n'a pas été le cas. Les prévenus considèrent que le travail du cabinet en phase post- contentieuse et par voie de conséquence les honoraires perçus dans ce cadre n'entrent pas dans le périmètre de l'accord prévoyant le versement à Monsieur Descoubes de 15 % des honoraires perçus par le cabinet Labaton.

Le tribunal constate à la lumière des pièces versées et des explications nourries à l'audience, que les faits dont s'agit relèvent d'un litige civil et de difficultés d'interprétation tant sur le périmètre de l'accord que sur les modalités de détermination des rétrocessions d'honoraires ; qu'ainsi ces difficultés ne procèdent pas d'une infraction pénale que ce soit du chef d'escroquerie ou du chef de faux et d'usage de faux. La démonstration de l'existence d'une escroquerie au moyen de faux et d'usage de faux pour déterminer les parties civiles à renoncer à leurs accords et commissions n'est donc pas rapportée.
En conséquence le tribunal relaxe l'ensemble des prévenus des fins de la poursuite.

**Sur l'action civile**

Concernant SILLAM Gérard, le tribunal déclare irrecevable sa constitution de partie civile pour les motifs sus évoqués.

Le tribunal déclare Aldric Saulnier recevable en sa constitution de partie civile.

Compte tenu de la décision de relaxe prononcée, il convient de le débouter ses demandes.

**Sur les demandes reconventionnelles**

*Sur les demandes fondées sur les dispositions de l'article 472 du code de procédure pénale*

Le tribunal relève que le droit de faire citer une personne devant le tribunal correctionnel pour des faits sanctionnés pénalement par de l'emprisonnement et/ou une amende, doit, sans préjudice pour tout justiciable d'exercer son droit d'accès au juge pénal et son droit de dénoncer les infractions qui lui ont porté préjudice, être exercé de bonne foi ; que tel n'est pas le cas au cas d'espèce, eu égard aux éléments du dossier.

Selon la conviction du tribunal, pour les motifs déjà exposés les parties civiles poursuivantes ne pouvaient se méprendre sur l'existence d'une divergence d'interprétation des contrats en litige dont dépend l'assiette du préjudice qu'elles prétendent subir qui ressortit de la seule compétence de la juridiction civile d'ores et déjà saisie aux Etats-Unis; et n'ont pas hésité a sollicité des provisions pour des sommes exorbitantes.

Sans que l'accès au juge, droit fondamental, puisse être remis en cause, l'infamie qui s'attache à une poursuite devant le tribunal correctionnel, à la déclaration de culpabilité et à la peine prononcée doit conduire le plaignant à agir avec circonspection sans vouloir faire de la justice pénale un instrument étranger à ses fonctions.

En conséquence le tribunal considère que Gérard SILLAM et Aldric Saulnier ont fait citer les prévenus abusivement et doivent en conséquence réparer le préjudice qui en résulte qui sera justement évalué à la somme de cf delib

*Sur les demandes fondées sur les dispositions de l'article 800-2 du code procédure pénalement.*

Les défendeurs, le cabinet Cabinet Labaton Sucharow et chacun des cinq associés cités ont dû organiser leur défense dans le cadre d'une procédure pénale. S'agissant de prévenus de nationalité étrangère et d'un litige intimement lié à des procédures relevant de juridictions étrangères et de droit étranger, ils ont dû exposer des frais importants, tant dans de traduction (justifiés par des pièces) des pièces de la procédure que dans l'analyse juridique technique pour défendre dans la présente procédure.

Pour ces motifs il sera fait droit à leur demande dans les termes du dispositif, pour le surplus, les demandes sont rejetées.

*        *        *

## PAR CES MOTIFS

Le tribunal, statuant publiquement, en premier ressort et

- **contradictoirement** à l'égard de la SCI CABINET D'AVOCATS LABATON SUCHAROW LLP, KELLER Christopher, SUCHAROW Lawrence, BELFI Eric, CANTY Michael P, STOCKER Michael W, SILLAM Gérard et SAULNIER Aldric,

**IN LIMINE LITIS**

**REJETTE** l'exception de nullité tirée de l'imprécision de la citation ;

**REJETTE** l'exception d'incompétence soulevée par les prévenus ;

*        *        *

D 03677

**SUR L'ACTION PUBLIQUE**

**RELAXE** des fins de la poursuite :
- la SCI CABINET D'AVOCATS LABATON SUCHAROW ;
- KELLER Christopher ;
- SUCHAROW Lawrence ;
- BELFI Eric ;
- CANTY Michael P ;
- STOCKER Michael W ;

\* \* \*

**SUR L'ACTION CIVILE**

- **Concernant SAULNIER Aldric**

**DECLARE** recevable la constitution de partie civile de SAULNIER Aldric ;

**DEBOUTE** SAULNIER Aldric, partie civile, de ses demandes du fait de la relaxe ;

\* \* \*

- **Concernant SILLAM Gérard**

**DECLARE** irrecevable la constitution de partie civile de SILLAM Gérard ;

\* \* \*

- **Sur les demandes reconventionnelles**

**FAIT DROIT** aux demandes reconventionnelles de
- la SCI CABINET D'AVOCATS LABATON SUCHAROW ;
- KELLER Christopher ;
- SUCHAROW Lawrence ;
- BELFI Eric ;
- CANTY Michael P ;
- STOCKER Michael W ;

**CONDAMNE** solidairement SILLAM Gérard et SAULNIER Aldric, sur le fondement de l'article 472 du Code de procédure pénale, à payer les sommes suivantes :
- 50 000 euros à la SCI CABINET D'AVOCATS LABATON SUCHAROW
- 10 000 euros à KELLER Christopher ;
- 10 000 euros à SUCHAROW Lawrence ;
- 10 000 euros à BELFI Eric ;
- 10 000 euros à CANTY Michael P ;
- 10 000 euros à STOCKER Michael W ;

**CONDAMNE** solidairement SILLAM Gérard et SAULNIER Aldric, à payer les frais de traduction d'un montant de 4353,60 euros et 50 000 euros pour le surplus sur le fondement de l'article 800-2 du Code de procédure pénale ;

**REJETTE** le surplus des demandes ;

et le présent jugement ayant été signé par la présidente et le greffier.

LE GREFFIER                                                                 LA PRESIDENTE

Copie certifiée conforme à l'original
Le greffier

Page 20 / 20

D 03678