```
1              IN THE UNITED STATES DISTRICT COURT

2                 SOUTHERN DISTRICT OF NEW YORK

3
    GÉRARD SILLAM and                )
4   ALDRIC SAULNIER                  )
                                     )
5            Plaintiffs,             )
                                     )
6         vs                         ) Civil Action No.
                                     ) 21 CV 6675(CM)(OTW)
7   LABATON SUCHAROW LLP and         )
    CHRISTOPHER J. KELLER,           )
8                                    )
             Defendants.             )
9   _____)
```

## ORIGINAL

Volume II of II

Deposition of Gérard Sillam

taken on

Friday, May 12, 2023

Reported by:  Shelle Higgins

    CSR NO. 10455, CLVS

E U R O P E A N    C O U R T    R E P O R T I N G
www.EuropeanCourtReporting.com

```
 1    Deposition of Gérard Sillam, taken on behalf of the

 2    parties at Reed Smith LLP, 112 avenue Kléber, 75116,

 3    Paris, France, on Friday, May 12, 2023, at 3:00 p.m.,

 4    before Shelle Higgins, CSR NO. 10455, pursuant to

 5    notice.

 6

 7    APPEARANCES:

 8
          COMMISSIONER:
 9
              POLARIS LAW
10            By:  Alexander B. Blumrosen, Esq.
              4 avenue Hoche
11            75008 Paris - France
              T:  +33 1 43 18 02 60
12            a.blumrosen@polarislaw.eu

13

14    For the Plaintiffs: (appearing via video link)

15            RAISER & KENNIFF, P.C.
              By:  Douglas M. Reda, Esq.
16            300 Old Country Road, Suite 351
              Mineola, NY  11501 - USA
17            T: +1 516 742 7600
              douglas@raiserandkenniff.com
18

19    For the Defendants: (appearing via video link)

20            GANFER SHORE LEEDS & ZAUDERER LLP
              By:  Mark C. Zauderer, Esq.
21            By:  Ira Brad Matetsky, Esq.
              360 Lexington Avenue, 14th Floor
22            New York, NY  10017 - USA
              T: +1 212 922 9250
23            mzauderer@ganfershore.com
              imatetsky@ganfershore.com
24

25
```

| | |
|---|---|
| 1 | *authorization of the tribunal who actually filters* |
| 2 | *the requests that are being presented. Once granted,* |
| 3 | *obviously, the prosecution goes ahead, and the same* |
| 4 | *goes for the constitution of partie civile (French).* |
| 5 | **MR. MATETSKY:** Move to strike that answer as    20:25 |
| 6 | not being responsive to the question asked. |
| 7 | **BY MR. MATETSKY:** |
| 8 |     **Q.** Did you review the press releases before |
| 9 | they were issued? |
| 10 |     **A.** Yes.    20:25 |
| 11 |     **Q.** You authorized them to be issued? |
| 12 |     **A.** Yes. |
| 13 |     **Q.** Did Mr. Saulnier review or authorize the |
| 14 | press releases? |
| 15 |     **A.** No.    20:26 |
| 16 |     **Q.** What was the third criminal proceeding that |
| 17 | you commenced? |
| 18 |     **A.** Yes, the last one has to do with the breach |
| 19 | of professional secrecy rules as per Article 226-13 |
| 20 | of the French code.    20:28 |
| 21 |     Why? Because what is known as T-A-G-E -- |
| 22 | the statement of -- |
| 23 |     J, T-A-J. (The Witness in English.) |
| 24 |     **THE INTERPRETER:** Sorry. |
| 25 |     **THE WITNESS:** T-A-J-E (sic) which are the    20:28 |

|     |     |     |
| --- | --- | --- |
| 1 | statements of your judicial career, activity -- | |
| 2 | No, questioning.  (The Witness in English.) | |
| 3 | **THE INTERPRETER:**  Questioning? | |
| 4 | **THE WITNESS:**  Yeah, the history of | |
| 5 | questioning that we discussed one week ago.  (The | 20:28 |
| 6 | Witness in English.) | |
| 7 | **MS. TARDIF:**  It's your history, basically, | |
| 8 | your judicial history. | |
| 9 | **THE INTERPRETER:**  Yes, that's what I | |
| 10 | thought.  Okay. | 20:29 |
| 11 | **THE WITNESS:**  Which is, in fact -- which in | |
| 12 | fact lists the history of your encounters with the | |
| 13 | police, but it has nothing to do with condemnations. | |
| 14 | Anyway, such a document should not be made | |
| 15 | public, should not have been put under the disposal | 20:29 |
| 16 | of Labaton and certainly not been used.  Labaton | |
| 17 | should not have used them or should not have had them | |
| 18 | at their disposal, should not have communicated them. | |
| 19 | And when they were used for questioning by Ganfer | |
| 20 | Shore, they shouldn't -- it shouldn't have been used. | 20:30 |
| 21 | It is -- and who used them, by the way, Ganfer Shore | |
| 22 | used that document in federal proceedings.  This was | |
| 23 | totally illegal.  This is covered by professional | |
| 24 | secrecy rules, and it means that when somebody has | |
| 25 | the availability within their professional activities | 20:30 |

1  or access to some documents, they are not to share
2  them with anyone under certain penalties.
3          MR. MATETSKY:  Who --
4          (Mr. Withey is now interpreting.)
5          THE WITNESS:  I'll just add that there's                 20:31
6  also the defense of concealment which comes under
7  this breach of secrecy, against as provided for by
8  Article 226-13 of the French criminal code.  That's
9  why a complaint has been issued against Labaton,
10 against Ganfer Shore, yourselves and Mr. Zauderer for          20:32
11 that same reason.
12         And there are other offenses which have
13 taken place, but I shan't divulge them because that's
14 covered by the confidentiality of proceedings -- the
15 investigative proceedings.                                     20:32
16         MR. MATETSKY:  I'm sorry, but the
17 interaction between the witness and interpreter is
18 making it very difficult for me to understand the
19 question (sic).  I know we are near the end of the
20 day, but I'm going to ask that the Witness gives the           20:32
21 answer and then we have the interpretation.
22 BY MR. MATETSKY:
23     Q.   Mr. Sillam, when was this new case filed?
24     A.   I don't have the precise dates in mind.  In
25 any case, it's covered by the secrecy surrounding the          20:33

|   |   |   |
|---|---|---|
| 1 | investigation by the court.  Indeed, what I've just | |
| 2 | told, I ought not to have done because that falls | |
| 3 | under the same level of secrecy.  In any event, I do | |
| 4 | not have the dates in mind. | |
| 5 |     Q.    Was it this year? | 20:33 |
| 6 |     A.    Yes. | |
| 7 |     Q.    Who were named as the defendants or | |
| 8 | respondents in that matter? | |
| 9 |     A.    There was Reed Smith, there was | |
| 10 | Maître Tardif, there was Cabinet Morice, there was | 20:33 |
| 11 | Labaton Sucharow, there was Mr. Michael Canty, Ganfer | |
| 12 | Shore and Mr. Zauderer, who was present at the | |
| 13 | hearing and on who the document was served on the | |
| 14 | 12th of January 2023.  I believe that's everybody. | |
| 15 |     Michael Canty in his capacity as Labaton | 20:35 |
| 16 | general counsel because he was the one accused of the | |
| 17 | breach of professional secrecy and specifically | |
| 18 | concealment. | |
| 19 |     Q.    Was the complainant yourself, Mr. Saulnier, | |
| 20 | or both? | 20:35 |
| 21 |     MR. REDA:  I've got to object.  This is | |
| 22 | really going far afield.  It has nothing whatever to | |
| 23 | do with our lawsuit.  Now it involves another law | |
| 24 | firm and you're well over the eight hours.  So if you | |
| 25 | want this to be your last question, that's fine, but | 20:35 |

1   I've been very generous with the time.  Seven hours
2   is not eight and a half hours.
3            **MR. MATETSKY:**  Seven hours requiring
4   interpretation, which is of dubious necessity, is
5   going to require additional time.  You can imagine                    20:36
6   that this last series of answers has opened a new
7   topic I hadn't anticipated covering in detail.  I do
8   intend to finish up shortly.
9            **MR. REDA:**  You keep saying that.  You've
10  said that for the last and a half --                                   20:36
11           **MR. MATETSKY:**  --
12           **MR. REDA:**  -- so it's a surprise now?
13  You're the one who asked all these questions about
14  these criminal matters that have absolutely nothing
15  to do with this lawsuit, and now you're thinking that                  20:36
16  it's our fault that somehow your questions -- the
17  answers are giving you more questions on a topic that
18  is irrelevant to this lawsuit.
19  **BY MR. MATETSKY:**
20      Q.  Mr. Sillam, was the matter that you've just                    20:36
21  been discussing filed with the prosecutor or is it
22  direct citation?
23      A.  That falls under confidentiality.  If it is
24  a direct summons, direct citation, you'll receive it.
25      Q.  That is not a response.                                        20:37

```
 1             Did you file with the prosecutor or as a
 2   direct summons, or both?
 3         A.    It's covered by privilege, by secrecy.
 4         MR. MATETSKY:  We reserve the right to                    20:37
 5   continue the deposition and recall the witness for
 6   additional questioning on this topic.  We call for
 7   the production of all documents relating to this or
 8   any other criminal proceeding that have not already
 9   been produced related directly or indirectly to
10   Labaton or any of the matters at issues in this case.           20:38
11   BY MR. MATETSKY:
12         Q.    I'll return for now to the previous direct
13   summons case that we were discussing.
14               What's the status of that case?
15         A.    The status is it's under appeal.                    20:38
16         Q.    Is it fair to say that that case was
17   dismissed, that the court held that it had not been
18   filed in good faith and ordered you and Mr. Saulnier
19   to pay Labaton and several of its partners a total of
20   more than 150,000 Euros?                                        20:39
21         MR. REDA:  Objection, you asked this
22   question at least three times in the last week of
23   this witness.
24         MR. MATETSKY:  I did not ask that question
25   of this witness.  I have never covered this topic              20:39
```