

360 Lexington Avenue
New York, New York 10017
Mark C. Zauderer
Direct Dial: 212.412.9562
Tel: 212.922.9250, Ext. 232
Fax: 212.922.9335
MZauderer@ganfershore.com

August 24, 2023

**BY ECF**

Honorable Colleen McMahon, U.S.D.J.
United States District Court for the
  Southern District of New York
500 Pearl Street
New York, New York 10017

      Re:     <u>Sillam et al. v. Labaton Sucharow LLP et al.,</u> No. 21 Civ. 6675 (CM)(OTW)

Dear Judge McMahon:

      We represent Defendants in this action. Discovery concluded on August 15, 2023 and the Pretrial Order is due September 29, 2023. Defendants intend to file a summary judgment motion, which under Your Honor's Individual Rules is also due September 29, 2023.

      We write, at Magistrate Judge Wang's suggestion, to apprise Your Honor of a very concerning matter that we submit should be resolved before the pretrial filings and summary judgment motions are due. Magistrate Judge Wang has "preliminarily found," after a *sua sponte* show-cause hearing last week, that Plaintiff Gerard Sillam breached promises and representations in a declaration that he signed under penalty of perjury in this action, on which Magistrate Judge Wang relied in allowing Plaintiffs to be deposed in France rather than New York, where they brought this action. She has directed supplemental briefing to conclude on September 29, 2023 concerning Sillam's breach of his representations and the consequences that should be imposed for it. (*See* Exhibit A, Transcript of order to show cause hearing held August 15, 2023; Doc. 117, Order by Magistrate Judge Wang dated August 16, 2023.)

      Here is the background: At the outset of discovery, Defendants noticed Plaintiffs' depositions in New York, but Plaintiffs insisted on appearing in France. When the parties briefed and argued this discovery dispute before Magistrate Judge Wang, I pointed out that Plaintiffs had previously filed at least three criminal complaints in France against Defendant Labaton Sucharow LLP ("Labaton"), several Labaton partners, and Labaton's former outside counsel, all relating to the same factual and legal issues as in this action. I expressed my serious concern that Plaintiffs would misuse depositions in France as a pretext for still more vexatious criminal filings there, including against my law firm and me personally, which although frivolous, could have serious consequences for attorneys named in such filings.

Honorable Colleen McMahon, U.S.D.J.
August 24, 2023
Page 2

In response to this concern, Plaintiffs' counsel repeatedly represented to the Court that Plaintiffs would not file any criminal complaints or proceedings in France. (*See, e.g.,* Doc. 81 at 13-16, 21-25, 28-30, 46-49). When I questioned the credibility of these representations, Plaintiffs' counsel proposed that Plaintiffs would each sign affidavits or declarations reflecting this commitment. Magistrate Judge Wang relied upon Plaintiffs' agreement to sign these declarations in ruling that Plaintiffs could be deposed in France.

Plaintiffs, including Sillam, subsequently signed declarations under penalty of perjury dated February 16, 2023, stating in relevant part:

> I will not file or pursue any type of legal proceeding in France, including but not limited to any type of criminal proceeding or criminal complaint, against Defendants, Defendants' counsel, or any persons affiliated with them, *relating directly or indirectly to the conduct of the Deposition or this action*. . . .
>
> I understand and agree that should I breach any of the promises contained in this Declaration, I will be subject to sanctions or remedial action by the New York Court, which may include (but not be limited to) monetary sanctions, injunctive relief, a directive that the Deposition be continued in New York, and/or the dismissal of this action.
>
> I am submitting this Declaration freely and voluntarily after having had a full opportunity to consult with my attorneys in both New York and France. I understand the terms of this Declaration, which my attorneys translated into French for my review before I signed it.

(Doc. 104-4, ¶¶ 4, 6-7 (emphasis supplied)).

Despite these clear representations in his sworn declaration, when we deposed Sillam on May 12, 2023, he revealed that he had recently filed *yet another* criminal complaint in France – at least his fourth such complaint relating to this matter – naming parties including my law firm, me, and Labaton. Sillam refused to answer relevant questions about this complaint at his deposition, so we followed up with an interrogatory, which Sillam also refused to answer. We then brought this issue to Magistrate Judge Wang's attention (Docs. 104 to 104-6), and she issued an order to show cause directing Plaintiffs to explain what criminal complaint Sillam had filed in France and why its filing was not a violation of his prior representations. (Doc. 108).

Plaintiffs' response to the order to show cause (Docs. 110 to 110-6) *admitted* that "[o]n or around March 31, 2023, Plaintiff Sillam … filed a Criminal Complaint against Defendants, Defendants' counsel in the above captioned matter and, Defendants' counsel in France relating to Defendants' January 27, 2023, production of Plaintiff Sillam's criminal record 'Minutes' … attached to Defendants' Third Set of Document Requests [in this action]." (Reda Aff., Doc. 110, ¶ 8). Plaintiffs' response to the order to show cause also included a copy of the French criminal

complaint itself. (Doc. 110-5). The criminal complaint is dated March 31, 2023, which was six weeks *after* Sillam signed his declaration promising that he would file no legal proceedings including criminal complaints in France "relating directly or indirectly to the conduct of the Deposition or this action." (Doc. 104-4, ¶ 4).

Sillam's criminal complaint names, among others, Defendants' counsel in New York – the law firm of Ganfer Shore Leeds & Zauderer LLP, my partner Ira B. Matetsky, and me (Mark C. Zauderer). Also named are Defendants' counsel in France (Reed Smith LLP, Cabinet Morice, and five lawyers at those firms), Defendants, and even a former Defendant who retired from Labaton four years ago and whom Your Honor dismissed from this action last year. The criminal complaint alleges "breach of professional secrecy" and "concealment" and is purportedly based on our having served a Rule 34 document request on Sillam's counsel in this action, which contained a copy of Sillam's official French criminal investigation history record that was provided to us by our French correspondent firm. (Doc. 110-2). Although the criminal complaint falsely alleges that Defendants made this document a matter of public record, in fact the document request was served only on Plaintiffs' counsel and, pursuant to Fed. R. Civ. P. 5(d)(1), was not filed with the Court. Ironically, the only person who has placed the document into the public record on ECF/PACER is Plaintiffs' counsel. (Docs. 110-2 and 110-3).

Magistrate Judge Wang held an order to show cause hearing on August 15, 2023, at which she stated she was "extremely concerned that there have been one or more violations of the promises contained in Mr. Sillam's declaration." (Exhibit A, Transcript ("Tr.") at 2:11-13). She observed that "one of my big concerns here [is] that [the declarations were] proffered as a way to resolve the motion practice about having [Plaintiffs] appear for depositions in the United States and that I was led – and perhaps misled" into relying on them. (Tr. 28:19-24). She further stated that "the declarations were essential to my allowing [Plaintiffs] to stay in France" and that "I do care about promises and representations that were made to me and made to defense counsel in this case, in the context of this case, and in federal court in the Southern District of New York." (Tr. 29:15-16, 33:25-34:3). Magistrate Judge Wang invited discussion of consequences that might be imposed. She concluded that "[m]y preliminary finding, now, is that there was a violation" of the representations (Tr. 39:17-18), but afforded Plaintiffs' counsel until September 8, 2023 to submit additional briefing on several relevant issues, and Defendants' counsel until September 29, 2023 to respond. Magistrate Judge Wang issued an order memorializing what she had "preliminarily found" the following day. (Doc. 117).

While discussing this briefing schedule with the Magistrate Judge, we observed that these dates coincided with the time the parties would be working on the Pretrial Order and we would be preparing our summary judgment papers. (Tr. 39-41). The following colloquy ensued:

> THE COURT [MAGISTRATE JUDGE WANG]: How about this. Let's put the response on for September 29, and then I will leave it up to you to ask Judge McMahon for an extension of the motion for summary judgment briefing, if you think that would be appropriate. If you do, I would strongly suggest that you get a

> copy of the transcript as soon as possible. Include the copy of the transcript with your request, and make the request as soon as possible as well.
>
> MR. ZAUDERER: Would it be appropriate, your Honor, to say that you would recommend that, or do you want us not to do that?
>
> [THE COURT]: [1] *I'm considering a much stronger recommendation than that, and that would also be on the transcript.* Okay? September 29 would be your opposition to plaintiff's supplemental briefing, I'll call it.

(Tr. 41:3-19 (emphasis supplied)).

Defendants will argue before Magistrate Judge Wang in the supplemental briefing, as we did in our prior submission and at the show-cause hearing, that Sillam's breaches of his representations warrant severe sanctions, including dismissal of this action, which his declaration expressly acknowledged as a potential sanction for any breach. (104-4, ¶ 6). In doing so, we will rely in part on the fact that this is far from Plaintiffs' first misuse of the French criminal justice system to seek leverage in what should be a routine civil case in New York. For example, on March 9, 2023, a three-judge French criminal court dismissed one of Plaintiffs' previous criminal complaints. In doing so, the French court found, *inter alia*, that Plaintiffs had not filed the criminal proceeding in good faith, that Plaintiff Sillam did not even have standing, and that Plaintiffs' damages claims were "exorbitant." As a result, the French court ordered Plaintiffs Sillam and Saulnier to pay damages and sanctions totaling more than 150,000 euros to Labaton and five of its partners. (*See* Doc. 111-2 at 19-21.) Sillam then made his next frivolous criminal filing, in breach of the promises in his declaration in this action, just three weeks later.

What sanctions, if any, should be imposed on Plaintiffs is an issue currently before Magistrate Judge Wang, whose decision or recommendation may significantly affect the future of this action. Accordingly, Defendants respectfully request that the deadlines for the Pretrial Order as well as their summary judgment motion, both of which are currently September 29, 2023, be adjourned until 30 days after the Court has resolved the issues raised in Magistrate Judge Wang's order to show cause and which will be the subject of the supplemental briefing. This is the first extension of these deadlines sought for this reason, although there have been prior extensions resulting from the Court's allowing additional time for the parties to complete discovery. Plaintiffs' counsel has consented to the requested adjournment.

Respectfully,

*/s/ Mark C. Zauderer*

Mark C. Zauderer

---

[1] The transcript attributes this statement to Mr. Reda, but this is an obvious transcription error.

Honorable Colleen McMahon, U.S.D.J.
August 24, 2023
Page 5


cc: Honorable Ona T. Wang, U.S.M.J. (by ECF)
    Douglas Reda, Esq. (by ECF)
    Ira Brad Matetsky, Esq.