**Mourad BATTIKH**
*Lawyer at the Paris Bar*

## MEMORANDUM OF LAW

### I. Conclusion: SILLAM's Declaration should not preclude the filing of nonfrivolous criminal complaints against LABATON in France

On or around January 25, 2023, Doug Reda, U.S. counsel for Gérard SILLAM (hereinafter "Plaintiff" or "Plaintiff SILLAM") made it clear to the Court that Plaintiff was willing to sign an affidavit that would preclude Plaintiff from filing frivolous criminal complaints in France in connection with Defendants' conduct during depositions that would take place with Plaintiff physically remaining in France. Plaintiff voluntarily signed this affidavit in order for the present U.S. civil proceeding to move forward.

Importantly, Plaintiff and Plaintiff's counsel did not intend to sign a document withholding him from filing any legal action in France related in <u>any</u> way to the present case presided over by this honorable Court.

Thereafter, a "Declaration" document was drafted by Defendant LABATON and and Plaintiff SILLAM trustfully signed it after his counsel advised him to do so.

Plaintiff SILLAM had criminal actions against LABATON ongoing in France at the time that he signed the aforementioned affidavit on or around February 16, 2023.

Plaintiff was awaiting a judgement from a trial which took place on January 12, 2023. There was also a separate, active complaint ongoing since 2021. This complaint was not carried forward by a public prosecutor, but by an investigation judge. This distinction is expanded on on the following page (2).

Furthermore, Plaintiff intended to file a complaint against LABATON's counsel for illegally using his Treatment of prior judicial events (also known as the "Minutes") during the above-mentioned trial which took place on January 12, 2023, and against the false claim of him being convicted multiple times for fraud and bankruptcy during that same trial.

It is respectfully emphasized that Plaintiff SILLAM had no intentions of defying this honorable Court when he signed the affidavit, and his criminal proceedings in France are in no way frivolous.

* * *

### II. Legal framework of complaints in France

The French legal investigation system is built on a two-level system with respect to investigations launched by a civilian.

The first level is a complaint in front of a public prosecutor that can be filed in any police office.

*5, avenue Emile et Armand Massard 75017 Paris – Toque G321*
*Tel. : + 33 (0)1.74.64.39.40*

*1*

**Mourad BATTIKH**
*Lawyer at the Paris Bar*

In cases where a prosecution complaint is dismissed, or when there is no answer to such a complaint within three months, civilians can file a complaint in front of an investigation judge according to articles 85 and 86 of the Code of criminal procedure:

*Article 85*

"**Any person who claims to have been injured by a felony or misdemeanor may, by filing a complaint, become a victim before the competent investigation judge** *in accordance with articles 52, 52-1 and 706-42.*

**However, the complaint with the constitution of a victim is <u>only admissible on condition that the person justifies either that the public prosecutor has made known to him, following a complaint filed before him or a judicial police service, that he will not initiate proceedings himself, or that a period of three months has passed since she filed a complaint before this prosecutor</u>**, *against receipt or by registered letter with request for acknowledgment of receipt, or if she sent, in the same manner, a copy to this prosecutor of her complaint filed before a judicial police service. This admissibility condition is not required if it is a felony crime or if it is an offense provided for by the law of July 29, 1881 on freedom of the press or by articles L. 86, L. 87, L. 91 to L. 100, L. 102 to L. 104, L. 106 to L. 108 and L. 113 of the electoral code.*

*By way of derogation from article 5 of this code, the victim who has brought his action before a civil court during the period provided for in the second paragraph may become a victim before the investigation judge after having withdrawn from the civil proceedings.*

*When the complaint with the establishment of a victim is filed by a for-profit legal entity, it is only admissible on condition that the legal entity proves its resources by attaching its balance sheet and its income statement.*"

*Article 86*

"**The investigation judge orders communication of the complaint to the public prosecutor so that he can give his requests.** *The public prosecutor may ask the investigating judge for an additional period of three months to allow (his) investigations to continue before making his requests known. The decision of the investigating judge constitutes a measure of judicial administration not subject to appeal.*

*The request (of the public prosecutor) can be taken against a named or unnamed person.*

*When the complaint is not sufficiently motivated or justified, the public prosecutor may, before taking his accusations and if this has not been done ex officio by the investigating judge, ask this magistrate to hear the victim and, if necessary, invite the latter to produce any useful documents in support of their complaint.*

**The public prosecutor may only request the investigating judge to withhold investigation if, for reasons affecting the public action itself, the facts cannot legally lead to a prosecution or if, assuming these facts are proven, they cannot admit any criminal qualification.** *The public prosecutor may also take requests for dismissal of*

**Mourad BATTIKH**
*Lawyer at the Paris Bar*

*the case in the case where it is clearly established, where applicable in view of the investigations which may have been carried out following the filing of the complaint or in application of the third paragraph, that the facts denounced by the victim were not committed. When the investigations carried out during the investigation carried out following the complaint filed in accordance with the second paragraph of article 85 made it possible to establish that an adult person implicated for the acts of a criminal nature alleged by the victim could be the subject of prosecution but the public action has not been initiated by the public prosecutor, the latter may also require the investigation judge to issue an order refusing to investigate, and by inviting the victim to initiate proceedings by direct summons.* **In the event that the investigation judge overrides this, he must rule by a reasoned order.**

*When the investigation judge issues an order refusing to investigate, he may apply articles 177-2 and 177-3."* [1]

Through this system, civilians have a second chance for their complaints to receive an in-depth study, which is not always the case at the first level.

Numerous complaints that are dismissed at the prosecution level have been successful in front of an investigation judge, provided there were critical elements to the complaint that were not duly considered by the prosecutor in the first level of filing a complaint.

Moreover, in certain cases, a complaint can only be filed in front of an investigation judge (only second level).

This is the case in matters of communication, such as defamation (article 29 of the law of July 29th 1881 – *See part IX. of the Memorandum*).

**Presented below are notable cases of criminal complaints that were dismissed at the level of the prosecutor (first), but resulted in a conviction or judgment after an investigation judge complaint (second level):**

**Criminal Court of Bobigny, January 20th 2016:** Case of a woman victim of sexual comments by her hierarchy who filed a complaint for sexual harassment, which was dismissed. A complaint in front of an investigation judge finally succeeded. A supervisor of the company was sentenced for moral harassment to a fine of 5000€.

**Criminal Court of Paris, May 18th 2015:** An American photograph claimed another person counterfeited his works. He filed a prosecution complaint in January 2008, which was dismissed. He then filed a complaint in front of an investigation judge, which led to a two year sentence against that person for counterfeits.

**Criminal Court of Paris, November 3rd 2022:** Case of the tagger known under the name Six Sax. He was sentenced to two years of imprisonment and a 17000 € fine for degradation of public goods. This followed a prosecution complaint, and then an investigation judge complaint by the Mayor of Paris.

**Criminal Court of Paris on September 22nd of 2022:** Case of the death of Mr Amadou KOUMÉ in 2015. He had been arrested with a strangulation key in Paris by three police officers.

---

[1] Reviewed Google translation

*5, avenue Emile et Armand Massard 75017 Paris – Toque G321*
*Tel. : + 33 (0)1.74.64.39.40*

## Mourad BATTIKH
*Lawyer at the Paris Bar*

The family had filed a complaint with civil action, relaunching the investigations after a dismissal of their prosecution complaint. The three officers were sentenced to fifteen months of suspended imprisonment for involuntary manslaughter.

**Court of Appeal of Bordeaux, December 5th 2017**: Case of a nanny who was in charge of two children in 2011. One dies. A first complaint is dismissed by the prosecution. After a complaint in front of an investigation judge, the nanny recognized that she lied. She was convicted to one year imprisonment for involuntary manslaughter.

**Criminal Court of Creteil on February 8th 2018**: Case of a man who made a colleague a drink which was a cleaning liquid "to make a joke". The victim filed a complaint in front of the investigation judge after his first complaint in front of the public prosecutor did not lead to a sentence. The defendant was sentenced to a 10 months suspended sentence for "administration of a harmful substance to a vulnerable person".

**Criminal Court of Clermont-Ferrand, November 20th 2021**: Case of a police officer who was sentenced to a three months suspended sentence for violence after a dismissal of the prosecution complaint and a second complaint in front of an investigation judge by the plaintiff.

**Criminal Court of Evreux, March 31st 2016**: Case of a priest who committed a breach of trust. A prosecution investigation was dismissed in 2009. The Catholic church filed a complaint in front of the investigation judge. The priest was sentenced to a 15k€ fine.

\*

### III. Ongoing legal proceedings between SILLAM and LABATON in France

1. Plaintiff SILLAM filed a complaint with a public prosecutor for slanderous denunciation and threat against LABATON in 2018; and an investigation judge complaint in 2021 for the same offenses. This complaint was regarded as serious enough for the judge to launch investigations; the proceeding is ongoing.

2. Additionally, a criminal trial in which LABATON was prosecuted for fraud began on January 12, 2023.

   On March 9, 2023, the judgement related to the trial of January 12, 2023, was released. Defendant LABATON was found not guilty of fraud and Plaintiff SILLAM and Aldric Saulnier were ordered to pay a fine of 150.000 € to Defendant LABATON and its counsel.

   On the same day, Plaintiff SILLAM and Aldric Saulnier appealed that decision.

3. On March 30, 2023, Plaintiff SILLAM filed a prosecution complaint against Defendant LABATON's French and American counsels for violation of French legal privilege and possession of stolen goods falling within the boundaries of said legal privilege.

   This prosecution complaint was dismissed.

*5, avenue Emile et Armand Massard 75017 Paris – Toque G321*
*Tel. : + 33 (0)1.74.64.39.40*

**Mourad BATTIKH**
*Lawyer at the Paris Bar*

On April 27, 2023, Plaintiff SILLAM filed an investigation judge complaint against Defendant LABATON for violation of French legal privilege against Defendant LABATON's counsels with respect to 1) possession of stolen goods applied to the same legal privilege, and; 2) for defamation. The possession of stolen goods relates to the illegal transference of Minutes, i.e., SILLAM'S record of criminal investigations; and the defamation is founded on Defendant LABATON's counsel falsely equating Plaintiff SILLAM's history of criminal investigations to a (nonexistent) list of convictions, resulting in a judgment adverse to Plaintiff SILLAM's interests in the January 2023 trial which can be publicly accessed by anyone and used to sully his character.

The investigation judge is currently in contact with Plaintiff SILLAM for further information.

*

## IV.   Legal Privilege in France

French lawyers abide to the legal privilege requirements in accordance with article 2 of the "Règlement Intérieur National", the set of rules that commands lawyers ethics:

> *"2.1 PRINCIPLES*
>
> *The lawyer is the necessary confidant of the client.*
>
> *The lawyer-client privilege is of public order. It is general, absolute and unlimited in time.*
>
> *Apart for the strict requirements of his own defense before any jurisdiction and to the cases of declaration or disclosure provided for or authorized by law, the lawyer does not, in any matter, commit any disclosure that contravenes professional secrecy.*
>
> *2.2 SCOPE OF THE PRIVILEGE*
>
> <u>**Privilege covers all matters, in the field of advice or that of defense, and whatever the media, material or immaterial (paper, fax, electronic means, etc.):**</u>
>
> - *consultations addressed by a lawyer to his client or intended for him;*
> - *the correspondence exchanged between the client and his lawyer, between the lawyer and his colleagues, with the exception for the latter of those bearing the official mention;*
> - *the interview notes and more generally* **all the documents in the file**, *all the information and confidences received by the lawyer in the exercise of the profession;*
> - *the name of the clients and the lawyer's agenda;*
> - *financial settlements and all handling of funds carried out pursuant to article 27 paragraph 2 of the law of 31 December 1971;*
> - *the information requested by the auditors or any third party, (information which can only be communicated by the lawyer to his client).*
>
> *In the proceedings for public or private calls for tenders and the award of public contracts, the lawyer may mention the names of one or more of his clients with their express and prior agreement.*

5, avenue Emile et Armand Massard 75017 Paris – Toque G321
Tel. : + 33 (0)1.74.64.39.40

**Mourad BATTIKH**
*Lawyer at the Paris Bar*

> *If the name given in reference is that of a client who has been assisted by this lawyer as an associate or partner of a law firm in which he has not practiced for less than two years, he must at the same time notify his former firm of the request for express agreement addressed to this client and indicate in the response to the call for tenders the name of the firm within which the experience was acquired.*
>
> *No consultation or seizure of documents may be carried out in the office or at the lawyer's home, except under the conditions of article 56-1 of the Code of Criminal Procedure.*
>
> *2.3 PROFESSIONAL STRUCTURE, WAY OF PRACTICE AND PRIVILEGE*
>
> *The lawyer must ensure that privilege is respected by the members of the staff of his firm and by any person who cooperates with him in his professional activity. He is liable to breaches of privilege that would be committed in this way.*
>
> *When the lawyer practices in a group or participates in a structure for pooling resources, privilege extends to all the lawyers who practice with him in all the structures within which he practices and to those with whom he shares the means of exercising the profession."* [2]

This article is the foundation of and authority on attorney-client privilege in French legal matters..

It is also important to note that legal privilege extends to all employees, lawyers and non-lawyers alike, of a given law firm even in an instance where only one lawyer works on a case.

**On privilege and the use of sensitive documents in legal proceedings:**

Proofs obtained in a non-honest way can be acceptable in French criminal procedure.

Nonetheless, one barrier remains in sharing sensitive documents which have been sourced from prior criminal proceedings, even between the same parties, according to paragraph 1 of article R. 170 of the Code of Criminal Procedure (which replaces the former article R. 156 of the same Code):

> *"Copies of non-final decisions, decisions rendered by the investigating courts or the application of sentences and decisions rendered by the juvenile courts or after hearings held in camera,* **as well as copies of other deeds or documents of criminal proceedings, are issued to third parties only with the prior authorization of the public prosecutor** *or the public prosecutor of the Court of appeal* **and provided that the applicant demonstrates a legitimate reason.**" [3]

Jurisprudence has been constant with the need of requesting an authorization of the public prosecutor before adding a sensitive document from a previous proceeding between the same parties in a new proceeding, for example Cass. Civ. 1ère, May 27th 2010, No 09-65.838:

---

[2] Reviewed translation by Google

[3] Idem.

*5, avenue Emile et Armand Massard 75017 Paris – Toque G321*
*Tel. : + 33 (0)1.74.64.39.40*

**Mourad BATTIKH**
*Lawyer at the Paris Bar*

> *"Whereas the Court of Appeal (...) then rightly excluded from the proceedings documents 72 to 75 corresponding to the police hearing and summary reports obtained without the authorization required by Article R. 156 of the Code of Criminal Procedure"*[4]

In this case, both parties had been implicated in a criminal proceeding, and later in a civil proceeding in which the police hearings were added by one party, undermining the other party's interests.

The party who added the hearings claimed he was not a third-party to the proceeding and could therefore add the documents from the criminal proceeding without authorization from the public prosecutor.

This argument was rejected, and the judge decided to exclude the given documents from the civil proceeding.

Hence, article R.170 applies to third-parties and to parties to a given proceeding according to the constant jurisprudence of the Supreme civil court (Cour de cassation).

Many other examples could be raised : CE, April 26th 2018, No 413585 ; Court of appeal of Nîmes, July 7th 2020, N°20/02085 ; Court of appeal of Pau, January 9th 2020, n°17/03436 ;

In the case of lawyers, producing a sensitive document from a prior criminal proceeding *without* requesting and obtaining authorization from the proper authority generates a breach of privilege, as such production constitutes illegal use of information lawyers possess due to their inherent status as a privileged confidant.

The sensitivity is generally related to private and family life matters.

The French Police "Treatment of prior judicial events" file (Traitement des antécédents judiciaires; also known as "Minutes") is considered a highly sensitive database.

This file has been created in order to facilitate police investigations.

Indeed, it includes all people who have been subject to a police hearing, whether they have been found not guilty or subsequently been convicted during a trial.

Even victims of crimes are registered in that database.

Thus, having his name in this file does not mean at all that one has been found guilty of any crime.

**In case of a violation of legal privilege, article 226-13 of the Criminal Code applies:**

---

[4] Article R. 156 of Code of criminal procedure has been replaced by article R. 170 of the same Code on September 1st 2020.

**Mourad BATTIKH**
*Lawyer at the Paris Bar*

> *"The disclosure of information of a secret nature by a person who is the custodian of it, either by status or by profession, or because of a function or a temporary mission, is punished by one year's imprisonment and 15,000 euro fine."*

As a consequence, a violation of legal privilege can lead to a criminal punishment.

Furthermore, disciplinary action may also apply in cases of violation of legal privilege, up to disbarment.

*

### V. Violation of legal privilege and defamation during the January 12, 2023 criminal trial in Paris by LABATON's French counsel

Plaintiff SILLAM has been registered in the "Treatment of prior judicial events" due to police hearings he had to attend.

In a complaint dating from 2017, where he was plaintiff, the investigator checked his "Treatment of prior judicial events" record.

Hence, his record was added to the proceeding.

In 2021, that complaint was dismissed.

LABATON's counsel ordered a copy of the dismissed proceeding.

As a result, LABATON's counsel had access to Plaintiff SILLAM's "Treatment of prior judicial events" record, which was inside the dismissed proceeding file.

Subsequently, on January 12, 2023, a trial took place for fraud against LABATON, in which SILLAM appeared as one of the victims.

The "Treatment of prior judicial events" of Plaintiff SILLAM was included in the defense submissions produced by Defendant LABATON's counsel.

However, no authorization of the public prosecutor was requested, which is a breach of the French legal privilege by LABATON's counsel.

Critically, during the trial, LABATON's Counsel, Natasha Tardif, claimed SILLAM "had been found guilty of bankruptcy and multiple times for fraud", using the "Treatment of prior judicial events" record to justify her argument.

It is the position of Plaintiff Sillam's French counsel that Defendant LABATON's French counsel must have been aware of the difference between a police hearing and being found guilty.

Thus, it is reasonably deduced that LABATON's French counsel intentionally stated a false claim on the Court's record.

**Mourad BATTIKH**
*Lawyer at the Paris Bar*

Given that the defense has the last word in French criminal proceedings and objections are generally not granted during closing remarks, Plaintiff SILLAM's counsel was barred from replying to or contesting the falsehood according to the French rules of court hearings.

This statement certainly had an influence on the judges.

When the Court released its judgement on March 9, 2023, Defendant LABATON was found not guilty of fraud.

In addition to this offense, on January 27, 2023 it was discovered by SILLAM's American counsel that LABATON's American counsel was in possession of these Minutes and, at minimum, added the "Treatment of prior judicial events" to the discovery of the U.S. civil proceeding.

*

## VI. On the criminal liability of LABATON's American counsels on the grounds of possession of stolen goods applied to legal privilege

1. For sharing a part of a criminal proceeding in another proceeding, authorization has to be requested to the prosecutor in France in accordance with article R. 170 of French Code of criminal procedure above. This authorization is plainly indicated on the document(s) obtained from a prior or separate proceeding by the prosecutor's seal or stamp, which is not seen on the document in the possession of LABATON'S American counsel.

<u>Defendants are thus in violation of French law for sharing this document in a US civil proceeding, even if it is not publicly accessible.</u>

2. If a lawyer of a French bar does convey such a document to a third person without the prosecution's approval, he or she violates legal privilege.

Pursuantly, if LABATON's US lawyers received those documents from a French lawyer who violated his legal privilege, they would be subject to possession of stolen goods applied to privilege in the French law.

Possession of stolen goods is codified at article 321-1 of the Criminal Code:

*"Possession of stolen goods is the fact of concealing, possessing or transmitting a thing, or acting as an intermediary in order to transmit it, knowing that this thing comes from a crime or misdemeanor.*

*Receiving also constitutes the fact, knowingly, of benefiting, by any means, from the proceeds of a felony or misdemeanor.*

*Possession of stolen goods is punishable by five years' imprisonment and a fine of 375,000 euros."*

Jurisprudence has applied possession of stolen goods to people benefiting of violation of privilege (Cass. Crim., March 6th 2012).

**Mourad BATTIKH**
*Lawyer at the Paris Bar*

LABBATON's American counsel affirms that they received the "Treatment of prior judicial events" from the French counsel of LABATON (Hearing of August 15,2023 in front of Honorable Justice Ona T. Wang of the U.S. Southern District of New York Court) :

> "*THE COURT*: <u>**Sorry, who gave that to you again?**</u>
>
> *MR. MATETSKY*: <u>**We received it via the lawyers for the defendants in France**</u>. *It was given to them in the context of the prior criminal proceeding in France, the prior criminal proceeding in France that led to a police investigation in which -- the system in France is that the officials assemble all the information, and part of the information is the investigation history of the parties.*"
>
> Transcript of August 15,2023 Pg. 20, lns. 19-25; pg. 21 ln 1

This "Treatment of prior judicial events" is not stamped by the French public prosecutor, which is in violation with R. 170 article above and thus in violation of the legal privilege for the French lawyer of LABATON.

<u>**As a result, in front of a French Court, LABATON's American counsel could be tried for possession of stolen goods applied to the violation of legal privilege.**</u>

*

### VII.    <u>On the complaint filed by SILLAM on March 30, 2023</u>

Plaintiff SILLAM shared the fact that his "Treatment of prior judicial events" was used in France and the United States in numerous emails with his French counsel due to his concern that LABATON's counsels were breaching French confidentiality laws.

Plaintiff SILLAM was informed by his French counsel that such conduct was actionable under French law.

His reputation had been damaged in a public trial by disclosing a document subject to authorization and an outright lie of saying he had been convicted for bankruptcy and numerous frauds.

Furthermore, the judgement is public, and any person can obtain a copy of it.

In addition, Plaintiff SILLAM and Aldric Saulnier were sentenced to pay 150.000 € in fines against LABATON in the judgement of March 9, 2023, following the trial of January 12, 2023.

Furthermore, Plaintiff SILLAM was surprised to learn on January 27, 2023, that LABATON's American counsel had used his "Treatment of prior judicial events" in his American civil proceeding.

There is no seal of the French public prosecutor authorizing the communication of the given document in the defense submissions of LABATON's lawyers for the trial of January 12, 2023, and in the discovery process in the American civil proceeding on January 27 of 2023.

*5, avenue Emile et Armand Massard 75017 Paris – Toque G321*
*Tel. : + 33 (0)1.74.64.39.40*

*10*

**Mourad BATTIKH**
*Lawyer at the Paris Bar*

Thus, the lawyers who communicated the "Treatment of prior judicial events" were committing a violation of legal privilege in both those proceedings.

As a result, Plaintiff SILLAM decided to file a complaint for violation of the legal privilege against LABATON's counsels and possession of stolen goods applied to the legal privilege.

Filing this complaint also set a foundation for plaintiff SILLAM's appeal of the 150.000 € fine as plaintiff SILLAM intends to argue that this judgement was partly influenced through the false statements made by LABATON'S French counsel, which themselves were founded on the illegal use of a sensitive document of a prior proceeding.

The prosecution complaint was registered on March 30,2023.

The given complaint was dismissed in mid-April 2023.

As a result, Plaintiff SILLAM filed an investigation judge complaint on April 27, 2023, for the violation of privilege, possession of stolen goods applied to it and also for defamation.

*

### VIII. The case of defamation in France

Defamation is defined by article 29 of the law of July 29of 1881:

> *"Any allegation or imputation of a fact which undermines the honor or consideration of the person or body to which the fact is attributed is defamation. The direct publication or by way of reproduction of this allegation or this attribution is punishable, even if it is made in doubtful form or if it targets a person or a body not expressly named, but whose identification is made possible by the terms speeches, cries, threats, writings or printed matter, placards or posters incriminated.*
>
> *Any outrageous expression, terms of contempt or invective which does not contain the imputation of any fact is an insult."*

Prescription for defamation amounts to three months (article 65 of the same law).

Hence, a complaint for defamation has to be filed quickly.

Defamation touches false facts, and true facts, if they violate the privacy of the victim.

Jurisprudence has therefore recognized many cases of defamation, which comprised true allegations which undermined private and family life of a person.

*

### IX. A complaint bySILLAM filed before the investigation judge

During the trial of January 12, 2023, LABATON's French counsel, Natasha Tardic, falsely claimed SILLAM "had been found guilty numerous times for fraud and also for bankruptcy".

**Mourad BATTIKH**
*Lawyer at the Paris Bar*

This is a particularly shocking lie.

In France, such declarations can be considered an offense of defamation.

Furthermore, Defendant LABATON's counsel disclosed Plaintiff SILLAM's "Treatment of prior judicial events" record during that same trial, which is a violation of his private and family life.

Therefore, this can be considered a second act of defamation.

However, these two cases are too late to be reported.

Nonetheless, during the pre-trial discovery phase of the American civil proceeding, Plaintiff SILLAM's "Treatment of prior judicial events" record was again disclosed by LABATON's American counsel on January 27 of 2023.

Thus, this was the third act of defamation by LABATON's counsel.

On April 27, Plaintiff SILLAM in response filed a complaint before the investigation judge for defamation.

He made a unique joint complaint, which included causes of action for both defamation and the violation of the legal privilege, as well as for the possession of stolen goods applied to the legal privilege (discussed above). As aforementioned, this complaint was filed on the second level for these offenses.

*

### X. Publishing the document on the docket: not a waiver

The rights of defense, which are protected through the right to a fair trial of article 6 of European convention of human rights, are an essential element in a French trial.

Any party is therefore habilitated to produce its own personal information in order to defend itself in front of a court (exception being if it causes prejudice to a third party).

<u>In our case, the Treatment of prior judicial events was interjected into the present U.S. civil proceeding through the defendant attaching it to a discovery request.</u>

<u>Hence, referring to it was necessary for the defense of Plaintiff SILLAM.</u>

It is in this context that Plaintiff SILLAM's counsel published it on the docket with SILLAM's permission.

**Mourad BATTIKH**
*Lawyer at the Paris Bar*

As a result, Plaintiff SILLAM's counsel referring to the "Treatment of prior judicial events" in the proceeding is in no way a waiver for the offenses of violation of privilege and the possession of stolen goods applied to the same document by LABATON's counsel's, but a necessary defense for Plaintiff SILLAM.

**Mourad BATTIKH**
Lawyer

*5, avenue Emile et Armand Massard 75017 Paris – Toque G321*
*Tel. : + 33 (0)1.74.64.39.40*

13