UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GERARD SILLAM and ALDRIC SAULNIER,

                          Plaintiffs,                      No. 21 CV 6675 (CM)

   -against-

                                                **AFFIDAVIT OF**
                                                **GERARD SILLAM**

LABATON SUCHAROW, LLP,
CHRISTOPHER J. KELLER, and
LAWRENCE A. SUCHAROW

                        Defendants.
----------------------------------------------------------------X

_____ OF _____          )
                                               )ss:
COUNTRY OF FRANCE             )

GERARD SILLAM, being duly sworn, deposes and says:

1. I am the Plaintiff in the above-captioned action. As such, I am fully familiar with the facts and circumstances surrounding this lawsuit. I am submitting this Affidavit to explain to this honorable Court the actions I took in France regarding the filing of criminal charges in response to certain actions taken by the defendants and their attorneys which violated French Criminal Law.

2. On or around January 12, 2023, a criminal trial took place in France (hereafter, "FRENCH TRIAL) in which LABATON SUCHAROW, LLP (hereafter, "LABATON"), Defendant in the above-captioned action, appeared as the Defendant through their French counsel against Plaintiffs GERARD SILLAM and ALDRIC SAULNIER (hereafter, "SILLAM" and "SAULNIER," respectively) to answer claims of fraud and forgery.

1

3. During the proceedings of this FRENCH TRIAL, Defendant LABATON's counsel submitted before the Court certain documents regarding myself known as "Treatment of prior judicial events" (also referred to as "Minutes"). This document is not a list of convictions, but a history of Police questioning kept by law enforcement for interrogation purposes.

4. This document, submitted to the Court by Defendant LABATON and their counsel, was obtained by Defendant's counsel in a *prior* proceeding. Under the advice of my French counsel, I came to understand that, under French law, these Minutes are not admissible in any other proceeding, criminal or civil, without the express written consent of a French prosecutor. Again, the document that was introduced was not a history of criminal convictions but a history of Police questioning. Not only did LABATON and its counsel illegally produce those documents at the FRENCH TRIAL (unrelated to the aforementioned prior proceeding) without obtaining the permission of a public prosecutor, but they also *falsely told the Court that I had been convicted of various kinds of bankruptcy fraud* in their summation remarks based on these Minutes. Said accusations in the FRENCH TRIAL was a violation of French Criminal law. Importantly, since Defendant falsely told the Court that these accusations were convictions – despite the fact that they were never substantiated nor resulted in any condemnations or convictions – Defendants were also defamatory – another violation of French law. It is also a false testimony. I respectfully emphasize that this document is not available for public consumption and cannot be used or disclosed in any proceeding without the express written consent of the local prosecutor. Unfortunately, we were constrained by French criminal procedure from addressing these false accusations during the trial because the Defendants have the last word.

5. The illegal reading and false characterizations of these Minutes into the Court record during the FRENCH TRIAL unduly damaged my credibility, and I believe it was one of the main reasons that the Court ruled against me at the trial. My entire legal team was confident that Labaton would be found in condemnation of fraud.

6. On or around January 27, 2023, GANFER SHORE LEEDS & ZAUDERER, LLP (hereafter, "GSLZ"), U.S. counsel to LABATON in the above-captioned matter, added the aforementioned Minutes to their set of Interrogatories during open discovery, evincing a second mishandling of the custody of the Minutes. It is my understanding that at no time did LABATON or their counsels ever request of the prosecutor permission to use these documents either in the FRENCH TRIAL or in the above-captioned civil proceeding.

7. As the Court is aware, during the first quarter of 2023 there were many discussions between the counsels as to where my deposition was to take place. The Defendants wanted my deposition to take place in New York and I, due to ongoing health issues, requested that it occur in France. The Court eventually allowed my deposition to occur in France. I was told that there were discussions between my counsel, the Defendants' counsel and the Court regarding the Defendants' concern that if the depositions were held in France pursuant to the Federal Rules and not pursuant to the Hague convention, then I had the ability to file a criminal complaint against the Defendants and/or their counsel. However, as a matter of fact, the depositions were held in France pursuant to The Hague Convention. Nevertheless, to assuage their surprising concerns, I executed an affidavit on February 22, 2023, in which I thought I had specially agreed not to commence any criminal or other proceedings in France or elsewhere against the Defendants or their lawyers regarding any violation of French law as it pertained only to my depositions being conducted in France. I will never commence any criminal or

other proceedings in France or elsewhere against the Defendants or their lawyers regarding any violation of French law relating to my depositions conducted in France in this action.

8. Prior to executing that affidavit, I received it from my US counsels with the instruction to sign it. I trustingly signed it because it was an obvious assumption for me that my US counsel discussed it with Labaton's counsels and found the agreement acceptable. I was requested to execute it in front of a Bailiff in Paris, something which happened on February 16, 2023. Prior to its execution by me, I do not recall discussing verbally or in writing with my American or French counsel any concerns about this agreement precluding me from filing complaints against Labaton when I have been wronged or my rights have been violated, regardless of its relation to the above-captioned matter as long as it did not relate to the taking of my deposition in France. I was instructed in writing to sign it on or before February 16, 2023 by my American counsels, and I obeyed these instructions. I now know that this affidavit was drafted by Labaton's counsels, as evidenced by the transcript dated August 15, 2023. It was then forwarded to me for signature by our American counsels.

9. It was my understanding that the affidavit was to protect the Defendants and their counsel from being charged with any violations of French law as they pertained only to the taking of my deposition on France, because this was my offer on January 2023, and I was not made aware that the document addressed limitations beyond the scope of the depositions by Labaton Sucharow LLP or Mr. Christopher Keller, or their counsels, or my American counsels, or my French counsels.

10. As the Court is aware, I did file a criminal complaint against the Defendants and their counsel in France on or about March 30, 2023, pertaining to their illegal use of the Minutes at the FRENCH TRIAL and in this present civil proceeding before the Court. The criminal complaint

4

that I instituted in France had nothing to do with my deposition in France or with the above-captioned action for which the cause is fraud, and only concerned the Defendants' and their attorneys' improper and defamatory use of the Minutes in the FRENCH TRIAL and in this currently pending civil action. As is explained in the memorandum submitted by my French lawyer Mourad Battikh, this conduct by the Defendants and their counsel was a clear violation of French Criminal Law in relation to the boundaries of attorney privilege and its concealment by the American counsels of Labaton Sucharow LLP..

11. When I executed the affidavit, it was my understanding that it only pertained to not making any criminal complaints against the Defendants or their counsel as it pertained to the taking of my deposition in France. I did not understand it to mean that I could not respond to the criminal actions taken by the defendants and their counsel that have nothing to do with my deposition in France. I have never offered to sign such an affidavit in the first place.

12. I did not believe that the affidavit I signed would give the Defendants and their counsel free rein to engage in conduct against me in France with no repercussions for their illegal and defamatory actions. I have been informed by my U.S. counsel that the crux of the problem is the line in my affidavit located on page 2, paragraph 4 which states in part, "to the conduct of the Deposition or this action". My U.S. attorney was mistaken about the use of "OR" instead of "IN" in this action and was under the impression that this affidavit only pertained to my deposition in France and nothing else.

13. I respectfully bring this to the Court's attention because I want the Court to realize that it was never my intention to defraud the Court or take advantage of the Court's decision to allow my deposition in France, which was based only on medical documents signed by my Doctors in order to not put my life at risk during a long distance trip which is no more allowed for me

since well before the COVID-19 appeared as evidenced by the letter from Dr. Bruno Scotto, and is greatly appreciated. I never willingly decided to not file a criminal complaint in France against the Defendants or their counsels, except ONLY for anything relating to my deposition taken in France. I wish to the Court to know that if I thought my actions in filing the criminal complaint regarding the actions of the Defendants and their counsel was a violation of an affidavit executed by me, I would never have filed the same. I have a great respect for the sanctity of the law or else I never would have filed this present lawsuit in the pursuit of fair and equitable justice. Additionally, I would not have executed such an affidavit giving a general legal immunity in France to the Defendants or their counsels, in order to have the right to be deposed at a place where my health would not be put at risk. They have the right to file a complaint against me in France, and except for the deposition, I should have the same right. Several criminal French laws would be broken if this was not the case.

14. Before filing the criminal complaint against the defendants and their counsel in France on or about March 30, 2023, I conferred with my French counsel regarding the Defendants and their counsels conduct at the FRENCH TRIAL and in attaching the Minutes to the discovery requests in this Civil action. My French counsel informed me that both actions were a clear violation of French Criminal Law which had nothing to do with my scheduled and stipulated-to deposition in France.

15. Since I was under the impression that the affidavit I signed only pertained to prohibiting me in filing any criminal complaints in France as it pertained to my scheduled deposition, I did not request any guidance from my US counsel. I did discuss and in fact requested that my U.S. counsel file a copy of the Minutes on the Federal Docket so that the Court would know exactly what the Defendants and their counsel had done in violation of French Law. I only directed

them to file the Minutes on the docket after consultation with my French counsel who informed me that doing so would not affect the fact that what the Defendants and their counsel had done previously had violated French law.

16. I also want the Court to be aware that it was never my intention to violate the affidavit I signed or *in any way be disrespectful to this Court.*

17. Therefore I would request that since my actions, if ultimately deemed improper by this honorable Court, were not an intentional violation of my affidavit, that the Court does not take any sanction against me.

Gerard Sillam

Sworn to me before this day

_____ day of September 2023

POUR AUTORITÉ ADMINISTRATIVE ÉTRANGÈRE

Notary Public
Vu, uniquement pour la certification
Matérielle de la signature de
M. ...

15 SEP. 2023

Pour le Maire de Paris et par délégation
Le fonctionnaire de la Mairie du 16° arrdt,

Lesabete Sampaio