UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————————X

GERARD SILLAM and ALDRIC SAULINER,

               Plaintiffs,

               -against-

LABATON SUCHAROW LLP, et al.,

               Defendants.

——————————————————————————X

No. 21-CV-6675 (CM) (OTW)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/24/24

## DECISION AND ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER FOR SANCTIONS AND DENYING THE PLAINTIFF'S OBJECTIONS

McMahon, J.:

      The complaint in this action was filed by two French citizens against a U.S. law firm. It alleges a breach of an arrangement by which plaintiffs were to refer potential clients to Labaton Sucharow – a law firm well known for its work bringing securities fraud cases on behalf of plaintiffs.

      The issue before this Court arises from a discovery dispute. Op. & Order of Magistrate Judge Ona T. Wang at 1, April 22, 2024. The Plaintiffs preferred to have their depositions taken in France. *Id.* Defendants asked Judge Wang to direct Plaintiffs to appear for their depositions in the United States. *Id.* 1-2. Noting that Plaintiffs had already commenced four separate criminal proceedings against them in France arising out of the subject matter and/or conduct of this lawsuit (all of which had been dismissed after trial), Defendants were concerned that they might be subjected to additional harassing criminal charges if the depositions took place in France. *Id.* at 1-2.

      In a January 2023 status conference, Plaintiffs' then-counsel, Mr. Douglas M. Reda, Esq., told Magistrate Judge Wang that Plaintiffs would be "'willing to sign whatever they [defendants and counsel] need, they feel to be protected'" and acknowledged that the "'ultimate sanction'" would be dismissal. *Id.* at 2 (quoting ECF 81 at 24, 46, Transcript of January 25, 2023 Conference).

      Based on counsel's representations, Magistrate Judge Wang allowed Plaintiffs to be deposed either in France or remotely. *Id.* at 2. She also allowed Defendants to prepare "'affidavits or other statements or agreements from Mr. Sillam to address the concerns raised by defense counsel about frivolous proceedings brought in France, or potential frivolous proceedings brought

in France.'" *Id.* (quoting ECF 81 at 49). Magistrate Judge Wang asked that, "'The parties are to work together in good faith to agree to the particulars and logistics of the deposition.'" *Id.*

## I.     **The Declaration**

On February 16, 2023, under oath before a French official and under penalty of perjury, Plaintiffs signed the declarations (the "Declarations") prepared by Defendants. Defs.' Resp. to Pl. Sillam's Objs. to Magistrate Judge's April 22, 2024 Order, at 3, May 13, 2024. In his Declaration, Sillam agreed in relevant part:

> 4.     I will not file or pursue any type of legal proceeding in France, including but not limited to any type of criminal proceeding or criminal complaint, against Defendants, Defendants' counsel, or any persons affiliated with them, *relating directly or indirectly to the conduct of* the Deposition *or this action* . . . .

> 6.     I understand and agree that should I breach any of the promises contained in this Declaration, I will be subject to sanctions or remedial action by the New York Court, which may include (but not be limited to) monetary sanctions, injunctive relief, a directive that the Deposition be continued in New York, and/or the dismissal of this action.

> 7.     I am submitting this Declaration freely and voluntarily after having had a full opportunity to consult with my attorneys in both New York and France. I understand the terms of this Declaration, which my attorneys translated into French for my review before I signed it.

*Id.* (emphasis added).

The first session of plaintiffs' depositions took place remotely on May 5, 2023. *Id.* at 6.

## II.     **The 2023 Complaints**

On March 30, 2023, Sillam filed a complaint with a French prosecutor, who dismissed it. Pl. Gerard Sillam's Reply to Defs.' Resp. to the Obj. to Magistrate Judge's Op. & Order Dated April 22, 2024 at 2-3. On April 27, 223, Sillam re-filed the complaint with a judicial investigation.[1] *Id.* Obviously these complaints relate "directly or indirectly to the conduct of . . . this action."

It took some time for these two complaints (the "2023 Complaints") to come to light. *See* Order at 3. At the second session of his deposition, which took place remotely on May 12, 2023, Sillam testified that he filed "another complaint," referring to the March 2023 complaint, against Defendants. Defs.' Resp. at 6; Order at 8. He failed to state that the French prosecutor had dismissed the March 2023 complaint or that he had re-filed it. Defs.' Resp. at 6. When Sillam did

---

[1] The complaints are based on (1) allegedly false statements made by Defendant's French counsel at the French trial, and (2) Defendant's attachment of a police report in the Third Set of Document Requests sent to Plaintiff's U.S. attorneys after the trial. Order at n.5.

not respond to Defendants' subsequent interrogatories on the subject, Defendants turned to Magistrate Judge Wang. *Id.*

### III.     The Order to Show Cause

Magistrate Judge Wang directed Sillam to disclose anything he had filed with French authorities. *Id.* at 6; Order at 3-4. Sillam disclosed a police report[2] and the March 2023 complaint but again failed to disclose its dismissal or the refiled complaint. Defs.' Resp. at 7. At the show cause hearing, Mr. Reda stated that Sillam did not seek advice from him about whether he could file the 2023 Complaints; if he had, Mr. Reda would have advised him not to file them. Order 3-4. After reviewing written submissions from both parties and considering the discussion at the hearing, Magistrate Judge Wang made a preliminary finding that Sillam had failed to show cause that he did not breach the promises in the Declaration and allowed him to answer questions. Order at 4; Defs.' Resp. at 7. Only then did Sillam reveal that the March 2023 complaint had been dismissed and that he had re-filed it. Defs.' Resp. at 7. Magistrate Judge Wang later gave her opinion and order (the "Order"). *Id.*

Magistrate Judge Wang ordered Sillam to pay reasonable fees and costs under Rule 37(a)(5) for "(1) Defendants' drafting and negotiation (if any) of the declaration, (2) preparing for and taking Sillam's deposition, and (3) the motion practice ensuing from their discovery of the 2023 complaints." Order at 9-10. Additionally, she determined that other sanctions, including dismissal of the action, might be warranted. *Id.* at 10. She directed Defendants to file a brief as to whether sanctions under Fed. R. Civ. P. 16, 37(b), or 37(c), 28 U.S.C. § 1927, or the court's inherent authority should be ordered. *Id.* at 11. The parties have submitted their filings to Magistrate Judge Wang who is presently considering them. Defs.' Resp. at 8.

Sillam filed an objection to the Order (the "Objection") based on the alleged failure of Magistrate Judge Wang to (1) consider the context in which Sillam executed the Declaration; (2) correctly interpret the Declaration's restriction on the filing of criminal complaints and consider the merits of such complaints; and (3) acknowledge that Sillam acted in good faith and did not intend to mislead or defraud the court. Pl. Gerard Sillam's Obj. to Magistrate Judge's Op. & Order Dated April 22, 2024. Defendants submitted a response to the objection, and Sillam subsequently filed a reply.

### Discussion

### I.     The Court Should Apply a Deferential Legal Standard When Reviewing the Order

The Court has previously articulated the legal standard when reviewing an objection to a magistrate judge's order. *See Securitas Elec. Sec., Inc. v. Debon*, No. 20CIV5323CMJW, 2022 WL 633874, at *1 (S.D.N.Y Mar. 4, 2022); *In re New York City Policing During Summer 2020*

---

[2] The disclosure of this police report on ECF was the one of the bases of the 2023 Complaints. *Supra* n.1.

*Demonstrations*, No. 20-cv-8924 (CM)(GWG), 2022 WL 656808 at *2 (S.D.N.Y. Mar. 4, 2022); *Nike, Inc. v. Wu*, 349 F. Supp. 3d 363, 352-53 (S.D.N.Y. 2018):

> The scope of review employed by the district court on appeal from an order of a magistrate judge depends on whether the order is dispositive or non-dispositive. A magistrate judge's order on a dispositive matter must be reviewed by the district court *de novo* in the face of an objection. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). In reviewing a magistrate judge's order on a non-dispositive matter in the face of an objection, the district court may only modify or set aside any portion of the order which it finds to be clearly erroneous or contrary to law, which is a deferential standard. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).
>
> An order is "clearly erroneous" when the entire evidence leaves the district court "'with the definite and firm conviction that a mistake has been committed.'" *FDIC v. Providence Coll.*, 115 F.3d 136, 140 (2d Cir. 1997) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 542, 92 L. Ed. 746 (1948)). An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedures." *Thompson v. Keane*, No. 95-cv-2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996). A magistrate judge's resolution of discovery disputes deserves substantial deference. *Thompson*, 1996 WL 229887, at *1.

*Securitas Elec. Sec., Inc.*, 2022 WL 633874, at *1.

The Court should use a deferential scope of review when reviewing the Order. Sillam has not argued that the Order is dispositive, but, an order for monetary sanctions under Rule 37 for non-compliance with discovery orders is generally considered non-dispositive within the meaning of 28 U.S.C. § 636(b)(1)(A). *Thomas E. Hoar, Inc.*, 900 F.2d at 525. Therefore, the appropriate standard in reviewing the Order is whether it is clearly erroneous or contrary to law.

II.   **The Court Should Uphold the Order Imposing Monetary Sanctions Upon Sillam**

The Court upholds the Order because it is not clearly erroneous or contrary to law.

A.   **Magistrate Judge Wang Correctly Interpreted the Declaration to Cover Any Type of Criminal Proceeding, Meritless or Not, Relating to this Action**

Magistrate Judge Wang correctly determined that the Declaration plainly and unequivocally covered any criminal proceeding relating to this action and deemed the merits of the 2023 Complaint irrelevant. These findings are not clearly erroneous or contrary to law.

"Under New York law, a court must give full effect to unambiguous contract terms." *HOP Energy, L.L.C. v. Loc. 553 Pension Fund*, 678 F.3d 158, 162 (2d Cir. 2012) (citing *Greenfield v. Philles Records, Inc.,* 98 N.Y.2d 562, 569, 750 N.Y.S.2d 565, 780 N.E.2d 166 (2002)). When a contract is unambiguous, extrinsic evidence cannot alter its terms. *Id.* (citing *Chimart Assocs. v. Paul*, 66 N.Y.2d 570, 572, 498 N.Y.S.2d 344, 489 N.E.2d 231 (1986).

Magistrate Judge Wang stated that, "The language in the declarations was clear and unequivocal." Order at 5. Sillam admitted that the Declaration expressly covered any criminal proceedings relating to "this action." Pl. Obj. at 4. The 2023 Complaints relate to "this action." The Declaration did not distinguish between meritorious and frivolous complaints and was not limited to complaints relating to the Deposition. Order at 8. By signing the Declaration, Sillam affirmed that his attorneys translated it to French and that he had the opportunity to consult U.S. and French attorneys. *Id.*

Magistrate Judge Wang did consider the context and purpose of the Declaration, and her interpretation falls in line with the plain meaning of the Declaration. Order at 5. Sillam objected that the Declaration was intended to protect Defendants only from the deposition or ongoing legal proceedings. Pl. Obj. at 4. Such an excuse is directly contrary to the terms of the Declaration. Magistrate Judge Wang noted that, based on the previous criminal proceedings and Mr. Reda's assurances in January 2023, the Defendants specifically drafted the Declarations to protect themselves from "further harassment and litigation in France." Order at 5. Magistrate Judge Wang summarized: "It defies belief that Defendants would have intended to limit themselves the way Plaintiff's counsel suggests, given their past history." *Id.* at 6.

Still, Sillam argues that Magistrate Judge Wang failed to consider that Mr. Reda was not authorized to make representations that Sillam would sign "*whatever* documents the Defendants and their counsel deemed necessary for their protection" and that such representations exceeded his authority. Pl. Obj. at 3. Sillam did offer any evidence that he did not give Mr. Reda authority to make representations on his behalf. *Id.*; Pl. Reply to Defs.' Resp. at 7. In the United States, parties are bound by counsel's representations in court. N.Y. Rules of Prof'l Conduct R. 1.1, 1.2; ABA Model Rules of Prof'l Conduct R. 1.2(a) & cmt. (2020); *See Link v. Wabash R. Co.,* 370 U.S. 626, 633–34, 82 S. Ct. 1386, 1390, 8 L. Ed. 2d 734 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent."); *State by Tong v. Exxon Mobil Corp.,* 83 F.4th 122, 138 (2d Cir. 2023) ("'It is well-settled law that 'litigants are bound by the concessions of freely retained counsel.'") (quoting *Jackson v. Fed. Exp.,* 766 F.3d 189, 198 (2d Cir. 2014)). Magistrate Judge Wang affirmed that she allowed the Plaintiffs to remain in France for their depositions, "at considerable cost and inconvenience" to Defendants, based on those representations. Order at 9. The decision to sign the Declaration, which reflected Mr. Reda's broad representations, was left solely to Sillam. He signed it. End of story.

Finally, Sillam argued that the 2023 Complaints are meritorious—arguments that Magistrate Judge Wang had already deemed irrelevant. Pl. Obj. at 5; Order at 7-8. Sillam asserted that he had to file the 2023 Complaints due to a three-month statute of limitations. Pl. Obj. at 5. Magistrate Judge Wang had raised three queries based on that assertion. Order at 7-8. First, Sillam did not explain if the statute of limitations could be tolled or moved; second, Sillam did not indicate whether he was required to file the 2023 Complaints apart from explaining the concerns over the statute of limitations; and third, Sillam failed to demonstrate how the merits excused his breach of promise. Order at 7-8. Sillam failed to address any of these concerns in his Objection or in his reply. Pl. Obj. at 5; Pl.'s Reply to Defs.' Resp. at 7-8. Importantly, the Declaration did not create

exceptions for meritorious complaints. Order at 8. Sillam agreed not to file any criminal proceeding relating in any way to this lawsuit. That admits no exceptions.

Thus, Magistrate Judge Wang's interpretation that the Declaration prohibited Sillam, as a condition of being deposed in France, from filing any new criminal proceedings relating to this lawsuit was neither clearly erroneous nor contrary to law.

## B. Magistrate Judge Wang Correctly Determined that Sillam Acted in Bad Faith

Magistrate Judge Wang also concluded that Sillam acted in bad faith and intentionally breached the promises in the Declaration, for five reasons. Her determination in this regard is also not clearly erroneous or contrary to law.

First, Sillam incorrectly argued that the wrong standard for finding bad faith for sanctions applied. Sillam argued that there was "no clear evidence or high degree of specificity in the factual findings" that he acted in bad faith. Pl. Reply to Defs.' Resp. at 5 (citing *Cretella v. Liriano*, 370 F. App'x 157, 159 (2d Cir. 2010); *Wolters Kluwer Fin. Servs. V. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009)). He thus argued that he cannot be subject to sanctions. *Id.* However, Sillam stated the standard for finding bad faith when the court imposes sanctions *under its inherent authority*; it is not the standard under Fed. R. Civ. P. 37(a)(5), which does not require a finding of bad faith.

Second, Sillam failed to demonstrate that he relied upon his counsel's interpretation that the Declaration did not cover the 2023 Complaints in good faith. Sillam asserted that, before Sillam signed the Declaration, Mr. Reda advised him that the Declaration only covered complaints arising from the deposition. Pl. Obj. at 2. But Mr. Reda himself indicated to Judge Wang that, had he been aware of his client's intent to file the complaints, he would have advised against it. Def. Resp. to Pl. Obj. at 7. And the plain language of the Declaration is to the contrary.

Sillam cited *Abromavage v. Deustche Bank Sec., Inc.*, No. 18-CV-6621 (VEC), 2019 WL 6790513 (S.D.N.Y. Dec. 11, 2019), which explained that, when asserting an advice-of-counsel defense: "[A] party must show that he (1) 'honestly and in good faith' sought the advice of counsel; (2) 'fully and honestly la[id] all the facts before his counsel'; and (3) 'in good faith and honestly follow[ed]' counsel's advice, believing it to be correct and intending that his acts be lawful." Pl. Obj. at 6 (citing *Abromavage*, No. 18-CV-6621, at *3) (quoting *United States v. Colasuonno*, 697 F.3d 164, 181 (2d Cir. 2012)). Sillam admitted to an "absence of specific consultation between Sillam and Mr. Reda prior to filing the 2023 Complaints." Pl. Reply to Defs.' Resp. at 6. And Mr. Reda's own statements, which this court is inclined to credit, demonstrate that Sillam most certainly did not fully and honestly lay all the facts before his American attorney. Def. Resp. to Pl. Obj. at 7. Magistrate Judge Wang relied upon this absence of inquiry to determine that Sillam acted in bad faith. Order at 8.

Third, Sillam was not forthcoming about the 2023 Complaints in the deposition or in response to Magistrate Judge Wang's order to show cause. Order at 8-9; Defs.' Resp. at 6-7. Sillam contended that he did not disclose the 2023 Complaints because he did not realize that they

breached the Declaration. Pl. Reply to Defs.' Resp. at 4. Frankly, I find this as ridiculous as Judge Wang did. It is conclusive evidence of bad faith.

Fourth, Mr. Reda's failure to translate the Declaration into French before Sillam signed it does not show Sillam's lack of bad faith. Sillam affirmed that the Declaration had been translated by signing it. Moreover, Sillam did not show how the failure to translate the Declaration excused his breach of promise (which the opposite had happened). Pl. Obj. at 3-4; Pl.'s Resp. to Def.'s Resp at 6-7. Additionally, as Defendants point out, even if the Declaration had not been translated, Sillam emailed with Defendants in English and has filed several affidavits in this action in English. Defs.' Resp. to Pl.'s Obj. at 11. He obviously speaks English. If he were in any doubt about the meaning of the document he was being asked to sign, he had the means and the ability to get it translated himself.

Fifth, Sillam argued that his good faith was demonstrated by his decision to "abstain from initiating legal actions in France concerning the depositions or ongoing legal action." Pl. Reply to Defs.' Resp. at 5. However, when a contract is unambiguous, "a party's subjective intent and understanding of the terms is irrelevant." *Energy, L.L.C.*, 678 F.3d at 162. Sillam did not show that his subjective understanding of the Declaration or his decision to refrain from filing other complaints demonstrated that he did not act in bad faith. He made a conclusory statement unsupported by any authority.

Magistrate Judge Wang's finding that Sillam acted in bad faith and intentionally broke his promises were not clearly erroneous or contrary to law.

For these reasons, her order directing that Sillam be sanctioned is AFFIRMED and Sillam's objections to that order are OVERRULED.


Future Misconduct Warning

I include the following section to inform Magistrate Judge Wang's consideration of whether further sanctions should be imposed.

Sillam's behavior throughout this lawsuit has been, to put it mildly, difficult. Either it stops now or he cannot maintain this lawsuit.

Sillam chose to sue the Labaton firm in the Southern District of New York – not in France. He deliberately availed himself of this court's jurisdiction. By doing so he elected to be bound by the rules that apply to every litigant in this district and this country.

A party who brings a lawsuit in this district is required to adhere to the Federal Rules of Civil Procedure and the Joint Local Rules of the E.D.N.Y. and the S.D.N.Y. Fed. R. Civ. P. 1; Fed. R. Civ. P. 83; Local Rule 1.1; *Contino v. United States*, 535 F.3d 124, 126 (2d Cir. 2008) ("Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution."). Similarly, the Second Circuit has warned parties that "'all litigants . . . have an obligation to comply with court orders.'" *Minotti v. Lensink*, 895 F.2d 100,

103 (2d Cir. 1990) (quoting *McDonald v. Head Crim. Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir.1988)).

This court will not tolerate further abusive behavior on his part. Abusive behavior includes filing lawsuits or criminal action in France that relate in any way to this lawsuit, including those that allege practices followed in this court and orders of this court are illegal under French law. If Sillam is not willing to comply with the rules applicable to all litigants in this court, we will have no choice but to dismiss the lawsuit that he chose to file here. Dismissal is an allowable sanction under Fed. R. Civ. P. 37(b)(2).

I do not issue this warning lightly. I do so because it is necessary to warn a party of the consequences of non-compliant or contumacious behavior:

> Several factors are considered when weighing whether to "impose [discovery] sanctions pursuant to [Rule 37(b)(2)], including '(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and *(4) whether the non-compliant party had been warned of the consequences of noncompliance.*'" *S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)).

*Sapia v. Home Box Off.*, No. 18 CIV 1317(CM), 2022 WL 769798, at *9 (S.D.N.Y. Mar. 14, 2022) (emphasis added).

Although a specific warning about the risk of dismissal is not required, *see Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1366 (2d Cir. 1991) ("Although formal warnings often precede the imposition of serious sanctions, [the Second Circuit] has never considered warnings an absolute condition precedent."), the Second Circuit and this Court have considered whether a specific warning had been given when reviewing orders of sanctions. *See Agiwal* 555 F.3d at 303 (affirming sanctions after plaintiff "defied all [court] orders, each of which warned of the possibility of sanctions, including dismissal"). *Contra In Re Charles DeGennaro, III*, No. 20 CIV. 7958 (CM), 2020 WL 7231945, at *11 (S.D.N.Y. Dec. 8, 2020) ("There is no indication that DeGennaro was aware of the specific sanctions that he would be facing before the court imposed them at the August 27 hearing.").

The prospect of further sanctions, up to and including dismissal of the complaint, is particularly important in this case. Sillam chose to file a lawsuit in this court. He deliberately subjected himself to our rules and processes. Sanctioning him for refusing to cooperate and/or comply with our rules and orders -- including by dismissing his case – will not only constitute just punishment for Sillam's misbehavior; it will send a message to others who choose to file lawsuits in our country's courts only to abuse the very process they have invoked. As the Supreme Court has noted, "The most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in

the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S. Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (per curiam), *see also*, *Valentine v. Museum of Mod. Art*, 29 F.3d 47, 49–50 (2d Cir. 1994). Sanctions under Fed. R. Civ. P. 37 serve as both general and specific deterrents. *See Ocello v. White Marine, Inc.*, 347 F. App'x 639, 642 (2d Cir. 2009) (noting that severe sanctions "advance[] the significant general deterrent effect that Rule 37 is intended to serve") (citing *Nat'l Hockey* League, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). "[C]ourts are free to consider the general deterrent effect their orders may have on the instant case and on other litigation, provided that the party on whom they are imposed is, in some sense, at fault." *Cine Forty–Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir.1979). The Second Circuit has acknowledged the deterrent effect of sanctions when warning parties. *See Jolly v. Excelsior Coll.*, No. 21-2930-CV, 2023 WL 545086, at *2 (2d Cir. Jan. 27, 2023) (warning the party about sanctions for filing frivolous suits while acknowledging that such sanctions would deter such behavior).

If Sillam, having availed himself of this court's good offices, engages in further obstructive harassing behavior, including but not limited to the filing of proceedings alleging that compliance with this court's orders and procedures are prosecutable as crimes in his home country, or if he fails to comply promptly and fully with any order issued by this court ("this court" includes Magistrate Judge Wang), he will be required to show cause why this lawsuit should not be dismissed. An order to show cause is needed because, "Parties must be given notice and an opportunity to respond before a cause of action, or potential remedy, is dismissed as a sanction for failure to comply with court orders." *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 160 (2d Cir. 2012); *See also Vanceah v. Dendy*, No. 22-1864, 2023 WL 4199034, at *2 (2d Cir. June 26, 2023) ("[Plaintiff] Vanceah received sufficient notice of the consequences of noncompliance with discovery orders.").

Finally, no further discovery shall take place in France or remotely. If Sillam can file a lawsuit here, he can be deposed, respond to discovery requests and produce documents here.

This constitutes the decision and order of the court. It is a written decision.

Dated: June 24, 2024

_____

U.S.D.J.

BY ECF TO ALL COUNSEL

9