UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
ALDRIC SAULNIER,

           Plaintiff,

           -against-

LABATON SUCHAROW LLP, *et al.*,

           Defendants.
------------------------------------------------------------x

21-CV-6675 (CM) (OTW)

**OPINION & ORDER**

**ONA T. WANG, United States Magistrate Judge:**

The Court has reviewed ECF Nos. 199 and 200. Plaintiff's motion for substitution is **DENIED** without prejudice to renewal when a personal representative for Mr. Keller's estate has been appointed.

A Court may, in its discretion, grant a motion for substitution under Rule 25(a)(1) if: (1) the motion is timely filed within 90 days of a statement or suggestion of death; (2) the claims survive the decedent's death; and (3) the party sought to be substituted for the decedent is "a proper party." *Biatiu v. Specialized Loan Servicing LLC*, 19-CV-822 (RA), 2019 WL 5448702, at *1 (S.D.N.Y. Oct. 24, 2019) (citing *Lai Yoong Low v. Tian Yu Inc.*, 12-CV-7237 (HBP), 2015 WL 1011699, at *2 (S.D.N.Y. Mar. 9, 2015)). *See* Fed. R. Civ. P. 25(a)(1). To be a "proper party," a proposed substitute must be either the decedent's successor or representative under the law of the forum state. Fed. R. Civ. P. 25(a)(1); *Natale v. Country Ford Ltd.*, 287 F.R.D. 135, 137 (E.D.N.Y. 2012). In New York State, a deceased party's estate is neither a successor nor a legal representative of the decedent. *Biatiu*, 2019 WL 5448702, at *2; *Natale*, 287 F.R.D. at 137; *Roe v. City of New York*, 00-CV-9062 (RWS), 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003).

On April 3, 2025, Defendants filed a Suggestion of Death notifying the Court that Defendant Christopher Keller had died.  (ECF 192).  On June 30, 2025, Plaintiff timely filed his motion to substitute "the Estate of Christopher J. Keller" as a Defendant in this action.  (ECF 199).  Although Plaintiff's motion is timely, Mr. Keller's Estate is not a proper party to this action.  *See Biatu*, 2019 WL 5448702, at *2.  Indeed, Defendants advise the Court that "no personal representative for Mr. Keller's estate has been appointed as yet."  (ECF 200).

Accordingly, Plaintiff's motion for substitution is **DENIED** without prejudice to renewal when a personal representative for Mr. Keller's estate has been appointed.  The parties are **ORDERED** to file a joint status letter on the docket by **Friday, August 29, 2025**, informing the Court whether such representative has been appointed.

The Clerk of Court is respectfully directed to close ECF 199.

**SO ORDERED.**

Dated: July 17, 2025,
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge